# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| Uniloc 2017 LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Apple Inc.,<br><br>　　　　　Defendant. | Civil Action No. 6:19-cv-532-ADA<br><br>**<u>Jury Trial Demanded</u>** |

## DEFENDANT APPLE INC.'S
## <u>ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT</u>

Defendant Apple Inc. ("Apple") answers Plaintiff Uniloc 2017 LLC's ("Uniloc") Original Complaint for Patent Infringement ("Complaint") as follows.

### THE PARTIES

1.　　Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1of the Complaint, and therefore denies them.

2.　　Apple admits that it is a California corporation. Apple admits that it has offices located at 12535 Riata Vista Circle, Austin, TX 78727 and 5501 West Parmer Lane, Austin, TX 78727. Apple admits that it designs and sells certain products that use versions of iOS or macOS in the United States. Apple admits that it has two retail stores located in the Western District of Texas. Apple admits that CT Corporation System is a registered agent for service of process of Apple. Apple denies the remaining allegations of paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.　　Apple admits that Uniloc's Complaint purports to arise under the United States patent laws. Apple admits that this Court has subject matter jurisdiction over patent law claims.

1

Apple denies infringement and any and all relief Uniloc is seeking.

4. Apple denies infringement and any and all relief Uniloc is seeking.

5. Apple does not contest at this time, and solely for the purpose of the present litigation, whether venue over it properly lies in this District, but Apple denies that venue in this District is convenient and Apple reserves the right to seek transfer to a more appropriate or convenient forum. The remaining allegations in Paragraph 5 constitute conclusions of law and no response of Apple is required; to the extent an answer is required, Apple denies the allegations.

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 6,467,088

6. Apple repeats and incorporates each and every response to the allegations in paragraphs 1-5 as if fully set forth herein

7. Apple admits that U.S. Patent No. 6,467,088 (the "'088 patent") is titled "RECONFIGURATION MANAGER FOR CONTROLLING UPGRADES OF ELECTRONIC DEVICES" and lists the issue date on the face of the patent as October 15, 2002. Apple admits that what appears on its face to be a copy of the '088 patent is attached to the Complaint as Exhibit A. Apple denies that the '088 patent was properly issued. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, and therefore denies them.

8. Apple denies the allegations of paragraph 8 of the Complaint.

9. Apple denies the allegations of paragraph 9 of the Complaint.

10. Apple admits that it has or does import, use, offer for sale or sell certain products in the United States. Apple admits that certain of its products run iOS or macOS operating systems. Apple denies the remaining allegations of paragraph 10 of the Complaint.

11. Apple denies the allegations of paragraph 11 of the Complaint.

12. Apple denies the allegations of paragraph 12 of the Complaint.

13. Apple denies the allegations of paragraph 13 of the Complaint.

14. Apple denies the allegations of paragraph 14 of the Complaint.

15. Apple denies the allegations of paragraph 15 of the Complaint.

16. Apple denies the allegations of paragraph 16 of the Complaint.

17. Apple denies the allegations of paragraph 17 of the Complaint.

18. Apple denies the allegations of paragraph 18 of the Complaint.

19. Apple denies the allegations of paragraph 19 of the Complaint.

20. Apple admits that it has been served with the Complaint in Case No. 1:19-cv-00296-LY asserting infringement of the '088 patent. Apple denies the remaining allegations of paragraph 20 of the Complaint.

21. Apple admits that it filed a petition for *inter partes* review of claims 1-21 of the '088 patent (IPR2019-00056) on multiple grounds.

22. Apple admits that the Patent Trial and Appeal Board ("PTAB") declined to institute *inter partes* review of IPR2019-00056, but denies that Plaintiff's characterizations of the PTAB's decision is complete or accurate. It remains Apple's position that the patent is invalid. To the extent paragraph 22 alleges the patent to be valid over any prior art, including over the prior art and specific unpatentability positions taken by Apple in its *inter partes* review petition, Apple denies the remaining allegations of paragraph 22.

23. Apple denies the allegations of paragraph 23 of the Complaint.

24. Apple denies the allegations of paragraph 24 of the Complaint.

## PRAYER FOR RELIEF

25. The Prayer for Relief requires no response. To the extent any response is required, Apple denies that Uniloc should be granted any of the relief requested.

## DEMAND FOR JURY TRIAL

26. The Jury Demand requires no response.

## GENERAL DENIAL

To the extent any allegations in the Complaint are not specifically admitted, Apple denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Apple alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to its responses above, Apple reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

The patent-in-suit is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

Apple does not and has not infringed any valid claim of the patent-in-suit either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Uniloc's claims for damages for infringement of the patent-in-suit are limited pursuant to 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (Patent Marking)

Uniloc's claims for damages for infringement of the patent-in-suit are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the patent-in-suit, Uniloc is estopped from claiming a construction of one or more claims of the patent-in-suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold, offered for sale, or imported by Apple.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy Other Than Injunctive Relief)

Uniloc is not entitled to injunctive relief because any alleged injury to Uniloc is not immediate and irreparable, Uniloc cannot show likelihood of success on the merits, or Uniloc has an adequate remedy at law.

## RESERVATION OF ADDITIONAL DEFENSES

Apple reserves the right to assert additional defenses which become apparent during discovery, including, but not limited to, the defenses of unclean hands, patent misuse, waiver, equitable estoppel, and inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Apple prays for relief as follows:

A. That Plaintiff's Complaint against Apple be dismissed in its entirety with prejudice and that a judgment be entered in favor of Apple and against Plaintiff;

B. That Plaintiff take nothing by reason of its Complaint;

C. That the Court enter an order denying any and all of Plaintiff's request for injunctive relief against Apple;

D. That the Court enter an order under 35 U.S.C. § 285, awarding Apple its reasonable attorney's fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

E. That Apple be granted all such other and further relief as the Court deems just and proper.

## JURY DEMAND

Apple demands a trial by jury on all claims and defenses so triable.

Dated: October 3, 2019

Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
Brian K. Erickson
Texas Bar No. 24012594
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com
brian.erickson@dlapiper.com

**ATTORNEYS FOR DEFENDANT APPLE INC.**

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of October 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ John M. Guaragna*
John M. Guaragna