UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC § | |
| § | |
| vs. § | NO:  WA:19-CV-00532-ADA |
| § | |
| APPLE INC. § | |

## ORDER GOVERNING PROCEEDINGS – PATENT CASE

This Order shall govern proceedings in this case.  The following deadlines are hereby set:

1. This case is SET for a telephonic Rule 16 Case Management Conference on Wednesday, October 30, 2019 at 10:20 a.m..  Participants shall dial into the following number 5 minutes before the scheduled time: **866.434.5269; access code 9678090**.  Lead counsel for each party, and all unrepresented parties, shall be present.  Client representatives are welcome to attend, but such attendance is not required.  The Court expects the parties to be prepared to discuss:

   a. an overview of the claims and defenses, including any unique issues the parties believe should be addressed at this stage of the case;

   b. issues involving the case schedule and potential amendments to the Court's default scheduling order, including the date for the *Markman* Hearing;

   c. issues relating to claim construction, including whether a live tutorial would be of benefit to the Court;

   d. issues relating to discovery, including potential amendments to the Court's default discovery limits or Protective Order; and,

   e. any other issues the parties believe would lead to the just, speedy and inexpensive determination of this action.

2. (Not later than 7 business days before the CMC).  Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the priority date (*i.e.* the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

3. (Not later than 3 business days before the CMC).  Lead counsel for each party shall meet and confer (either in person or by telephone), to discuss whether they believe the Court's default Scheduling Order and default Discovery Limits are appropriate for this case, and

any issues relating to the management of this case they intend to raise at the CMC.

4. (Two weeks after the CMC).  The Parties shall submit an agreed Scheduling Order.  If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings.

5. (Seven weeks after the CMC).  Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe.

## DISCOVERY

Except with regard to discovery necessary for claim construction, all other discovery is stayed until after the *Markman* hearing.  Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant.

Following the *Markman* hearing, the following discovery limits will apply to this case.  The Court will consider reasonable requests to increase these limits should circumstances warrant.

1. Interrogatories:  30 per side
2. Requests for Admission:  45 per side
3. Requests for Production:  75 per side
4. Fact Depositions:  70 hours per side (for both party and non-party witnesses combined)
5. Expert Depositions:  7 hours per report[1]

**Electronically Stored Information**.  As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause.  If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search.  The opposing party can oppose, or propose an alternate plan.  If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

---

[1] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.

## DISCOVERY DISPUTES

A party may not file a Motion to Compel discovery unless: (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court (with opposing counsel) to arrange a telephone conference to summarize the dispute and the parties respective positions.  After hearing from the parties, the Court will determine if further briefing is required.

## PROTECTIVE ORDER

Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information in this matter:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).
>
> If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure.  The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

## CLAIM CONSTRUCTION ISSUES

**Terms for Construction**.  The Court does not have a specific limit on the number of asserted claims or claim terms to be construed; however, the Court encourages the parties to focus on their top ten claim terms in order of importance.  In cases with an unusually large number of patents or asserted claims, the Court may revisit this topic and will be open to suggestions from the parties.

**Claim Construction Briefing**.  The Court will require simultaneous claim construction briefing with the following default page limits; however, the Court will entertain reasonable requests to increase the limits should circumstances warrant:

1. Opening Briefs – 30 pages
2. Responsive Briefs – 30 pages
3. Reply Briefs – 15 pages

Unless otherwise agreed by the parties, all simultaneous filings will take place at 5:00 p.m. CT.

**Conduct of the Markman Hearing**. The Court intends to set aside one half day for the *Markman* hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties.  The Court is open to the presentation of live technology tutorials when they may be of benefit.  The Court will consider the parties suggestions on the order of argument at the Markman hearing.  However, if the parties do not suggest a different procedure, the Court will allow the Plaintiff to pick the first term and then alternate by term.  As a general rule, if one side proposes "plain and ordinary meaning" as its construction or asserts that a term is indefinite, the other party shall go first.

## GENERAL ISSUES

1. The Court does not have a limit on the number of motions for summary judgment (MSJs); however, absent leave of Court, the cumulative page limit for Opening Briefs for all MSJs is 50 pages per side.

2. The Court encourages the submission of briefs longer than 10 pages via audio file so that the Court can listen to the arguments.  The Court considers the submission of audio files particularly useful with regard to claim construction briefing.  The recordings shall be made in a neutral fashion, citations and legal authority sections need not be read as part of the recording, and each such file shall be served on opposing counsel.  Counsel should contact chambers for procedures to submit audio files.

3. The Court will entertain reasonable requests to streamline the case schedule and discovery and encourages the parties to contact the Court (with opposing counsel) when such interaction might help streamline the case.

      ORDERED this 4th day of October, 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

APPENIDX A – DEFAULT SCHEDULE

| Deadline | Item |
|---|---|
| 7 business days before CMC | Plaintiff serves preliminary infringement[2] contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | Deadline for Motions to Transfer |
| 7 weeks after CMC | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe. |
| 9 weeks after CMC | Parties exchange claim terms for construction. |
| 11 weeks after CMC | Parties exchange proposed claim constructions. |

[2] The parties may contend preliminary infringement contentions and preliminary infringement invalidity contentionswithout leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so reasonably upon identifiying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| 12 weeks after CMC | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore.  A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
|---|---|
| 13 weeks after CMC | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | Parties file Responsive claim construction briefs. |
| 19 weeks after CMC | Parties file Reply claim construction briefs. |
| 20 weeks after CMC | Parties submit Joint Claim Construction Statement and consolidated briefing collated by Opening, Response, and Reply in Microsoft Word format.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 23 weeks after CMC (or as soon as practicable) | Markman Hearing at [9:00 a.m. or 1:00 p.m.] |
| 1 week after Markman hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after Markman hearing | Deadline to add parties. |
| 8 weeks after Markman hearing | Deadline to serve Final Infringement and Invalidity Contentions. |

| 12 weeks after Markman hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. |
|---|---|
| 24 weeks after Markman hearing | Close of Fact Discovery. |
| 25 weeks after Markman hearing | Opening Expert Reports. |
| 29 weeks after Markman hearing | Rebuttal Expert Reports. |
| 32 weeks after Markman hearing | Close of Expert Discovery. |
| 33 weeks after Markman hearing | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue. The parties shall file a report within 5 business days regarding the results of the meet and confer. |
| 34 weeks after Markman hearing | Dispositive motion deadline and *Daubert* motion deadline. |
| 36 weeks after Markman hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 38 weeks after Markman hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 39 weeks after Markman hearing | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| 40 weeks after Markman hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 41 weeks after Markman hearing | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |

| | |
|---|---|
| 43 weeks after Markman hearing (or as soon as practicable) | Final Pretrial Conference.  The Court expects to set the Pretrial Conference within 2-4 weeks of the trial date. |
| 44-47 weeks after Markman hearing (or as soon as practicable) | Jury Selection/Trial.  The Court expects to set this date at the conclusion of the *Markman* Hearing. |