**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:19-cv-532<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

**APPLE INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   THE LONG HISTORY BETWEEN APPLE AND UNILOC ......................................... 2

      A.    Twenty-One Uniloc Cases Against Apple Already Have Been Transferred
              From Texas To The NDCA. ....................................................................... 2

      B.    The Subject Matter of the Current Case ................................................... 4

      C.    Uniloc ...................................................................................................... 5

      D.    Apple ....................................................................................................... 6

III.  LEGAL STANDARD ........................................................................................... 7

IV.  THE NDCA IS CLEARLY THE MORE CONVENIENT VENUE................................ 8

      A.    The Private Interest Factors Favor Transfer ............................................ 8

            1.    Relative Ease of Access to Sources of Proof ............................... 8

            2.    Availability of Compulsory Process ...................................... 11

            3.    Attendance of Willing Witnesses............................................ 13

            4.    All Other Practical Problems that Make Trial of a Case Easy,
                    Expeditious, and Inexpensive ................................................. 16

      B.    The Public Interest Factors Favor Transfer ....................................... 18

            1.    Court Congestion Is, At Worst, Neutral.................................... 18

            2.    Local Interests Strongly Favor Transfer .................................. 18

            3.    Familiarity With The Governing Law And Conflicts Of Law Are
                    Neutral.................................................................................. 19

V.    CONCLUSION................................................................................................ 19

WEST\288372021.2

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*ADS Sec. L.P. v. Adv. Detection Sec. Servs., Inc.*,
   No. A-09-CA-773-LY, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010) ...............................15

*Aguilar-Ayala v. Ruiz*,
   973 F.2d 411 (5th Cir. 1992) ...................................................................................................12

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
   No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016)....................................8, 13

*Collaborative Agreements, LLC. v. Adobe Sys., Inc.*,
   No. 1-14-CV-356, 2015 WL10818739 (W.D. Tex. Aug. 21, 2015) ...................................9, 11

*DataQuill, Ltd. v. Apple Inc.*,
   No. 13-ca-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ...................................9, 16, 18

*Datascape, Ltd. v. Dell Techs., Inc.*,
   No. 6:19-cv-00129, 2019 WL 4254069 (W.D. Tex. June 7, 2019)...................................18, 19

*Fintiv, Inc. v. Apple Inc.*,
   No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ......................................15

*Gemalto S.A. v. CPI Card Grp. Inc.*,
   No. CV A-15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) ............................11

*In re Acer America Corp,*,
   626 F.3d 1252 (Fed. Cir. 2010).................................................................................................16

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) ........................................................................................8, 14

*In re Eli Lilly & Co.*,
   541 F. App'x 993 (Fed. Cir. 2013) ...........................................................................................17

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009).......................................................................................... passim

*In re Hoffman-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)...........................................................................................11, 18

*In re HP Inc.*,
   No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) .............................................8, 15

*In re Nintendo Co., Ltd.*,
   589 F.3d 1194 (Fed. Cir. 2009)............................................................................................8, 16

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014)......................................................................................8

*In re TS Tech USA Corp.*,
   551 F.3d. 1315 (Fed. Cir. 2008)...........................................................................8, 14, 19

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) ........................................................................7, 8, 14, 16

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................7, 8, 14, 19

*Peak Completion Techs. Inc. v. I-TEC Well Solutions, LLC*,
   No. A-13-CV-086-LY, 2013 WL 12121002 (W.D. Tex. June 26, 2013) ..............................16

*Polaris Innovations Ltd. v. Dell, Inc.*,
   No. 16-cv-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ...................................10, 11, 15

*TracBeam, LLC v. Apple Inc.*,
   No. 6:14-cv-680, 2015 WL 5786449 (E.D. Tex. Sept. 29, 2015)...........................................12

*Transunion Intelligence LLC v. Search Am., Inc.*,
   No. 2:10-CV-130, 2011 WL 1327038 (E.D. Tex. Apr. 5, 2011)...........................................18

*Uniloc 2017 LLC v. Apple Inc.*
   1-18-cv-00989...........................................................................................................4

*Uniloc 2017 LLC v. Apple Inc.*
   1-18-cv-00991...........................................................................................................4

*Uniloc 2017 LLC v. Apple Inc.*
   1-18-cv-00992...........................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00158...........................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00159...........................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00161...........................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00163...........................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00164...........................................................................................................4

WEST\288372021.2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00166 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00293 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   1-18-cv-00296 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-16-cv-00638 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00454 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00455 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00457 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00469 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00470 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00522 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00534 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00535 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00571 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*
   2-17-cv-00708 ...................................................................................................4

*Uniloc USA, Inc. et al v. Apple Inc.*,
   No. 2:17-cv-00258-JRG, Dkt. No. 104 (E.D. Tex. Dec. 22, 2017) ...................................4, 12

*Uniloc USA, Inc., et al v. Apple Inc.*,
   No. 3:18-cv-00360-WHA, N.D. Cal., Dkt. No. 168-3.........................................................13

WEST\288372021.2

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Uniloc USA Inc., et al. v. LG Elecs. USA, et al.*,
No. 4:17-cv-00858, 2018 WL 341975 (N.D. Tex. May 14, 2018)..........................................10

*Uniloc USA, Inc. v. Apple Inc.*,
No. 18-CV-990-LY, 2019 WL 2066121 (W.D. Tex. Apr. 8, 2019) (J. Yeakel) ............ passim

*Uniloc USA Inc. v. Box, Inc.*,
No. 1:17-cv-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018) .................................9, 18

*Via Vadis, LLC v. Netgear, Inc.*,
No. 14-cv-809, 2015 WL 10818675 (W.D. Tex. July 30, 2015)............................................15

*Wet Sounds, Inc. v. Audio Formz, LLC*,
No. 17-cv-141, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017), report and
recommendation adopted, No. 1:17-cv-141, 2018 WL 1219248 (W.D. Tex.
Jan. 22, 2018).......................................................................................................8, 11, 15, 18

*XY, LLC v. Trans Ova Genetics, LC*,
16-cv-00447, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..............................................9, 17

**STATUTES**

28 U.S.C. § 1404(a) .........................................................................................................1, 16, 17

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 45(c)(1)(A), (B)................................................................................................11

Pursuant to 28 U.S.C. § 1404(a), Apple hereby moves to transfer this case to the Northern District of California ("NDCA").

## I.  INTRODUCTION

This Motion to Transfer follows the well-trodden path of twenty-one other cases filed by Uniloc against Apple in Texas, and transferred pursuant to 28 U.S.C. § 1404(a) to the NDCA. For the same reasons those cases were transferred and more, it would be clearly more convenient to litigate this case there as well.

In 2016 and 2017, Uniloc filed its first dozen cases against Apple in the Eastern District of Texas.  Apple moved to transfer those cases to the NDCA, and Uniloc opposed with representations of its own presence in that district.  That hoax was debunked when, on December 22, 2017, Judge Gilstrap found those representations to contradict the actual facts of Uniloc's presence, to "fly in the face of Uniloc's prior representations," and to be "troubling, particularly because they are not isolated exceptions."[1]  Applying controlling Fifth Circuit precedent, Judge Gilstrap transferred ten of the cases to the NDCA (all but two that were stayed pending *inter partes* review and went on to have all patents invalidated).

In 2018, Uniloc filed its second dozen cases against Apple, in this District ("the 2018 WDTX Cases").  Apple again moved to transfer.  Uniloc opposed with empty conjecture that it would demonstrate that Apple had a relevant presence in Texas.  (Dkt. No. 55 (18-cv-158).) Uniloc was given written venue discovery, document venue discovery, and up to ten venue depositions.  (Dkt. Nos. 40, 51 (18-cv-158).)  The facts, however, were what they were, and revealed what Apple attested to from the outset.  Again applying controlling Fifth Circuit precedent, Judge Yeakel transferred these cases to the NDCA.

---

[1] *See* Declaration of John M. Guaragna In Supp. of Mot. to Transfer ("Guaragna Decl."), Ex. 1, 2:17-cv-00258-JRG, Dkt. No. 104, pp. 16-17 ("Gilstrap Order").

This case should follow the path of those in Apple's earlier motions to transfer not just because it is similar to them, but because it *is* one of them.  Amongst the dozen cases Uniloc filed in 2018 in this District is Case No. 1:18-cv-00296-LY (the "-296 Case"), in which Uniloc sued Apple on the very same patent and very same claims as in this case.  The only reason it was not addressed by Judge Yeakel's orders on transfer is because Uniloc voluntarily dismissed the case before briefing was complete.  (Dkt. No. 37 (18-cv-296).)

Judges Gilstrap and Yeakel's sound reasoning in transferring the prior Uniloc cases against Apple to the NDCA applies equally here.  As in the earlier twenty-one cases, Apple's likely witnesses here—Dana Dubois in engineering, Deidre Caldbeck in marketing, Brian Ankenbrandt in licensing, and Michael Jaynes in finance—all reside in the Northern District of California.  And Uniloc's likely witnesses are also in California:  Craig Etchegoyen (CEO), Drake Turner (CFO), Mike Ford (technology platform engineer), Michele Moreland (licensing officer, Fortress employee), Erez Levy (same), and James Palmer (same).  However, there is even greater support for transfer here given the judicial economy that will be achieved by having all of the Uniloc cases against Apple handled in a single venue (the NDCA).  Accordingly, Apple respectfully requests that the Court transfer this case to the NDCA.

## II.    THE LONG HISTORY BETWEEN APPLE AND UNILOC

### A.    Twenty-One Uniloc Cases Against Apple Already Have Been Transferred From Texas To The NDCA.

This is the twenty-fourth case Uniloc has filed against Apple in Texas.  Over Uniloc's objections, twenty-one of those cases have been transferred to the NDCA under 1404(a) and are currently pending there.  Two cases in the Eastern District of Texas were stayed pending IPRs—finding all claims invalid—and were therefore not included in those transfer decisions.  But there is no reason to believe they would not also be transferred if those stays are ever lifted.

2

Of particular relevance here is the fact that the present case is actually a retread of a prior case Uniloc filed against Apple in this District in 2018 with the very same patent and the very same asserted claims.  That case (the -296 Case) most certainly would also have been transferred if Uniloc had not voluntarily dismissed it before Judge Yeakel addressed the transfer arguments in the other co-pending Uniloc cases.  Indeed, when evaluating facts nearly identical to those presented in the current case, both Judge Yeakel and Judge Gilstrap concluded that the NDCA was the clearly more convenient venue for the pending disputes between Uniloc and Apple.  (*See* Ex. 1,[2] Gilstrap Order; *Uniloc USA, Inc. v. Apple Inc.*, No. 18-CV-990-LY, 2019 WL 2066121 (W.D. Tex. Apr. 8, 2019) (J. Yeakel)).)

In addition, the transfer proceedings in those earlier cases demonstrated that Uniloc had been less than forthcoming with evidence regarding its connections to California—and lack of connections to Texas.  (Ex. 1, Gilstrap Order at pp. 3, 6-7.)  In light of what Apple has learned about Uniloc through venue discovery, transfer is even more appropriate now.

For ease of reference, the following table summarizes the prior Uniloc cases against Apple in Texas and the results of the disputed transfer motions.

| Filing Date | Case | Original Court | Transfer Disposition |
|---|---|---|---|
| 11/17/18 | *Uniloc 2017 LLC v. Apple Inc.* 1-18-cv-00989 | WD TX | Transfer to NDCA (4/8/19) |
| 11/17/18 | *Uniloc 2017 LLC v. Apple Inc.* 1-18-cv-00990 | WD TX | Transfer to NDCA (4/8/19) |
| 11/17/18 | *Uniloc 2017 LLC v. Apple Inc.* 1-18-cv-00991 | WD TX | Transfer to NDCA (4/8/19) |
| 11/17/18 | *Uniloc 2017 LLC v. Apple Inc.* 1-18-cv-00992 | WD TX | Transfer to NDCA (4/8/19) |
| 4/9/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00293 | WD TX | Transfer to NDCA (3/28/19) |
| 4/9/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00296 | WD TX | Voluntary dismissal prior to disposition (7/19/19) |

---

[2] All exhibits referred to herein are attached to the Guaragna Decl.

| Filing Date | Case | Original Court | Transfer Disposition |
|---|---|---|---|
| 2/22/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00158 | WD TX | Transfer to NDCA (3/28/19) |
| 2/22/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00159 | WD TX | Transfer to NDCA (3/28/19) |
| 2/22/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00161 | WD TX | Transfer to NDCA (3/28/19) |
| 2/22/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00163 | WD TX | Transfer to NDCA (3/28/19) |
| 2/22/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00164 | WD TX | Transfer to NDCA (3/28/19) |
| 2/22/18 | *Uniloc USA, Inc. et al v. Apple Inc.* 1-18-cv-00166 | WD TX | Transfer to NDCA (3/28/19) |
| 10/20/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00708 | ED TX | Stayed pending IPR |
| 8/2/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00571 | ED TX | Transfer to NDCA (12/22/17) |
| 7/12/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00534 | ED TX | Transfer to NDCA (12/22/17) |
| 7/12/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00535 | ED TX | Transfer to NDCA (12/22/17) |
| 6/30/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00522 | ED TX | Transfer to NDCA (12/22/17) |
| 6/2/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00469 | ED TX | Transfer to NDCA (12/22/17) |
| 6/2/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00470 | ED TX | Transfer to NDCA (12/22/17) |
| 5/26/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00454 | ED TX | Transfer to NDCA (12/22/17) |
| 5/26/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00455 | ED TX | Transfer to NDCA (12/22/17) |
| 5/26/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00457 | ED TX | Transfer to NDCA (12/22/17) |
| 4/3/17 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-17-cv-00258 | ED TX | Transfer to NDCA (12/22/17) |
| 6/14/16 | *Uniloc USA, Inc. et al v. Apple Inc.* 2-16-cv-00638 | ED TX | Stayed pending IPR |

**B.    The Subject Matter of the Current Case**

Despite Uniloc's vague infringement allegations, and based on Apple's current understanding of Uniloc's infringement allegations, the accused technology in the current case appears to relate to "the reconfiguration of the device, such as, for example, the installation or

update of an App Store application on the device…the installation or update of a Mac App Store application on the device" (the "Accused Technology").  (*See* Compl. at ¶ 12.)

In this case, Uniloc has accused various Apple products, including iPhones, iPads, and desktop and notebook computers running the iOS and macOS operating systems (collectively, the "Accused Products").  (*See* Compl. at ¶ 10.)  These products directly overlap with products accused in other Uniloc cases pending against Apple in the NDCA.  In fact, Uniloc accuses the same smartphones and tablets in this case as in eight of the cases previously transferred to the NDCA,[3] as well as the same iPods, desktop computers, and notebook computers asserted in five of the cases previously transferred to the NDCA.[4]

### C.    Uniloc

The Complaint identifies a single Plaintiff, Uniloc 2017 LLC, a Delaware company with no connection to Waco or this District.  Uniloc 2017 is part of a web of Uniloc entities, including Uniloc Luxembourg and Uniloc USA, that have asserted claims against Apple in this and two dozen prior cases.

Uniloc 2017 was essentially substituted as a plaintiff (for Uniloc Luxembourg and Uniloc USA) when Uniloc dismissed and then simultaneously re-filed four cases in this District in late 2018.  As such, Uniloc 2017 and its relevant activities and witnesses were the subject of transfer discovery in the prior Texas cases.  That transfer discovery, along with transfer discovery in the Eastern District of Texas cases, unearthed numerous Uniloc connections to California—both for Uniloc 2017 and the other related Uniloc entities:

- First, several managers of Uniloc 2017 are located in San Francisco, in the

---

[3] *Compare* Compl. at ¶ 10 to 5:19-cv-01694, 5:19-cv-01692, 5:19-cv-01695, 3:19-cv-01904, 5:19-cv-01929, 4:19-cv-01691, 4:19-cv-01693, and 3:19-cv-01697.
[4] Compare Compl. at ¶ 10 to 5:19-cv-01694, 5:19-cv-01692, 5:19-cv-01695, 3:19-cv-01904, and 5:19-cv-01929.

NDCA, including Mr. Erez Levy, Mr. James Palmer, Ms. Michelle Moreland, and three others.  (Ex. 2, Turner Dep. at 57:6-58:11.)

- Second, Mike Ford is a Uniloc software engineer who lives and works in Northern California, near Roseville.  (*Id.* at 87:16-19; 91:5-21; 95:17-96:21; 164:1-25.)  Mr. Ford is responsible for Uniloc's Centurion software—a program that Uniloc used to identify patents to acquire and assert against Apple.  (*Id.*)

- Third, Uniloc maintains an office in Newport Beach, California that hosted "around 100 top-level strategy meetings" during a three year period, and Uniloc Luxembourg's CEO holds monthly meetings in California with Uniloc's CFO. (Ex. 1, Gilstrap Order at 6.)

- Fourth, Uniloc's CEO, Mr. Etchegoyen, has maintained a residence in Newport Beach, California since 2010.  (*Id.* at 4.)

- Fifth, Uniloc's CFO, Mr. Turner, resides and works in California.  (*Id.* at 5.)

**D.  Apple**

Apple is a California corporation headquartered in Cupertino (in the NDCA) since 1976. (Supplemental Declaration of Michael Jaynes In Supp. of Mot. to Transfer ("Jaynes Decl."), ¶ 4.)[5]  Apple's management and primary research and development facilities are located in Cupertino.  (Jaynes Decl., ¶¶ 5, 23, 24.)  While Apple sells its products throughout the United States, the research, design and development of the Accused Technology takes place primarily in the NDCA.  (Jaynes Decl., ¶¶ 5, 23, 24, 38, 48, 49, 59-62.)  Based on Apple's understanding of Uniloc's claims, only Apple employees located in or around Cupertino have designed and

---

[5] Citations to paragraphs 1-50 of the Jaynes Declaration refer to the first declaration that Mr. Jaynes submitted, which is attached as Exhibit A to his second declaration filed with this motion.

developed the Accused Technology.  (Jaynes Decl., ¶¶ 38, 59, 60, 62.)  In this regard, the

following is a list of Apple employees likely to be witnesses in this case:

- App Store Accused Technology:  Dana DuBois;

- Marketing:  Deidre Caldbeck;

- Intellectual Property Licensing:  Brian Ankenbrandt[6]; and

- Finances:  Michael Jaynes.

(Jaynes Decl., ¶¶ 38, 44, 47, 59, 62, 64.)  Each of these individuals and the current, relevant

teams are located in the NDCA, while none are located in this District.  (*Id.*)

## III.   LEGAL STANDARD

Under section 1404(a), the moving party must first show that the claims "might have been

brought" in the proposed transferee district.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-13

(5th Cir. 2008) ("*Volkswagen II*").  This first requirement is not in dispute.[7]  Second, the movant

must show "good cause" by demonstrating that the "transferee venue is clearly more convenient"

than the transferor district.  *Id.* at 315.  As shown below, that is the case here.

In evaluating convenience, the district court weighs both private and public interest

factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citations

omitted).  The private factors include:  "(1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make trial of a case

easy, expeditious and inexpensive."  *Id.*  The public interest factors include:  "(1) the

---

[6] In prior transfer briefing, Apple identified Heather Mewes as a likely witness on licensing issues.  However, Ms. Mewes now has a new role at Apple and Mr. Ankenbrandt is now Apple's likely witness on licensing issues.  (Jaynes Decl., ¶¶ 63-64.)

[7] Apple's headquarters are in the NDCA and Uniloc has not disputed that Apple can be sued there.  (Jaynes Decl., ¶ 4; Ex. 1, Gilstrap Order at 10.)

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Id*.

The convenience of the witnesses is the most important factor in transfer analysis. *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016).[8]  Moreover, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also, e.g.*, *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *In re Apple, Inc.*, 581 F. App'x 886, 889-90 (Fed. Cir. 2014); *Genentech,* 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d. 1315, 1321-22 (Fed. Cir. 2008); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018).

## IV.   THE NDCA IS CLEARLY THE MORE CONVENIENT VENUE

### A.    The Private Interest Factors Favor Transfer

All four private interest factors favor transfer.

#### 1.    Relative Ease of Access to Sources of Proof

"The Fifth Circuit [has] clarified that despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a 'meaningful factor in the analysis.'" *Wet Sounds, Inc. v. Audio Formz, LLC*, No. 17-cv-141, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017) (quoting *Volkswagen II*, 545 F.3d at 315),

---

[8]The plaintiff's choice of venue is not a distinct factor in the analysis.  *Volkswagen II*, 545 F.3d at 314-15.

report and recommendation adopted, No. 1:17-cv-141, 2018 WL 1219248, at *1 (W.D. Tex. Jan. 22, 2018).  "The Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer,' and therefore the location of the defendant's documents tends to be the more convenient venue."  *DataQuill, Ltd. v. Apple Inc.*, No. 13-ca-706, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

"[I]in determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested."  *XY, LLC v. Trans Ova Genetics, LC*, 16-cv-00447, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017) (citation omitted).  *See also Uniloc USA Inc. v. Box, Inc.*, No. 1:17-cv-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018) (finding that "it would be more inconvenient for Box to litigate in [WDTX] than for Uniloc to litigate in Northern California"); *Collaborative Agreements, LLC. v. Adobe Sys., Inc.*, No. 1-14-CV-356, 2015 WL10818739, at *4 (W.D. Tex. Aug. 21, 2015).

The Accused Technology was designed and developed by Apple employees in the NDCA.  (Jaynes Decl., ¶ 21.)  The documents relating to the design and development of the Accused Technology were generated in or around Cupertino, and are stored there.  (*Id*. at ¶ 62.)  Even beyond the Accused Technology, the primary research, design, development, facilities and engineers for the Accused Products are located in or near Cupertino, California, along with Apple's records related to the research and design of the Accused Products.  (*Id.* at ¶ 23.)  All of the documents generated concerning the marketing, sales and financial information for the Accused Products are located in or around Cupertino, California.  (*Id* at ¶¶ 5, 44, 47.)  As such, the overwhelming majority of the sources of proof regarding the Accused Products and the

Accused Technology are in the NDCA.

In addition, Uniloc has numerous sources of proof in or near the NDCA, including:  (1) the managers of Uniloc 2017 who are based in San Francisco, (2) the software engineer Mike Ford, (3) the CEO, Mr. Etchegoyen, (4) the CFO, Mr. Turner, and (5) Uniloc's management offices in California.  *See* Section II.C, above.

Conversely, <u>there are no relevant sources of proof in this District</u>.  First, Uniloc has no physical presence in this District.  (Ex. 3, Google Decl., ¶¶ 2-3.)  Second, Apple is not aware of any third party witnesses who reside in this District.  Third, Apple does not have any relevant employees in this District, nor does it maintain relevant documents in this District.  (Jaynes Decl., ¶¶ 27-29, 38, 44, 48, 49, 59, 60, 64.)  *See Uniloc USA Inc., et al. v. LG Elecs. USA, et al.*, No. 4:17-cv-00858, 2018 WL 341975, at \*4 (N.D. Tex. May 14, 2018) (granting defendants' motion to transfer, noting "no document or piece of evidence resides" in the chosen forum).  In evaluating nearly identical facts with these same parties in the 2018 WDTX Cases, Judge Yeakel concluded that "access to the relevant proof tends to favor venue of this action in the Northern District of California."  *Uniloc USA*, 2019 WL 2066121, at \*3.  That same conclusion is warranted here and is consistent with authority from this District, and others.

In *Polaris Innovations Ltd. v. Dell, Inc.*, No. 16-cv-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016), the defendants moved to transfer the patent infringement case from this District to the NDCA, where a majority of the evidence and engineers were located.  The defendant had an Austin office with 300 employees, and identified at least one Austin-based engineer as being heavily involved in the design and development of at least one of the accused products.  *Id.* at \*3.  However, the Court still found that the bulk of the evidence was in California, and that this factor thus weighed in favor of transfer:

> Though a potentially relevant NVIDIA engineer is based in Austin, this engineer alone does not indicate that evidence of NVIDIA's infringement will be relatively easier to access in Austin than in Santa Clara—this engineer reports to higher-ups in California, and NVIDIA's presence in California dwarves its presence in Texas, even considering this engineer. The most important people to NVIDIA's accused products (the seven Chip Managers) are in Santa Clara; NVIDIA's Santa Clara headquarters houses more than 10 times the number of employees than the Austin office and more than 20 times the number of employees who have knowledge of the accused products; the bulk of NVIDIA's marketing is done from Santa Clara. Insofar as NVIDIA is concerned, the Northern District of California is clearly the more convenient forum in terms of access to evidence.

*Id.* at *5; *see also Collaborative Agreements*, 2015 WL 10818739, at *4 (finding that where key witnesses were located in the NDCA, "[t]he proof surrounding Collaborative's theories of infringement and damages will almost certainly lie with Adobe in the Northern District of California.").

### 2.      Availability of Compulsory Process

Transfer is favored when a transferee forum has absolute subpoena power over a greater number of third party witnesses. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009); *Genentech*, 566 F.3d at 1345; *Wet Sounds*, 2017 WL 4547916, at *3, *report and recommendation adopted*, 2018 WL 1219248. A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. Proc. 45(c)(1)(A), (B). *Gemalto S.A. v. CPI Card Grp. Inc.*, No. CV A-15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015) ("The court holds that for compulsory process, if the action were transferred to Colorado at least one party, CPI Card Group would have compulsory process available to

them. The court holds that this factor weighs in favor of transferring this action to Colorado.").

As courts have recognized, "there is certainly benefit to providing live witnesses at trial." *TracBeam, LLC v. Apple Inc.*, No. 6:14-cv-680, 2015 WL 5786449, at *5 (E.D. Tex. Sept. 29, 2015). Apple wishes to have the right to present live witnesses, and "it is improper to discount a party's stated desire to present live witness testimony even when deposition testimony is available." *Uniloc USA, Inc. et al v. Apple Inc.*, No. 2:17-cv-00258-JRG, Dkt. No. 104 at 18 (E.D. Tex. Dec. 22, 2017). In this regard, the ability to compel live trial testimony is crucial for evaluating a witness's testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

First, as noted above, several Uniloc-affiliated witnesses are located in the NDCA and would be subject to its absolute subpoena power.

- Several managers of Uniloc 2017 are located in San Francisco, in the NDCA, including Mr. Erez Levy, Mr. James Palmer, Ms. Michelle Moreland, and about three others. (Ex. 2, Turner Dep. at 57:6-58:11.) These witnesses likely have information regarding Uniloc's finances, including the value attributed to the asserted patents, which is relevant to damages.

- A Uniloc engineer, Mike Ford, with knowledge of software used in Uniloc's patent acquisition efforts also is located in northern California. (*Id.* at 87:16-19; 91:5-21.)

- Additional Uniloc executives reside in Southern California, including Mr. Turner and Mr. Etchegoyen, and also would be subject to subpoena in California. (Ex. 1, Gilstrap Order at 4-6.)

Apple's venue discovery in the prior Uniloc cases also revealed additional third-party witnesses in the NDCA who are subject to compulsory process there. San Francisco-based

personnel from the investment firm Fortress, such as Mr. Erez Levy, were involved in the transactions through which Uniloc 2017 purchased title to the asserted patents.  (Ex. 2, Turner Dep. at 61:2-23.)  These witnesses have information regarding the value attributed to the asserted patents, which is relevant to damages.  They also have information regarding ownership and standing.  In cases pending in the NDCA, for instance, Apple challenged Uniloc's standing based, in part, on testimony from Mr. Levy.  (Ex. 4, *Uniloc USA, Inc., et al v. Apple Inc.*, No. 3:18-cv-00360-WHA, N.D. Cal., Dkt. No. 168-3 (Redacted Version of Apple Motion to Dismiss) at, e.g., pp. 4, 6, 9, 11, 12.)

In contrast, Apple is not aware of a single third-party witness who would be within this District's subpoena power.  Once again, when considering nearly identical facts in the 2018 WDTX Cases, Judge Yeakel concluded that this factor favored transfer to the NDCA.  *Uniloc USA*, 2019 WL 2066121, at *3.  The same is true here.

### 3. Attendance of Willing Witnesses

The inconvenience to willing witnesses is the single most important factor in the transfer analysis.  *See Genentech*, 566 F.3d at 1343; *Auto-Dril*, 2016 WL 6909479, at *7.

As noted above in Section II.D, all of the likely Apple witnesses with knowledge of the Accused Technology are located in the NDCA.  (Jaynes Decl., ¶¶ 38, 44, 47, 59, 62, 64.)  In addition, the likely Apple witnesses on licensing, finance, sales and marketing also are located in the NDCA.  (*Id.*)  These witnesses are a short car ride from the courthouses in the NDCA (*e.g.*, 15 minutes from San Jose), but more than 1,500 miles and a lengthy plane ride from Waco.  (Ex. 5, Google search results.)

If this case remains in Texas, the Apple witnesses would need to spend days away from home and work—as opposed to several hours if the trial takes place in the NDCA.  This travel burden is not insignificant and has been cited as a key reason why transfer is often appropriate.

*See Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community."). This length of travel also imposes additional burdens beyond travel time, such as meal and lodging expenses. *Volkswagen I*, 371 F.3d at 204-05. For all of these reasons, it would be clearly more convenient for the NDCA-based witnesses to attend trial in the NDCA. *Volkswagen II*, 545 F.3d at 317 (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"); *see Apple*, 581 F. App'x at 889 (faulting district court for failing to follow the 100-mile rule); *TS Tech*, 551 F.3d at 1320 ("The district court's disregard of the 100-mile rule constitutes clear error.").

On the other hand, there is not a single relevant Apple witness in this District.[9] However, several key Uniloc witnesses also live and work in California.

First, Mike Ford is a Uniloc software engineer who lives and works in Northern California, near Roseville. (Ex. 2, Turner Dep. at 87:16-19; 91:5-21; 95:17-96:21; 164:1-4.) Mr. Ford is responsible for Uniloc's Centurion software—a program that Uniloc used to identify patents to acquire and assert against Apple. (*Id.*) Mr. Ford likely has information about Centurion and Uniloc's patent-acquisition analysis, which are relevant to the alleged value of the patents for damages. Second, two of Uniloc's senior executives and key managers also live in California. Craig Etchegoyen (the CEO) and Drake Turner (the CFO) both live and work in Southern California—Mr. Turner on a full-time basis, and Mr. Etchegoyen about half-time. (*Id.*

---

[9] Uniloc has pointed to manufacturing of some of the accused Apple products in Texas in a failed effort to resist transfer. (Compl. at ¶ 5.) But any such argument would again be meritless because the allegations at issue relate to software functionality and not to any manufacturing processes. Indeed, in denying transfer in the earlier cases with overlapping technology, Judge Gilstrap noted that none of the relevant Apple witnesses were located in Texas. Ex. 1, Gilstrap Order at p.19.

at 5:2-5; 119:13-121:6.)  And both of these individuals rarely travel to Texas.  (*Id.*)  Given this, Mr. Turner agreed that California is "a convenient place for Uniloc people to meet."  (*Id.* at 85:19-22.)  For these likely Uniloc witnesses, travel to the NDCA actually would be more convenient than travel to this District.

In situations like this, where the vast majority of likely witnesses are in the transferee district, this factor weighs in favor of transfer.  *See HP*, 2018 WL 4692486, at *3; *Genentech*, 566 F.3d at 1343-44, *Wet Sounds*, 2017 WL 4547916, at *3, *report and recommendation adopted*, 2018 WL 1219248; *Via Vadis, LLC v. Netgear, Inc.*, No. 14-cv-809, 2015 WL 10818675, at *2 (W.D. Tex. July 30, 2015) (granting motion to transfer in part because the plaintiff "does not have employees knowledgeable regarding the accused products in Texas."); *see also Polaris Innovations*, 2016 WL 7077069, at *9.  Indeed, Judge Yeakel noted the presence of Apple witnesses in the NDCA when deciding this factor favored transfer.  *Uniloc USA*, 2019 WL 2066121, at *3 ("In considering this factor, the Court also includes Apple's employee-witnesses, all of whom are in the Northern District of California.").

Apple is aware of the Court's analysis regarding the weight afforded to party witnesses in *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019). Apple respectfully submits that affording little weight to the inconvenience of party witnesses is inconsistent with the great weight of authority and is apparently based on imprecise language in *ADS Sec. L.P. v. Adv. Detection Sec. Servs., Inc.*, No. A-09-CA-773-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010), report and recommendation adopted in A-09-CA-773-LY (ECF No. 20) (Apr. 14, 2010).  In *ADS Sec.*, the underlying discussion and analysis focused on the *relative* inconvenience among party and non-party witnesses and not on the absolute weight to be given to party witnesses.  *Id.*  Although the inconvenience to non-party witnesses may be

afforded greater weight, it is not appropriate to afford little weight to the inconvenience to party

witnesses.  *See Volkswagen I*, 371 F.3d at 205; *Uniloc*, 2019 WL 2066121, at *3 ("In considering

this factor, the Court also includes Apple's employee-witnesses, all of whom are in the Northern

District of California."); *see also In re Acer America Corp,*, 626 F.3d 1252 at 1255 (Fed. Cir.

2010); *Nintendo*, 589 F.3d at 1199.

Uniloc has previously cited Apple's facilities in Austin in attempting to resist transfer to

California, and may do so again here.  But any such argument would be meritless.  Apple does

have employees in Austin, but is aware of none relevant to this case.  (*See* Jaynes Decl., ¶¶ 60-

61.)  Indeed, when faced with this same Uniloc argument in the Eastern District of Texas cases,

Judge Gilstrap found that Apple's facilities in Austin did not weigh in favor of transfer because

none of the relevant Apple employees worked at Apple's Austin campus.  (Ex. 1, Gilstrap Order

at 19.)  Judge Yeakel also found that the relevant Apple witnesses were located in the NDCA,

such that this factor favored transfer.  *Uniloc USA*, 2019 WL 2066121, at *3; *see also Peak

Completion Techs. Inc. v. I-TEC Well Solutions, LLC*, No. A-13-CV-086-LY, 2013 WL

12121002, at *3 (W.D. Tex. June 26, 2013) (finding that the presence of an office and personnel

in the district did not weigh against transfer because those individuals were not likely witnesses).

The same is true here.  Accordingly, this factor weighs strongly in favor of transfer.  *Volkswagen

I*, 371 F.3d at 205; *see also DataQuill, Ltd. v. Apple Inc*., No. 13-CA-706-SS, 2014 WL

2722201, at *4 (W.D. Tex. June 13, 2014) (recognizing that local interest weighed in favor of

transfer notwithstanding Apple's Austin presence because "this case is about Apple's actions in

designing and developing [the accused products], all of which happened in Cupertino").

### 4.     All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Courts weigh a number of case-specific factors in the section 1404(a) analysis but, "at the

end of the day, judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *XY, LLC*, 2017 WL 5505340, at *14 (citation omitted); *see also In re Eli Lilly & Co.*, 541 F. App'x 993, 994 (Fed. Cir. 2013) ("[I]t is entirely within the district court's discretion to conclude that in a given case the § 1404(a) factors of public interest or judicial economy can be of paramount consideration, ... and as long as there is plausible support of record for that conclusion we will not second guess such a determination, even if the convenience factors call for a different result.") (internal quotations and citations omitted).

As noted above, nearly two dozen Uniloc cases against Apple have already been transferred from Texas to the NDCA and are being litigated there. The present case involves many of the same accused products already at issue in the NDCA Uniloc cases.[10] In addition, the relevant parties obviously overlap, such that the NDCA will have gained an understanding of their respective business methods and activities, including issues such as licensing, marketing and sales. Judges in the NDCA are therefore already familiar with the background of, and facts relevant to, the dispute between Uniloc and Apple. These judges have considered or resolved overlapping issues with respect to jurisdiction, the complex history of Uniloc's structure, assignments, and licensing, motions to compel, motions for protective orders, motions to strike contentions, confidentiality claims, and more.

Therefore, judicial economy weighs heavily in favor of transfer because it would be incredibly inefficient to litigate twenty-one patent cases between Uniloc and Apple in the NDCA and a single one in this District. *See XY, LLC*, 2017 WL 5505340, at *16. Conversely, because

---

[10] *See, e.g.*, the *Uniloc v. Apple* cases 5:18-cv-00357, Dkt. No. 1 at ¶¶ 10, 26, 42, 5:18-cv-00358, Dkt. No. 1 at ¶ 10, 5:18-cv-00359, Dkt. No. 1 at ¶ 10, 3:18-cv-360, Dkt. No. 1 at ¶ 10, 4:18-cv-00361, Dkt. No. 1 at ¶ 10, 4:18-cv-00362, Dkt. No. 1 at ¶ 10, 4:18-cv-00364, Dkt. No. 1 at ¶¶ 8, 19, 30, 4:18-cv-00365, Dkt. No. 1 at ¶ 10, 3:18-cv-00572, Dkt. No. 1 at ¶ 8.

this case is in its very early stages, no practical problems exist that would deter this Court from transferring it to the NDCA.  *See Transunion Intelligence LLC v. Search Am., Inc*., No. 2:10-CV-130, 2011 WL 1327038, at *5 (E.D. Tex. Apr. 5, 2011).

     **B.**     **The Public Interest Factors Favor Transfer**

     The public interest factors also strongly favor transfer because the NDCA has a strong local interest in this matter.

          **1.**     **Court Congestion Is, At Worst, Neutral**

     Courts in this District have acknowledged that the NDCA has a shorter time to trial for patent cases than the WDTX.  *See Uniloc USA Inc., et al. v. Box, Inc.*, No. 1:17–CV–754–LY, 2018 WL 2729202, at *4 (W.D. Tex. June 6, 2018).  Apple understands that the Court is now scheduling patent cases for trial faster than in the past; however, those cases have not yet proceeded to trial.  Therefore, given historical data and the uncertainty of future activity, this factor is, at worst, neutral.

          **2.**     **Local Interests Strongly Favor Transfer**

     The NDCA has a strong local interest in this matter because it is the location of Apple's headquarters, where the Accused Products were designed and developed, and where all of Apple's relevant employees are based.  (Jaynes Decl., ¶¶ 4, 23, 24, 38, 48, 49, 59, 60, 62, 64); *see, e.g.*, *Wet Sounds*, 2017 WL 4547916, at *4; *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129, 2019 WL 4254069, at *3 (W.D. Tex. June 7, 2019).  Where, as here, the accused Apple technology was "developed and tested" in the NDCA, and because this suit "calls into question the work and reputation of several individuals residing" in that district, the NDCA interest in this matter is "self-evident."  *In re Hoffman-La Roche, Inc.* 587 F.3d 1333, 1336, 1338 (Fed. Cir. 2009); *DataQuill*, 2014 WL 2722201, at *4 (recognizing that local interest favored transfer notwithstanding Apple's Austin presence because this case is about Apple's actions in

designing and developing [the accused products], all of which happened in Cupertino").

In *Datascape*, for example, this Court acknowledged that the defendant had operations in multiple districts, but noted that the *Volkswagen* analysis focused on "relative interests," concluding that the local interests were greater in the transferee forum where the defendants' headquarters were located. *Datascape*, 2019 WL 4254069, at *3. Applied here, that same analysis leads to the conclusion that the NDCA (where Apple is based) has a stronger local interest than the WDTX. Therefore, this factor strongly favors transfer.

In contrast, as established above, Uniloc has <u>no</u> connection to this District, but does have many connections to California. Indeed, in determining whether the local interest favored transfer, Judge Gilstrap noted that Uniloc's California office was used for "around 100 top level strategy meetings" during a three year period, and Uniloc's CEO holds monthly meetings in California with his CFO. (Ex. 1, Gilstrap Order at 6.) Therefore, given the many Apple <u>and</u> Uniloc connections to the NDCA and none to this District, this factor strongly favors transfer.

### 3. Familiarity With The Governing Law And Conflicts Of Law Are Neutral

The last two factors are neutral. There are no perceived conflicts of law and both districts are equally qualified to apply patent law. *TS Tech.*, 551 F.3d at 1320.

## V. CONCLUSION

For all the reasons set forth above, Apple respectfully requests that this Court transfer this case to the NDCA.

Dated:  November 12, 2019

Respectfully submitted,

By: */s/ John M. Guaragna*
JOHN M. GUARAGNA (Bar No. 199277)
john.guaragna@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

MARK FOWLER *(pro hac vice forthcoming)*
Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT *(pro hac vice forthcoming)*
Bar No. 209128
christine.corbett@dlapiper.com
SUMMER TORREZ *(pro hac vice forthcoming)*
Bar No. 264858
summer.torrez@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

ATTORNEYS FOR DEFENDANT
APPLE INC.

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Uniloc in a good-faith effort to resolve the matter presented herein.  Counsel for Uniloc opposes the instant Motion.

*/s/ John M. Guaragna*
John M. Guaragna

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on November 12, 2019, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna