UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Uniloc 2017 LLC, <br><br> Plaintiff, <br><br> v. <br><br> Apple Inc., <br><br> Defendant. | Civil Action No. 6:19-cv-532-ADA |

**SUPPLEMENTAL DECLARATION OF MICHAEL JAYNES IN SUPPORT OF APPLE INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

I, Michael Jaynes, declare as follows:

51. I am over 18 years of age and competent to make this declaration. If called to testify as a witness, I could and would testify truthfully under oath to each of the statements in this declaration.

52. I am employed as a Senior Finance Manager at Apple Inc. ("Apple") in Sunnyvale, California. I have been employed by Apple since January 2015.

53. I provide this declaration ("Second Declaration") in support of Apple's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) in the above-captioned case ("the -532 Case"). Unless otherwise indicated, the statements made in this declaration are based on my personal knowledge, corporate records maintained by Apple in the ordinary course of its business and/or consulting with Apple employees. If called to testify as a witness, I could and would competently do so under oath.

54. I previously provided a declaration (the "First Declaration") in support of Apple's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) in the lawsuits titled *Uniloc*

*USA, Inc. et al. v. Apple Inc.*, Case Nos. 1:18-cv-158; 1:18-cv-159; 1:18-cv-161; 1:18-cv-163; 1:18-CV-00164; 1:18-cv-00166; 1:18-cv-00293; and 1:18-cv-00296 ("the -296 Case"), which were pending in the U.S. District Court for the Western District of Texas, Austin Division. My First Declaration, which I have reviewed in the course of preparing this Second Declaration, is attached as Exhibit A. I have numbered the paragraphs in this Second Declaration with the next available paragraph number after my First Declaration.

55. I understand that in both this -532 Case and the previously filed -296 Case, certain Uniloc entities asserted U.S. Patent No. 6,467,088 (the "'088 patent"). Paragraphs 1-6, 18-19, 21-30, 38, 41, 44, 47-50 of the First Declaration are relevant to the '088 patent. I am not aware of any updates needed to the statements made in those paragraphs of the First Declaration, except as updated below.

56. I understand in the Complaint in this -532 Case, Uniloc 2017 LLC ("Uniloc") identified the accused Apple products as "smartphones (e.g., iPhones), tablets (e.g., iPads), iPods, desktop computers (e.g., iMacs, Mac Pro, Mac mini), and notebook computers (e.g., MacBooks) running iOS or macOS operating systems, including the App Store or Mac App Store and their associated servers implementing iOS/macOS update functionality." Complaint ¶ 10. I will refer in this declaration to the products identified by Uniloc as the "-532 Accused Products." The products accused of infringement in the earlier -296 Case did not include "desktop computers (e.g. iMacs, Mac Pro, Mac Mini)" or "notebook computers (e.g., MacBooks)" "running [] macOS operating systems, including the [] Mac App Store and their associated servers implementing []macOS update functionality." *Compare* -532 Case, Complaint ¶ 10 *with* -296 Case, Dkt. 31 at ¶ 12.

57. Uniloc alleges that the -532 Accused Products infringe the '088 patent because

2

"[t]he Accused Infringing Devices …perform[] processor-implemented management and control of the reconfiguration of the device." -532 Case, Dkt. 1 at ¶ 12. The same allegations were at issue in the -296 Case, which I addressed at Paragraph 18 of my First Declaration.

58. Despite the vague allegations, for purposes of the motion to transfer, I understand Uniloc's allegations to accuse technology relating to "the reconfiguration of the device, such as, for example, the installation or update of an App Store application on the device" ("Accused Technology"). -532 Case, Dkt. 1 at ¶ 12. The same description of the Accused Technology was at issue in the -296 Case, which I addressed at Paragraph 19 of my First Declaration.

59. Dana DuBois is currently an Engineering Manager in the App Store Frameworks group at Apple. He and members of his team that work on technology that relates to the App Store and Mac App Store and to how third party applications are updated and installed on iOS and macOS devices. I have confirmed that Mr. DuBois and the members of his team working on the Accused Technology are located in the NDCA. All of Mr. DuBois team members are located in NDCA. None are located in the WDTX.

60. Apple has manufactured versions of the Mac Pro hardware in the state of Texas. The Mac Pro runs the macOS operating system. Based on my investigation, no work on the Accused Technology relating to the Mac App Store was developed in the state of Texas, or is unique with respect to the Mac Pro as compared with other macOS products.

61. As an update to paragraphs 5, 28, and 29 of my First Declaration, as of August 2019, Apple has more than 35,000 employees who work in or near its Cupertino headquarters. Apple currently has non-retail offices in Austin and Lockhart, Texas (located in the WDTX) and

Dallas and Garland, Texas (located in the Northern District of Texas). To the best of my knowledge and after a reasonable investigation, no employees in these offices currently have responsibilities for the design, development or implementation of the Accused Technology based on Apple's current understanding of Uniloc's infringement allegations. Aside from the five Apple retail stores in WDTX mentioned in my First Declaration and the Austin and Lockhart, Texas non-retail offices, Apple does not otherwise maintain any facilities or corporate offices in the WDTX.

62. Based on my conversations with Mr. DuBois, I am informed and understand that Apple has records related to the research and design of the Accused Technology located in or near Cupertino, California.

63. As of approximately October 1, 2019, Heather Mewes has taken on a different role at Apple than hers previously on the IP Transactions team. She remains employed by Apple, and still works in the NDCA.

64. Brian Ankenbrandt is Senior Legal Counsel for IP Transactions at Apple and is knowledgeable about licensing of intellectual property, including patent rights, by and to Apple. Mr. Ankenbrandt and his team members are all located in the NDCA. None are located in the WDTX.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2019, in Sunnyvale, California.

_____
Michael Jaynes