IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| Uniloc 2017 LLC | § | |
|---|---|---|
| *Plaintiff* | § § § | |
| v. | § | Case No. 6:19-cv-532-ADA |
| Apple Inc., | § § § | Jury Trial Demanded |
| *Defendant* | § § § | |

# AGREED SCHEDULING ORDER

On October 30, 2019, the Court conducted a conference in the above entitled and numbered case. All parties appeared through counsel. As a result of such hearing, and pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial in this matter:

| **Deadline** | **Item** |
|---|---|
| October 21, 2019 | Plaintiff serves preliminary infringement[1] contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| November 13, 2019 | Deadline for Motions to Transfer |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so reasonably upon identifying any such material. Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| December 18, 2019 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the prior two years, unless the parties agree to some other timeframe. |
| January 8, 2020 | Parties exchange claim terms for construction. |
| January 17, 2020 | Parties exchange proposed claim constructions. |
| January 24, 2020 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore. A failure to summarize potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| January 29, 2020 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| February 5, 2020 | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| February 26, 2020 | Parties file Responsive claim construction briefs. |
| March 11, 2020 | Parties file Reply claim construction briefs. |
| March 18, 2020 | Parties submit Joint Claim Construction Statement and consolidated briefing collated by Opening, Response, and Reply in Microsoft Word format. Absent agreement of the parties, the Plaintiff shall be responsible for the timely |

| | |
|---|---|
| | submission of this and other Joint filings. |
| April 24, 2020 | Markman Hearing at 9:30 a.m. |
| May 1, 2020 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| June 5, 2020 | Deadline to add parties. |
| June 19, 2020 | Deadline to serve Final Infringement and Invalidity Contentions. |
| July 17, 2020 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. |
| October 9, 2020 | Close of Fact Discovery. |
| October 16, 2020 | Opening Expert Reports. |
| November 13, 2020 | Rebuttal Expert Reports. |
| December 4, 2020 | Close of Expert Discovery. |
| December 11, 2020 | Deadline to meet and confer to discuss narrowing the number of claims asserted and prior art references at issue. The parties shall file a report within 5 business days regarding the results of the meet and confer. |
| December 18, 2020 | Dispositive motion deadline and *Daubert* motion deadline. |
| January 6, 2021 | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| January 19, 2021 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| January 25, 2021 | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| February 3, 2021 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| February 10, 2021 | Deadline to meet and confer regarding remaining objections and disputes on motions in *limine* |
| | |

| 3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| --- | --- |
| February 19, 2021 (or as soon as practicable) | Final Pretrial Conference. The Court expects to set the Pretrial Conference within 2-4 weeks of the trial date. |
| February 26, 2021 – March 19, 2021 (or as soon as practicable) | Jury Selection/Trial. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

SIGNED this _____ day of _____, 20___.


                                                                                    _____
                                                                                    ALAN D ALBRIGHT
                                                                                    UNITED STATES DISTRICT JUDGE

AGREED:

By:   /s/ *William E. Davis, III*                By:   */s/ John M. Guaragna*
       William E. Davis, III                              John M. Guaragna
       Texas Bar No. 24047416                       Texas Bar No. 24043308
       bdavis@davisfirm.com                         John.guaragna@dlapiper.com
       THE DAVIS FIRM, PC                           DLA Piper LLP (US)
       213 N. Fredonia Street, Suite 230        401 Congress Avenue, Suite 2500
       Longview, Texas 75601                        Austin, Texas 78701
       Phone: (903) 230-9090                         Phone: 512.457.7000
       Fax:    (903) 230-9661                           Fax: 512.457.7001

       Attorneys for Plaintiff                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing proposed order has been served on all counsel of record this 13th day of November, 2019 via the Court's electronic filing system.

                                                                                      /s/ *William E. Davis, III*
                                                                                    William E. Davis, III