**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC, | Civil Action No. 6:19-CV-00532-ADA |
| Plaintiff, | |
| v. | PATENT CASE |
| APPLE INC., | |
| Defendant. | JURY TRIAL DEMANDED |

**APPLE INC.'S MOTION TO STAY PENDING TRANSFER**

Apple respectfully moves for a stay of all case activity unrelated to transfer pending a decision on Apple's pending Motion to Transfer to the Northern District of California ("the NDCAL").

## I.      INTRODUCTION

Both the Federal Circuit and the Fifth Circuit have instructed district courts to prioritize transfer motions and to address transfer before addressing other substantive issues.  However, in this case, Uniloc is seeking unnecessary and time consuming venue discovery that will cause the transfer issues to be decided after the *Markman* proceedings are well underway.  In light of the appellate mandate to make transfer a "top priority," the *Markman* proceedings should be stayed pending a decision on transfer.

## II.     BACKGROUND

The detailed background of the extensive history between Apple and Uniloc is set forth in Apple's pending Motion to Transfer (DKT. No. 15), which is attached as Exhibit A to the Declaration of John M. Guaragna is support of Apple's Motion to Stay ("Guaragna Decl.").  However, several key items bear noting here as they are particularly relevant to the instant Motion to Stay.

- Apple timely filed its Motion to Transfer this case to the NDCAL on November 12, 2019, nearly 8 weeks ago.  Apple's arguments were nearly identical to those that resulted in the transfer of 12 prior Uniloc WDTX cases against Apple in early 2019.

- This case is a repeat of a case that Uniloc previously filed against Apple in the WDTX in 2018, but Uniloc voluntarily dismissed while Apple's prior motions to transfer were pending with Judge Yeakel.  There is no reason to believe this case would not have been transferred with all the others if Uniloc had not voluntarily dismissed it.

1

- Instead of responding to Apple's current Motion, Uniloc has sought to take extensive discovery of Apple, ostensibly related to transfer but really much broader, which is largely duplicative of the venue discovery Uniloc took of Apple a year ago in the prior WDTX cases.
- Apple has resisted this duplicative discovery but, to date, Uniloc has insisted on taking overly broad, irrelevant and time-consuming discovery from Apple.
- The parties have initially agreed on some limited discovery, including Rule 30(b)(6) depositions, that will take place in January 2020; however, the transfer briefing that will follow this discovery will not be completed until February or March.  In the meantime, the case schedule is proceeding with claim construction activity starting in January 2020 and culminating with a *Markman* hearing in April 2020.

Given the overlapping deadlines, the parties will be simultaneously briefing both transfer and *Markman* issues in early 2020.

## III.    ALL CASE ACTIVITY UNRELATED TO TRANSFER SHOULD BE STAYED PENDING RESOLUTION OF APPLE'S MOTION TO TRANSFER

### A.    The Court Has Inherent Authority to Issue a Stay to Ensure that a Motion to Transfer Venue is Given Top Priority

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163 (1936).

Both the Federal Circuit and the Fifth Circuit have instructed district courts, and the parties, to prioritize transfer motions and to address transfer before addressing other substantive issues.  See *In re Apple Inc*., 456 F. App'x 907, 908 (Fed. Cir. 2012) (faulting Apple for "delay" and having "failed to employ any strategy" to have the motion handled at the outset of litigation); *In re EMC Corp.,* 501 F. App'x 973, 975-76 (Fed. Cir. 2013) (recognizing "the importance of addressing motions to transfer at the outset of litigation"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top

2

priority in handling of this case by the . . . District Court."); *see also In re Fusion-IO, Inc.,* 489 F.

App'x 465, 466 (Fed. Cir. 2012) ("We fully expect, however, for Fusion-IO to promptly request

transfer in the lead case along with a motion to stay proceedings pending disposition of the

transfer motion, and for the district court to act on those motions before proceeding to any

motion on the merits of the action").

 To effectuate this appellate mandate, district courts have agreed to stay cases pending

decisions on transfer.  *See Secure Axcess, LLC v. Nintendo of Am., Inc.,* No. 2:13-cv-00032, Dkt.

No. 133 (E.D. Tex. Feb. 10, 2014) (granting a stay pending resolution of severance and transfer

issues where case was in early stages and claim construction briefing had just begun); *DSS Tech.,*

*Mgmt. Inc., v. Apple Inc.,* No. 6:13-cv-919, Dkt. No. 83 (E.D. Tex. Oct. 28, 2014);  *Anza Tech.,*

*Inc., v. Xilinx, Inc.,* 17-cv-687, 2017 WL 10379350 (D. Col. Oct. 16, 2017); *Univ. of S. Florida*

*Res. Found. Inc. v. Fujifilm Med. Sys. USA, Inc.*, No. 8:16-cv-1194, 2017 WL 4155344, at *1

(M.D. Fla. Aug. 29, 2017) (granting motion to stay deadlines pending resolution of whether

venue was proper in the district); *B.E. Tech., LLC v. Sony Computer Entm't Am., LLC,* No. 12-

cv-2828, 2013 WL 524893, at*1 (W.D. Tenn. Feb. 11, 2013) ("Staying the proceedings--

including the Local Patent Rule disclosures and fact discovery--will allow the Court to properly

decide the pending Motions to Change Venue in light of judicial economy and comity."). [1]

 The Federal Circuit has recognized the importance of staying cases during the pendency

of transfer motions as a means of upholding 28 U.S.C. 1404(a)'s intent to "prevent the waste 'of

time, energy, and money' and protect litigants, witnesses and the public against unnecessary

inconvenience and expense [. . . ] when defendants are forced to expend resources litigating

---

[1] This Court has also recognized the utility of a stay in the context of multi-district litigation.
S*ee also Sparling v. Doyle*, 2014 WL 12489985 (March 3, 2014) (granting temporary stay until
MDL panel renders decision on motion for transfer and consolidation).

substantive matters in an inconvenient venue while a motion to transfer lingers unnecessarily on the docket." *In re Google Inc.,* 2015 WL 5294800, at *1-2 (Fed. Cir. 2015) (internal citation omitted) (granting writ of mandamus and ordering a magistrate judge in the Eastern District of Texas to stay proceedings pending final resolution of a transfer motion filed 8 months prior and issue a decision on transfer within 30 days). Indeed, this is the very same procedure -- a stay pending a decision on transfer -- that Judge Yeakel employed in resolving Apple's recent motions to transfer 12 prior Uniloc cases from the WDTX to the NDCAL. Guaragna Decl., Ex. B June 12, 2018 Hearing Transcript at pp. 7-8, and 19.

**B.     All Relevant Factors Favor a Stay Pending a Decision on Transfer**

In this District, courts typically consider three factors in determining whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.,* 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *B & D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016). Here, all three factors favor a stay.

**1.     Factor One: A Stay Will Not Prejudice Uniloc**

Uniloc will not suffer any prejudice as a result of a stay pending a decision on transfer. In fact, should the case be transferred, Uniloc will benefit from proceeding once under the *Markman* procedures employed by the transferee forum. Avoiding duplication will benefit both Apple and Uniloc.

Uniloc will undoubtedly claim that even a short stay will cause prejudice by delaying recovery of the damages Uniloc is seeking. But this knee-jerk argument lacks merit for two simple reasons. First, a delay in recovering money damages cannot, of itself, constitute

4

sufficient prejudice to deny a stay because a plaintiff will always face that possibility when a stay is ordered. *SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1067 (W.D. Wisc. 2008) ("plaintiff's only real 'injury' is that it will have to wait for any money damages, which is always the case when a stay is imposed."). Second, Apple is seeking a stay of a very limited duration so that transfer issues are decided before other substantive issues are addressed. Given the current anticipated schedule, the stay will last approximately 2 to 3 months. In contrast, more than 17 months passed between when Uniloc first filed suit against Apple on this patent and when it filed this case asserting the same patent again.

In light of the overall case schedule and the ability to adjust several upcoming deadlines, even assuming a 90-day stay, this case could still go to trial within two years of filing. Uniloc cannot seriously claim that a two year schedule to trial is prejudicial, especially given its own delays. Therefore, this factor strongly favors a stay.

### 2.      Factor Two: Apple Will Suffer Hardship Absent a Stay

The Federal Circuit and Fifth Circuit agree that deciding transfer should be the Court's top priority in handling the case. *EMC Corp.,* 501 F. App'x at 975-76; *Horseshoe Entm't*, 337 F.3d at 433. Moving forward now with claim construction activities in this case will risk the very same "waste of time, energy and money" the Federal Circuit cautioned against in *EMC*. *EMC Corp.,* 501 F. App'x at 975-76. Indeed, if this case is transferred to the NDCAL, that court has its own local rules and *Markman* procedures that differ from those employed by this Court. In all likelihood, Apple will need to redo its claim construction submissions to comply with the NDCAL rules. In addition, should this Court issue claim constructions before deciding transfer, the transferee court may wish to conduct its own analysis and hearing, thus causing additional burden and expense. Conversely, by staying the *Markman* activity in this case for a short period of time while first deciding transfer, the risk of undue hardship is completely eliminated.

5

### 3. Factor Three: A Stay Will Conserve Judicial Resources

A stay pending a decision on transfer will conserve judicial resources as it eliminates the risk that the *Markman* proceedings will be conducted twice in two different courts. A stay will also avoid potential confusion as, absent a stay, a decision on transfer could be issued during the middle of claim construction briefing in this case. That could leave Apple and Uniloc in a situation where one set of briefs is filed in accordance with this Court's Order Governing Proceedings only to have subsequent briefing procedures governed by the NDCAL patent local rules, which differ from this Court's. A stay would also eliminate this likely confusion and uncertainty.

## IV. CONCLUSION

For the foregoing reasons, the Court should stay all case activity unrelated to transfer until a decision on transfer is rendered.

Dated: January 9, 2020                    Respectfully submitted,

By: */s/ John M. Guaragna*
    JOHN M. GUARAGNA
    Texas Bar No. 24043308
    **DLA PIPER LLP (US)**
    401 Congress Avenue, Suite 2500
    Austin, TX 78701-3799
    Tel: 512.457.7125
    Fax: 512.457.7001
    john.guaragna@dlapiper.com

    MARK FOWLER (*pro hac vice*)
    Bar No. 124235
    mark.fowler@dlapiper.com
    CHRISTINE K. CORBETT (*pro hac vice*)
    Bar No. 209128
    christine.corbett@dlapiper.com
    SUMMER TORREZ (*pro hac vice*)
    Bar No. 264858
    summer.torrez@dlapiper.com

**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

*ATTORNEYS FOR DEFENDANT APPLE INC.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Uniloc in a good-faith effort to resolve the matter presented herein. Counsel for Uniloc opposes the instant Motion.

*/s/ John M. Guaragna*
John M. Guaragna

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of January, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ John M. Guaragna*
John M. Guaragna

WEST\288819884.5