**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:19-cv-532<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |

**APPLE INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

**Page**

I.    Introduction ..................................................................................................... 1

II.   Argument ......................................................................................................... 1

      A.    All Relevant Sources of Proof Are Located In Or Around The NDCA ................ 1

      B.    The Availability of Compulsory Process to Secure Attendance At Trial
            Favors Transfer ..................................................................................... 2

      C.    All The Likely Trial Witnesses Are Located In Or Around The NDCA .............. 2

      D.    All Other Practical Problems That Make Trial Of A Case Easy,
            Expeditious and Inexpensive Favors Transfer ........................................... 5

III.  Conclusion ....................................................................................................... 5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fintiv, Inc. v. Apple Inc.*,
  18-cv-372-ADA, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) ...........................................2

*PersonalWeb Tech., LLC v. Google, Inc.*,
  2013 WL 9600333 (E.D. Tex. Mar. 21, 2013) ........................................................................4

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)...............................................................................................4

*Uniloc USA, Inc. v. Apple*,
  17-cv-258, Dkt. 40-2 (E.D. Tex. July 14, 2017).....................................................................5

*Uniloc USA, Inc. v. Apple Inc.*,
  17-cv-258, Dkt. 104 (E.D. Tex. Dec. 22, 2017) .................................................................1, 5

*Uniloc USA Inc. v. Box, Inc.*,
  No. 1:17-cv-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018) .......................................4

**Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................................4

i

I.      **INTRODUCTION**

Uniloc's Opposition amounts to nothing more than mudslinging, but none of it sticks because: (1) Uniloc has not identified a single, relevant trial witness in the WDTX, even after Uniloc had full and unfettered access to venue discovery; (2) Uniloc does not and cannot dispute that the likely trial witnesses from both Uniloc and Apple live and work in or around the NDCA, and (3) Uniloc's *speculation* about potential relevant information in the WDTX  is belied by the evidence of record.

II.     **ARGUMENT**

A.      **All Relevant Sources of Proof Are Located In Or Around The NDCA**

Uniloc speculates and relies on irrelevant information and arguments that already have been rejected by courts in the EDTX and WDTX who have determined that 21 prior cases between Apple and Uniloc should be transferred to the NDCA.

*First*, this a software case where the accused functionality resides in the operating system (Opp. at 1-2), which is designed and developed by engineers in the NDCA.  To try to resist transfer, Uniloc relies on the presence of Flextronics – a third party that assembles the Mac Pro desktop computer.  Uniloc has no basis to rely on Flextronics as there is no evidence suggesting that witnesses from Flextronics will be likely trial witnesses in this case, which Uniloc admits concerns software updates.  Uniloc was free to obtain discovery from Flextronics to try to identify a trial witness, but did not (because there are no such witnesses).

*Second*, the presence of Uniloc's physical documents in the EDTX does not warrant keeping this case in the WDTX.  Indeed, Judge Gilstrap previously determined that Uniloc's prosecution history and prior art files were publicly available, acquired electronically, and – along with settlement documents – kept electronically on servers located in California.  *See Uniloc USA, Inc. v. Apple Inc.*, 17-cv-258, Dkt. 104, at 7-8 (E.D. Tex. Dec. 22, 2017).

1

***Third***, there is no dispute that <u>all</u> of the relevant Apple documents are located in the NDCA.  Jaynes Decl., ¶¶ 23, 24, 28, 59-64.  There also is no dispute that the relevant source code is located in the NDCA, and will be made available for inspection in the NDCA.  Opp., Ex. 8 at ¶ 11.  Uniloc's reliance on the fact that documents can be accessed remotely improperly eviscerates the entire first transfer factor – "relative ease of access to sources of proof" – in every case involving digital records.  *See Fintiv, Inc. v. Apple Inc.*, 18-cv-372-ADA, 2019 WL 4743678 at *4 (W.D. Tex. Sept. 10, 2019) ("[U]nder current Fifth Circuit precedent, the physical location of electronic document[s] does affect the outcome of this factor.") (citation omitted).  The undisputed facts demonstrate that the relevant Apple sources of proof are located in California.  Jaynes Decl., ¶¶ 5, 21, 23, 44, 47, 62.

### B.     The Availability of Compulsory Process to Secure Attendance At Trial Favors Transfer

In an ironic (and meritless) twist, Uniloc identifies and attempts to rely on two prior art inventors, purportedly located in the WDTX, on patents that Apple did not even identify in its invalidity contentions (Garritt W. Foote and Thomas Van Weaver).  Opp. at 10; Guaragna Decl., Ex. 6.  There are no likely third-party witnesses in the WDTX subject to compulsory process and Uniloc's attempted reliance on alleged prior art witnesses that Apple did not even identify can't change that fact.

### C.     All The Likely Trial Witnesses Are Located In Or Around The NDCA

Uniloc agrees that "the convenience of witnesses is the single most important factor in the transfer analysis."  Opp. at 12.  There also is no dispute that <u>all</u> of the individuals who have been identified as likely trial witnesses are located in or around the NDCA.  And, despite having venue discovery from Apple, both in the -296 Case and this one, Uniloc has not identified a single, relevant trial witness located in the WDTX.

***Apple Witnesses***.  Apple identified four Apple employees with specific information

2

relating to the accused technology who reside in the NDCA. Mot. at 7, Ex. A, Jaynes Supp. Decl., at ¶¶ 59-64.  Uniloc does not dispute that these individuals are relevant and that they are located in the NDCA, and did not even attempt to depose them.  Instead, Uniloc claims that Apple cherry-picked these NDCA witnesses, but the unrebutted evidence shows that there is not a single relevant trial witness located in the WDTX.  This is not surprising.  Since 2013, sixty-two of the seventy-one (87%) times that Apple employees have testified live in patent trials across the United States, the employee was based in the NDCA.  The other nine times (13%) involved Apple employees in Oregon, Kansas, Washington D.C., New York, Colorado or in Europe.

To try to undermine Apple's overwhelming evidence, Uniloc responds with speculation and conjecture about persons who *might* be relevant – despite having an opportunity to collect any evidence to prove up its theories during venue discovery.  Each of Uniloc's speculative arguments should be rejected as they are refuted by the underline evidence Apple did provide.

First, Uniloc's reference to trial testimony from an unrelated, seven year old case should be disregarded.  The case and witness have no relevance here.  And Uniloc omitted the testimony confirming the inconvenient "time trade off" required when California-based employees working on products instead have to travel to Texas to support litigation.  Opp., Ex., 25 at 37:22-38:2.

Second, there is no evidence in the record to suggest that any of the Apple employees with the acronym CDN in their job title are likely trial witnesses.  However, there is evidence in the record refuting this assertion as Apple has testified that all of the team members who work on the accused technology are located in the NDCA.  Jaynes Decl., at ¶¶ 24, 59-64; Guaragna Decl., Ex. 7, Jaynes Depo., at 116:8-14, 127-2:11, 143:23-144:10, 155:25-156:22, 166:19-167:20, 177:11-178:3.  Consistent with this fact, CDN servers are not even identified in Uniloc's infringement contentions.  If Uniloc truly believed that any of these individuals might actually be

trial witnesses it could have deposed them, but again, it did not.

Third, none of the publicly available articles or job postings Uniloc identifies show that witnesses relating to the accused technology are located in the WDTX.  Again, the uncontroverted evidence demonstrates that the teams who work on the accused technology are all in the NDCA.  Jaynes Decl., at ¶¶ 24, 59-64.

Fourth, Uniloc has not established that Ms. Dumareille, "senior advisor on iOS issues" in the AppleCare department  has any knowledge relevant to this case or will ever be called to testify at trial.  Again, Uniloc could have, but did not, depose Ms. Dumareille.  *See Uniloc USA Inc. v. Box, Inc.*, No. 1:17-cv-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018) (declining to rely on identification of witnesses who had no involvement with the accused product).

Lastly, Uniloc's reliance on filings from the NDCA *Grace* case is actually consistent with Apple's identification of Deidre Caldbeck as an appropriate marketing witness.  The cited exhibit shows that Ms. Caldbeck was the person with product knowledge providing content and direction to a technical writer.  *See e.g.,* Opp., Ex. 28.  Uniloc's conclusion about Ms. Titus seems to be that Apple has employees in Texas; that is neither contested nor relevant.

***Uniloc Witnesses***. Three of Uniloc's board members live and work in the NDCA.  Opp., Ex. 19 at ¶ 2, Ex. 20 at ¶ 2, Ex. 21 at ¶ 2.  One of Uniloc's employees lives in Northern California and the other two live in Southern California. Mot. at 6.  Rather than acknowledging these facts, Uniloc offers self-serving declarations from its board members professing their willingness to travel to Waco.  Allowing a plaintiff to ground a case in a jurisdiction based on its employees' willingness to travel there would allow plaintiff's preference of jurisdiction to trump Section 1404(a) in all cases.  *In re TS Tech USA Corp.,* 551 F.3d 1315, 1320 (Fed. Cir. 2008).  And because such declarations are non-binding, courts have declined to factor the plaintiff's "willingness to travel to Texas into its transfer analysis."  *See, e.g., PersonalWeb Tech., LLC v.*

*Google, Inc.*, 2013 WL 9600333, at *8 n.14 (E.D. Tex. Mar. 21, 2013).

Uniloc also identifies two of its employees, Sarah Gallegos and Sharon Seltzer, located in Plano, Texas.  Opp. at 8.  Setting aside the fact that neither of these witnesses are located in the WDTX, Uniloc never indicates any intention to call them as trial witnesses.  In fact, after Uniloc identified Ms. Seltzer in past cases to avoid transfer, Apple sought to depose Ms. Seltzer, and Uniloc responded by demanding Apple "put off" her deposition and "withdraw [the] notices" because she had "relatively little information to provide."  *See Uniloc USA, Inc. v. Apple*, 17-cv-258, Dkt. 40-2 (E.D. Tex. July 14, 2017).  And, courts have rejected Uniloc's representations that its Plano-based witnesses, including Ms. Seltzer were likely trial witnesses.  *See Uniloc USA, Inc. v. Apple*, 17-cv-258, Dkt. 104, at 15 (E.D. Tex. Dec. 22, 2017) (contrary to Uniloc's representations, discovery revealed that Uniloc does not consider Sharon Seltzer to have relevant information).

### D.    All Other Practical Problems That Make Trial Of A Case Easy, Expeditious and Inexpensive Favors Transfer

Contrary to Uniloc's representations, transferring this case to the NDCA will be more efficient.  For example, the parties are disputing protective order provisions in this case that have already been resolved by the Courts in the NDCA; conflicting protective order provisions might require re-production of documents and source code, possibly with different production protocols, and differing access control to a variety of overlapping people.  The same discovery disputes, already litigated, may be re-hashed in front of different judges.  Substantive disputes like standing and subject matter jurisdiction may be duplicated as well.  There will be little opportunity to align schedules with the 19 NDCA cases.  In addition, all of the NDCA cases have been referred to Magistrate Judge Spero for mediation purposes.

## III.   CONCLUSION

For the foregoing reasons, this case should be transferred to the NDCA.

5

WEST\289492700.13

Dated:  February 20, 2020

Respectfully submitted,

By:  */s/ John M. Guaragna*
JOHN M. GUARAGNA (Bar No. 199277)
john.guaragna@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

MARK FOWLER *(pro hac vice)*
Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT *(pro hac vice)*
Bar No. 209128
christine.corbett@dlapiper.com
SUMMER TORREZ *(pro hac vice)*
Bar No. 264858
summer.torrez@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

*ATTORNEYS FOR DEFENDANT APPLE INC.*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on February 20, 2020, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna

WEST\289492700.13