**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>   Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No. 6:19-CV-00532-ADA |

**PLAINTIFF UNILOC 2017 LLC'S
RESPONSIVE CLAIM CONSTRUCTION BRIEF**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   "Known [Acceptable/Unacceptable] Configurations For the Electronic Device" ............. 1

    A.   The Term "List of . . . Configurations" Does Not Require "Two or More" Configurations .................................................................................................... 1

    B.   "Known" Does Not Mean "Previous Determined . . . Without Requiring Additional Investigation" ................................................................................... 3

    C.   "For the Electronic Device" Does Not Mean "On the Specific Electronic Device" ............................................................................................................... 6

II.  "At Least One of a List of Known Acceptable Configurations for the Electronic Device and a List of Known Unacceptable Configurations for the Electronic Device" .................................................................................................................. 8

III. CONCLUSION ..................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Cases**

*3rd Eye Surveillance, LLC v. United States*
    140 Fed. Cl. 39 (2018) ............................................................................................... 8

*Albritton v. Acclarent, Inc.*
    Civil Action No. 3:16-CV-03340-M, 2019 U.S. Dist. LEXIS 58496
    (N.D. Tex. Jan. 16, 2019) ........................................................................................... 4

*Baldwin Graphic Sys., Inc. v. Siebert, Inc.*
    512 F.3d 1338 (Fed. Cir. 2008) ................................................................................. 7

*Dayco Prods., Inc. v. Total Containment, Inc.*
    258 F.3d 1317 (Fed. Cir. 2001) ................................................................................. 2

*DealerTrack, Inc. v. Huber*
    674 F.3d 1315 (Fed. Cir. 2012) ................................................................................. 3

*Every Penny Counts, Inc. v. Bank of Am. Corp.*
    No. 2:07-CV-42-FtM-29SPC, 2008 U.S. Dist. LEXIS 75672
    (M.D. Fla. Sep. 29, 2008) .......................................................................................... 2

*Flash Seats, LLC v. Paciolan, Inc.*
    Civil Action No. 07-575-JJF, 2010 U.S. Dist. LEXIS 4181(D. Del. Jan. 19, 2010) ........... 2

*GE Lighting Solutions, LLC v. AgiLight, Inc.*
    750 F.3d 1304 (Fed. Cir. 2014) ................................................................................. 3

*Liebel-Flarsheim Co. v. Medrad, Inc.*
    358 F.3d 898 (Fed. Cir. 2004) ................................................................................... 3

*MOAEC, Inc. v. Pandora Media, Inc.*
    No. 07-CV-654-BBC, 2008 U.S. Dist. LEXIS 76523 (W.D. Wis. Sep. 30, 2008) ............. 2

*Omega Eng'g, Inc. v. Raytek Corp.*
    334 F.3d 1314 (Fed. Cir. 2003) ................................................................................. 3

*Optis Wireless Tech. LLC v. ZTE Corp.*
    No. 2:15-CV-300-JRG-RSP, 2016 U.S. Dist. LEXIS 52657
    (E.D. Tex. Apr. 19, 2016) .......................................................................................... 5

*Radware, Ltd. v. A10 Networks*, Inc.
    No. C-13-2021 RMW, 2014 U.S. Dist. LEXIS 55913
    (N.D. Cal. Apr. 18, 2014) .......................................................................................... 8

*Red River Fiber Optic Corp. v. Verizon Servs. Corp.*
    No. 3-11-CV-1010-L-BD, 2012 U.S. Dist. LEXIS 117526
    (N.D. Tex. Feb. 14, 2012) .................................................................................................. 5

*Salazar v. Procter & Gamble Co.*
    414 F.3d 1342 (Fed. Cir. 2005) ......................................................................................... 5

*SuperGuide v. DirectTV*
    358 F.3d 870 (Fed. Cir. 2001) ......................................................................................... 10

*Versa Corp. v. Ag-Bag Int'l Ltd.*
    392 F.3d 1325 (Fed. Cir. 2004) ......................................................................................... 2

Pursuant to the Court's February 26, 2020 Text Order granting the Parties' Agreed Motion to Extend Scheduling Order Deadlines, Plaintiff Uniloc 2017 LLC respectfully submits this Responsive Claim Construction Brief.  For the reasons below, Uniloc respectfully requests that the Court adopt Uniloc's positions and reject Apple's proposed constructions.

## I.     "Known [Acceptable/Unacceptable] Configurations For the Electronic Device"

This term contains understandable words.  The terms "known, "acceptable/unacceptable," "configurations," and "for the electronic device" are generally understandable, and Apple does not provide definitions for these terms that will further help the jury.  Apple instead replaces this phrase with a convoluted construction that includes a negative limitation: "at least two sets of hardware or software components that were previously determined [to be/not to be] compatible with each other on the specific electronic device without requiring additional investigation."  Apple does so without a sufficient hook in the record, instead limiting the claims to Apple's reading of certain embodiments and cobbling together statements from the *Inter Partes* Review proceedings.  None of that redefines the claims or limits these words in the way Apple proposes.

### A.     The Term "List of . . . Configurations" Does Not Require "Two or More" Configurations

This term is not simply "configurations," but a "list of configurations."  A list of items, in ordinary English, can have one item.  And, as disclosed in the Patent, those in the computer field would understand that a list of items (such as a "set") could be an empty list, *e.g.*, a null set.  *E.g.*, '088 Patent, at 5:4–10 (discussing a "set of potential upgrade configurations" that is "determined . . . to be empty"); *id.* at Fig. 2, element 112 ("set empty" decision).

Apple proposes its construction because the term "configurations" is written in the plural. But whether a term is written in the plural is not dispositive.  "[I]n context, the plural can describe a universe ranging from one to some higher number, rather than requiring more than one item."

*Versa Corp. v. Ag-Bag Int'l Ltd.*, 392 F.3d 1325, 1330 (Fed. Cir. 2004) (citing *Dayco Prods., Inc. v. Total Containment, Inc.*, 258 F.3d 1317, 1328 (Fed. Cir. 2001)) (concluding that term "channels" did not require more than one channel forming structure); *see also Flash Seats, LLC v. Paciolan, Inc.*, Civil Action No. 07-575-JJF, 2010 U.S. Dist. LEXIS 4181, at *24-25 (D. Del. Jan. 19, 2010) (construing term "asks" to mean "one or more asks . . ." where nothing in the Patent "strictly precludes use of the invention in connection with a single seller that provides a single 'ask'"); *MOAEC, Inc. v. Pandora Media, Inc.*, No. 07-CV-654-BBC, 2008 U.S. Dist. LEXIS 76523, at *18-20 (W.D. Wis. Sep. 30, 2008) (concluding that the term "music selections . . . are selected" did not require at least two music selections where "such a limitation would be nonsensical when considered in context of the invention's purpose"); *Every Penny Counts, Inc. v. Bank of Am. Corp.*, No. 2:07-CV-42-FtM-29SPC, 2008 U.S. Dist. LEXIS 75672, at *16-17 (M.D. Fla. Sep. 29, 2008) (construing term "account" as "one or more accounts" where "[t]he specifications . . . do not limit the invention to multiple accounts").

In this case, the term "configurations" does not require a list with at least two items. There is nothing in the Patent about the invention requiring two or more configurations in the list versus one configuration (or no configuration). Apple's limitation is unrelated to the invention and does not further the purpose of the invention. The Patent also discloses a "set of potential upgrade configurations"—also written as "configurations" plural—that is an empty list. '088 Patent, at 5:4–10. This disclosure of an empty list shows that, in the context of the Patent, a "list of . . . configurations" is not limited to a list with two or more configurations. That is consistent with common usage that a "list" of items, *e.g.*, a list of groceries, does not require two or more items.

In response, the most Apple can point to from the intrinsic record is that Figure 1 shows multiple acceptable and unacceptable configurations (the solid and dashed lines). Apple Opening

Br., at 9 (citing '088 Patent, at Fig. 1, 3:14).  But Figure 1 is only a preferred embodiment of the invention, '088 Patent, at 3:3–5, and nothing about the number of configurations is described as critical, or even important, to the invention.  In the absence of that type of clear statement, it would be inappropriate to further limit the claims.  *GE Lighting Solutions, LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014) ("'[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.'") (quoting *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004)).

The invention provides a reconfiguration manager that controls upgrades to electronic devices.  Its purpose can be met irrespective of the number of configurations the manager deems acceptable or unacceptable in a list.  Uniloc respectfully requests that the Court reject Apple's importation of "two or more" configurations into the claims.

### B.     "Known" Does Not Mean "Previous Determined . . . Without Requiring Additional Investigation"

There is no need to construe these words.  The term "known" is a regular English word.  The Patent uses the term known over 40 times, and it is understandable on its own without further construction.

Apple adds a negative limitation ("without requiring additional investigation") on the basis of alleged disclaimer in Uniloc's Preliminary Patent Owner's Response ("POPR") in the *Inter Partes* Review Proceedings.  The standard to find disclaimer is exacting—the statement must be "both so clear as to show reasonable clarity and deliberateness, and so unmistakable as to be unambiguous evidence of disclaimer."  *DealerTrack, Inc. v. Huber*, 674 F.3d 1315, 1322 (Fed. Cir. 2012) (quoting *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1325–26 (Fed. Cir. 2003) (internal citations and parentheticals omitted)).  That is especially true for a negative limitation.

*See Albritton v. Acclarent, Inc.*, Civil Action No. 3:16-CV-03340-M, 2019 U.S. Dist. LEXIS 58496, at *12 (N.D. Tex. Jan. 16, 2019) ("It is generally improper to import negative limitations when construing a claim term, unless the patent contains an explicit disavowal.").

That exacting standard is not met in this case.  The portion of Uniloc's POPR that Apple cites does not include the words "additional investigation" or distinguish the claims based on Apple's negative limitation:

> In other words, *Cole* merely looks to apply any and all code updates that are stored in its content server 17, without regard for the specific electronic device and certainly not utilizing a list of <u>known</u> acceptable/unacceptable configurations for the specific electronic device. Cole makes this clearer in stating:
>
>> "In the illustrated embodiment, this determination is made by correlating the meta data in data base 13 to the basic system information obtained from client 14. Matches between the meta data and the basic system information indicate that the corresponding code updates are **potentially appropriate** for client 14."
>
> EX1002, 3:62-4:1 (emphasis added).
>
> As disclosed above, the system of Cole merely iterates through every available code update available, without information or knowledge about known acceptable or unacceptable configurations for the electronic device, as is required by the claim language. Even a match of *Cole*'s "meta data" can only be described by Cole as a **potentially appropriate**.

Dkt. 33-6, at 8–9 (emphases in original).  All the above passage states is that *Cole* looks to "code updates" or "meta data" that is potentially appropriate.  Nothing in that passage mentions, let alone disclaims, systems in which "additional investigation is required" or adds Apple's negative limitation to the claims.   Indeed, Uniloc's entire POPR does not include the word "investigation" (or its variants).  There is no disclaimer.

The Board's decision also does not support Apple's disclaimer argument. It is well-settled that "[a] statement by the Board does not operate as a disavowal" because it is not attributable to the patentee. *Red River Fiber Optic Corp. v. Verizon Servs. Corp.*, No. 3-11-CV-1010-L-BD, 2012 U.S. Dist. LEXIS 117526, at *29 (N.D. Tex. Feb. 14, 2012); *see also id.* at *52 ("[A] statement by the Board, rather than by the patentee, does not constitute a 'clear and unmistakable' disclaimer of claim scope."); *Optis Wireless Tech. LLC v. ZTE Corp.*, No. 2:15-CV-300-JRG-RSP, 2016 U.S. Dist. LEXIS 52657, at *60 (E.D. Tex. Apr. 19, 2016) ("Defendants' reliance on the examiner's Reasons for Allowance to support such a limitation is unavailing because an examiner's unilateral statement cannot alone work a disclaimer to limit the claims.") (citing *Salazar v. Procter & Gamble Co.*, 414 F.3d 1342, 1345–47 (Fed. Cir. 2005)). The Board's independent statements are thus not a disclaimer of the term "known" that binds Uniloc.

The Board's statements also do not require Apple's negative limitation on the merits. The Board concluded that *Cole*'s disclosure of "potentially appropriate" was "indecisive language," not "the required decisive language of 'known'"—a difference that the Board found Apple did "not explain persuasively, if at all." Dkt. 33-3, at 11–12. As part of that factual finding, the Board described *Cole* as disclosing that "[a] further recognition step is necessary . . . to actually investigate the hardware, software, and other components of the client computer. . . ." *Id.* at 12. That is the only usage of an "investigate" term in the Board decision. And that factual statement by the Board is not the type of clear-and-unmistakable disclaimer of claim scope that is required to read Apple's negative limitation into the claims. Indeed, in finding that Apple failed to prove institution, the Board did not find any disclaimer or further construe the term "known"—which it had already construed as "previously determined." *Id.* at 8.

The Board ultimately concluded that Apple failed to meet its burden to institute proceedings based on the *Cole* reference. *See* Ex. A, at 4 (finding that Apple's position was a "mere disagreement with the inference drawn from Cole's description and [the Board's] determination that the Petition lacked persuasive argument in this regard"). Apple disagrees with the Board's factual finding. But that is not a basis to remold the claims —especially based on statements made by the Board and not by Uniloc.[1]

The remainder of Apple's evidence also does not warrant importing a negative limitation. Apple asserts that the functionality in the specification "'ensures that upgrades are compatible with the configuration of a given device before they are implemented in that device,' thus no additional investigation into the compatibility of the upgrades with the device is required." Apple Opening Br., at 12 (quoting '088 Patent, at 2:55–58). But the specification never uses the term "investigation" or "investigate"—not in that passage or anywhere else. And the portion of the Patent that Apple cites simply explains that compatibility is determined "before [the upgrades] are implemented in the device." That language does not speak to whether any additional investigation is required. It says that compatibility is determined before the upgrade is implemented.

In sum, Apple has not shown that the record requires its negative limitation of "without requiring additional investigation." For that reason, Uniloc respectfully requests that the Court decline to import that limitation into these claims.

    **C.**     **"For the Electronic Device" Does Not Mean "On the Specific Electronic Device"**

---

[1] Indeed, Apple is re-litigating the *Cole* reference in this case—and asserting that *Cole*'s disclosure of "code updates [that] are potentially appropriate" meets the "known" language of the claims. Ex. B, at 25.

The claims also do not require the limitation that the "list" is "*on the specific* electronic device." Apple does not provide a definition of "electronic device"; it simply changes the claim language from a "list of known [acceptable/unacceptable] configurations *for the electronic device*" as a "list" that is "*on the specific electronic device*." The specification weighs against writing the claims in that way, as Apple's construction would read out a preferred embodiment from the scope of the claims. *See* '088 Patent, Fig. 1, 3:14–51 (describing embodiment in which the "list" is present in a "reconfiguration manager" that "interacts with an electronic device").

Apple's proposed construction is based on alleged disclaimer in Uniloc's POPR, and, again, Apple is unable to clear the high bar required to support its construction. All of the statements that Apple points to simply state that the "list of known [acceptable/unacceptable] configurations" is "for a specific electronic device." Apple Opening Br., at 13. The plain claim language already speaks to that issue based on use of "the" electronic device in the claims.

Claim 1, for example, recites that "[a] processor-implemented method for controlling the reconfiguration of *an* electronic device," "receiving information representative of a reconfiguration request relating to *the* electronic device," and then utilizing "a list of known [acceptable/unacceptable] configurations for *the* electronic device." '088 Patent, claim 1. Based on the use of the term "the" on the subsequent recitations of "the electronic device," the claims refer to the same one or more "electronic device" elements across the various limitations. *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1342-43 (Fed. Cir. 2008) (explaining use of indefinite article "an" and subsequent uses of "the" or "said" to refer to the same element). Apple's proposed construction is, at a minimum, unnecessary and potentially confusing to the jury. That is because Apple's construction would imbue the "list" term with a "specific electronic device" gloss, while that same "electronic device" term in other claim elements would be unconstrued.

The "electronic device" element in the "list" is the same element recited earlier.  That is all that Uniloc was conveying in the POPR.

Apple's proposed construction is also incorrect because it changes the word "*for*" the electronic device" to "*on*" the electronic device.  This change lacks support in the intrinsic record—including the statements that Apple reproduces in its brief.  The claimed "list" is *for* the device.  It is not something that is necessarily *on* the device.  Nor does the list necessarily reflect a compatibility determination that was made *on* the device.  Because Apple's construction lacks support in the intrinsic record, Uniloc respectfully requests that the Court reject it.

## II. "At Least One of a List of Known Acceptable Configurations for the Electronic Device and a List of Known Unacceptable Configurations for the Electronic Device"

This term does not require the claims to use *both* lists.  That construction would read out the language "at least one of," and courts addressing similar optional language—at least one of A and B—have rejected Apple's position for that reason and construed the claims in the way Uniloc proposes: A or B or both.  *See, e.g.*, *Radware, Ltd. v. A10 Networks*, Inc., No. C-13-2021 RMW, 2014 U.S. Dist. LEXIS 55913, at *22-23 (N.D. Cal. Apr. 18, 2014) ("at least one of hops and latency"); *3rd Eye Surveillance, LLC v. United States*, 140 Fed. Cl. 39, 69 (2018) ("at least one of the additional information and the imagery data").  The claims themselves further weigh against Apple's construction: dependent claim 4 is expressly limited to only using the "list of known unacceptable configurations," '088 Patent, claim 4, and if claim 1 already required using *both* lists, then claim 4 would be surplusage and unnecessary.

Apple does not address the plain claim language or the difference in the claims.  It instead asserts that the specification only describes the invention as requiring both lists.  Apple Opening Br., at 14–15.  That is incorrect, *see* Uniloc Opening Br., at 10, but, at a minimum, Apple has not

shown that the specification contains the type of clear disclaimer that would limit the plain claim language in view of the plain claim language and dependent claims such as claim 4.

Apple also incorrectly argues disclaimer because Uniloc used an "and" in its POPR when discussing the two lists. But the next sentence from the POPR, which Apple omits, shows that Uniloc was using the "and" in that sentence disjunctively (like the claims do) and not conjunctively: "In other words, the claim language requires that *the list contain previously determined acceptable or unacceptable configurations* specific to the electronic device in question. *Cole* fails to disclose either such list." Dkt. 33-6, at 7–8 (emphasis added); *see also id.* at 11 ("Similar to *Cole*'s deficiencies, nothing in *Pitzel* discloses either a list of <u>known</u> acceptable configurations or a list of <u>known</u> unacceptable configurations <u>for the electronic device</u>, as required by the claim language.") (emphases in original); *id.* at 12 ("In other words, the claim language requires that *the list contain previously determined acceptable or unacceptable configurations* specific to the electronic device in question.") (emphasis added). These statements further confirm that the claims do not require *both* lists.

Apple has also recognized that the claims do not necessarily require both lists. Apple's Petition for *Inter Partes* Review stated that the Patent Office "appears to have interpreted" this limitation as "requiring *only one* of a list of known acceptable configurations *or* a list of known unacceptable configurations." Dkt. 33-5, at 23–24 n.5 (emphases in original). Apple's technical expert in the *Inter Partes* Review proceedings also came to the same conclusion. Ex. C, at 33–34 n.5. Apple did not address this evidence in its Opening Brief.

Apple also attached the Patent Office's Notice of Allowance to its Petition. Apple asserted that the Notice appeared to "equate an 'acceptable list' with 'one of an acceptable and an unacceptable list,'" Dkt. 33-5, at 24 n.5, as shown in the text of the Notice of Allowance below:

> The following is an examiner's statement of reasons for allowance: The applicant argues that Carrol fails to teach "receiving information representative of a configuration request". However, see Carrols fig. 3, item 320 (placing order). The placing of a order is inherently "information representative of a request". It is further specified that Carrol does not teach or suggest *comparing the determined (requested) component and at least one additional component to at least one of an acceptable or an unacceptable list*. Carrol, as indicated in the previous action compares the requested component with *an acceptable list (one of an acceptable and an unacceptable list)*; however, he does not teach or suggest comparing an additional component with one of the list in response to a request. Therefore, the claims are allowable over the art of record.

Ex. D, at 2 (emphases added). Apple's technical expert in the *Inter Partes* Review proceedings also reached the same conclusion from the Notice. Ex. C, at 33–34 n.5. Apple did not address the Notice of Allowance in its Opening Brief.

The Notice of Allowance, as Apple previously recognized, reflects the understanding that the claims do not require **both** lists—they only require at least one of those lists. That understanding is consistent with the plain language of the claims, the different usage of the "lists" in the claims, and the balance of the intrinsic record discussed above.

Finally, Apple is incorrect that *SuperGuide v. DirectTV* applies to this case. , 358 F.3d 870 (Fed. Cir. 2001). As Uniloc explained in its Opening Brief, multiple courts have declined to apply *SuperGuide* for the same reasons that apply here: (1) the claims only contain two parameters separated by an "and"—not a longer list; (2) the claim terms relate to two types of lists, not categories comprised of many possible values from which users must choose "at least one of" for the invention's purpose to be served; and (3) the intrinsic record does not restrict the claims to a comparison using both lists. *See* Uniloc Opening Br., at 11–12 (collecting authority). For these reasons, Uniloc respectfully requests that the Court reject Apple's proposed construction and decline to construe this term.

## III.  CONCLUSION

For the foregoing reasons, Uniloc respectfully requests that the Court enter an order adopting Uniloc's proposed constructions and rejecting the positions advanced by Apple in its constructions.

Dated: February 28, 2020

Respectfully submitted,

By: /s/Christian J. Hurt
William E. Davis, III, *Lead Attorney*
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff*
*Uniloc 2017, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a).  As such, this document is being served on all counsel who are deemed to have consented to electronic service.  Any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by first class U.S. mail on this 28th day of February, 2020.

/s/ Christian J. Hurt
Christian J. Hurt