IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 6:19-CV-00532-ADA |

**APPLE INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................... 1

II. AGREED CONSTRUCTIONS ............................................................................... 1

III. APPLE'S PROPOSED CONSTRUCTIONS SHOULD BE ADOPTED .......... 1

    A. "known [acceptable/unacceptable] configurations for the electronic device" ......................................................................................................... 1

        1. "Configurations" ...................................................................................... 2

        2. "known acceptable/unacceptable configurations" .................................... 5

        3. "for the electronic device" ........................................................................ 6

    B. "at least one of a list of known acceptable configurations for the electronic device and a list of known unacceptable configurations for the electronic device" ........................................................................................ 7

IV. CONCLUSION ........................................................................................................ 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*3rd Eye Surveillance, LLC v. United States*,
   140 Fed. Cl. 39 (2018) ...................................................................................................11

*Auto Techs. Int'l v. BMW of N. Am.*,
   01-CV-71700-DT, 2004 U.S. Dist. LEXIS 30593 (E.D. Mich. Mar. 31, 2004) .....................12

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017).....................................................................2, 5, 6, 8

*Biogen Idec, Inc. v. GlaxoSmithKline LLC*,
   713 F.3d 1090 (Fed. Cir. 2013).......................................................................................8

*Blue Calypso, Inc. v. Groupon, Inc.*,
   93 F. Supp. 3d 575 .........................................................................................................4

*Digital Biometrics, Inc. v. Identix, Inc.*,
   149 F.3d 1335 (Fed. Cir. 1998).......................................................................................8

*Every Penny Counts, Inc. v. Am. Express Co.*,
   563 F.3d 1378 (Fed. Cir. 2009).......................................................................................2

*Fujifilm Corp. v. Motorola Mobility LLC*,
   No. 12-CV-03587-WHO, 2015 U.S. Dist. LEXIS 35235 (N.D. Cal. Mar. 19,
   2015) ...........................................................................................................................12

*Gillespie v. Dywidag Systs. Int'l, USA*,
   501 F.3d 1285 (Fed. Cir. 2007).......................................................................................8

*Intellectual Ventures II LLC v. FedEx Corp.*,
   No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 196453 (E.D. Tex. Nov. 29,
   2017) .............................................................................................................................4

*Inventio AgG v. ThyssenKrupp Elevator Ams. Corp.*,
   718 F. Supp. 2d 529 (D. Del. Jun. 14, 2010) ................................................................12

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
   333 F. Supp. 2d 513 (E.D. Va. Aug. 25, 2004).............................................................12

*LMT Mercer Group, Inc. v. Me. Ornamental, LLC*,
   CV 10-4615, 10-6699-FLW, 2014 U.S. Dist. LEXIS 5718 (D.N.J. Jan. 16,
   2014) ...........................................................................................................................11

# TABLE OF AUTHORITIES
# (CONTINUED)

**Page(s)**

*Lodsys, LLC v. Brother Int'l Corp.*,
   No. 2:11-CV-00090-JRG, 2013 U.S. Dist. LEXIS 85614 .......................................................4

*Modine Mfg. Co. v. Borg-Warner, Inc.*,
   12-CV-815-JPS, 2013 U.S. Dist. LEXIS 148269 (E.D. Wis. Oct. 15, 2013) ..........................12

*N. Am. Container, Inc. v. Plastipak Packaging, Inc.*,
   415 F.3d 1335 (Fed. Cir. 2005) ................................................................................................9

*NobelBiz, Inc. v. Global Connect, LLC*,
   701 F. App'x 994 (fed. Cir. July 19, 2017) ..............................................................................2

*O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*,
   521 F.3d 1351 (Fed. Cir. 2008) ................................................................................................2

*Radware, Ltd. v. A10 Networks, Inc.*,
   No. C-13-2021 RMW, 2014 U.S. Dist. LEXIS 55913 (N.D. Cal. Apr. 18,
   2014) ......................................................................................................................................11

*Southwall Techs., Inc., v. Cardinal IG Co.*,
   54 F.3d 1570 (Fed. Cir. 1995) ..................................................................................................8

*SuperGuide Corp. v. DirectTV Enterprises, Inc.*,
   358 F.3d 870 (Fed. Cir. 2004) ..............................................................................10, 11, 12, 13

*Touchtunes Music Corp. v. Rowe Int'l Corp.*,
   727 F. Supp. 2d 226 (S.D.N.Y. Jul. 22, 2010) .......................................................................12

*Uship Intellectual Properties, LLC v. United States*,
   714 F.3d 1311 (Fed. Cir. 2013) ................................................................................................9

**Other Authorities**

Webster's New World Dictionary, 1997 ........................................................................................3

**I.      INTRODUCTION**

The parties' opening briefs demonstrate why Apple's constructions—which are supported by the claims, the specification and Uniloc's own binding disclaiming statements to the Patent Trial and Appeal Board ("PTAB") in *inter partes* review ("IPR") proceedings—should be adopted.

**II.     AGREED CONSTRUCTIONS**

| Term | Apple's Construction |
|---|---|
| "list" | any stored representation of information indicative of component compatibility[1] |

**III.    APPLE'S PROPOSED CONSTRUCTIONS SHOULD BE ADOPTED**

   **A.     "known [acceptable/unacceptable] configurations for the electronic device"**

| Term | Apple's Construction | Uniloc's Construction |
|---|---|---|
| "known acceptable configurations for the electronic device" | at least two sets of hardware or software components that were previously determined to be compatible with each other on the specific electronic device without requiring additional investigation | Plain and ordinary meaning |
| "known unacceptable configurations for the electronic device" | at least two sets of hardware or software components that were previously determined not to be compatible with each other on the specific electronic device without requiring additional investigation | Plain and ordinary meaning |

Uniloc first argues that "[t]hese terms are readily understandable and do not require further construction." Dkt. 34 ("Uniloc Op. Br.") at 4. However, in defending the alleged validity of the '088 patent in the -00056 IPR proceeding, Uniloc staked out a particular meaning of this term with

---

[1] The parties previously agreed to construe the term "list" as meaning "any stored representation of information indicative of component compatibility." In its opening brief, Uniloc states that the agreed construction of "list" is "any stored representation of information indicative of component *capability*." Uniloc Op. Br. at 3 (emphasis added). Apple assumes the word "capability" in Uniloc's construction was a typographical error and should have been "compatibility."

1

the PTAB. Uniloc's current positon conflicts with what it told the PTAB, and Uniloc is bound by its prior disclaiming statements to the PTAB. These claim limitations must be construed for this reason alone. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017).

Moreover, given the parties' substantive dispute over the meaning of these claim limitations, there is no merit to Uniloc's argument that there is nothing that "require[s] further definition for a jury to understand," and that "Apple's proposed construction does not define or explain these terms in a way that is more understandable for the ultimate fact-finder than the plain claim language." Uniloc Op. Br. at 4. In this regard, it is well-established that "[w]hen the parties raise an actual dispute regarding the proper scope of [a claim term], the court, not the jury, must resolve that dispute." *O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Here, the parties have a significant dispute over the meaning of these claim limitations, and the Court should therefore determine their meaning. *Id.*; *see also NobelBiz, Inc. v. Global Connect, LLC*, 701 F. App'x 994, 997 (Fed. Cir. July 19, 2017) ("The district court had the responsibility to determine the scope of the asserted claims, and '[a] determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate … when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute.'") (citation omitted); *Every Penny Counts, Inc. v. Am. Express Co.*, 563 F.3d 1378, 1383 (Fed. Cir. 2009) ("[T]he court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury. … In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved.").

### 1.   "Configurations"

Uniloc seeks to broaden the word "configurations," which is plural, to encompass only a single "configuration." Uniloc Op. Br. at 4-5. Not only is this at odds with basic grammar, nothing in the patent suggests that "configurations" encompasses only a single configuration.

2

In attempting to justify its broadening construction, Uniloc argues that: (1) the claims recite a "list" of "configurations"; and (2) the specification and the claims allegedly disclose a list of only one configuration. Uniloc Op. Br. at 5. Neither of these points has any merit.

*First*, the claims require a "list" of "configurations" (in the plural). The claim itself thus requires more than one configuration on the claimed list. While Uniloc argues that the "ordinary" meaning of "list" encompasses a single item, it provides no support for that contention and, in any event, the parties already have agreed to construe "list" in a manner outside the "ordinary" meaning of the word (*i.e.*, by construing "list" to mean "any stored representation of information indicative of component compatibility"). And even if the ordinary meaning of the term were to apply, a "list" is defined as a "*series* of names, words, numbers, etc. set forth in order." Declaration of John Guaragna In Supp. Of Apple's Responsive Claim Construction Brief ("Second Guaragna Decl."), Ex. J (Webster's New World Dictionary, 1997) at 788-789 (emphases added). The '088 patent is consistent with this usage of the term and never discloses a list of acceptable or unacceptable configurations as including only a single configuration. *See* Declaration of John Guaragna In Supp. Of Apple's Opening Claim Construction Brief ("First Guaragna Decl."), Ex. A ('088 patent) at Abstract, 2:37-47, 3:28-30, 4:64-5:3, 5:19-25, Fig. 1. Moreover, contrary to Uniloc's suggestion, nothing in the parties' agreed-upon construction of "list" suggests that the list may consist of only a single item—the balance of the claim limitation expressly provides that the "list" includes "configurations" in the plural.

*Second*, the portions of the specification and the dependent claim cited by Uniloc do not support its contention that the claimed list may include only a single configuration. The first cited portion of the specification—column 5:4-10—states that "[i]f the resulting set of potential upgrade configurations is determined in step 112 to be empty, the reconfiguration manager in step 114

3

denies the upgrade." However, the "potential upgrade configurations" in this passage does not correlate to the "acceptable configurations" or "unacceptable configurations" that are recited in the claim limitations at issue here. Rather, as described in the second portion of the specification cited by Uniloc—column 4:66-5:3—the "resulting set of potential upgrade configurations" that is determined in step 112 is the result of a search that is performed on the "set of known good configurations" (in the plural) that is at issue here. First Guaragna Decl., Ex. A ('088 patent) at 4:66-5:3, Fig. 2 (steps 110, 112).

Uniloc also focuses on the use of the word "one" in the specification's statement "one of the known bad configurations." *Id*. at 4:66-5:1. However, in doing so, Uniloc blindly ignores that the "one" is one of the "configurations" (in the plural). For the same reason, Uniloc is equally incorrect in relying on the use of the word "one" in the portion of dependent claim 3 that recites "one of the known acceptable configurations." Again, the "one" is one of the "configurations" (in the plural). In both cases, the system is identifying one among multiple configurations.

***Third,*** the cases cited by Uniloc do not support its contention that "configurations" (plural) can include a single configuration. *See* Uniloc Op. Br. at 4-5. In the *Lodsys* case, the court noted that "the term 'units' is the plural form of 'unit,'" and did not draw any further conclusions, because the parties had failed to adequately brief the meaning of the term based on its context in the claims and the disclosure of the specification. *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-CV-00090-JRG, 2013 U.S. Dist. LEXIS 85614 at 55-58. Here, by contrast, the context provided by the claims and the specification demonstrates that the term "configurations" refers to multiple configurations. Dkt. 33 (Apple Op. Br.) at 8-9. And the *Intellectual Ventures II* and *Blue Calypso* cases cited by Uniloc are irrelevant, in that they each construed a term that was not the plural form of a noun. *See Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S.

Dist. LEXIS 196453, at *30-34 (E.D. Tex. Nov. 29, 2017) (construing the term "field crew" as "one or more personnel …"); *see also Blue Calypso, Inc. v. Groupon, Inc.*, 93 F. Supp. 3d 575, 601 (E.D. Tex. 2015 (finding a "set" can be a collection of one or more).

### 2.     "known acceptable/unacceptable configurations"

Although Uniloc asserts that Apple's construction is "flawed" (Uniloc Op. Br. at 5), Uniloc's own brief confirms that Apple's construction correctly states that "acceptable configurations" are hardware or software components that previously were determined to be compatible with each other, while "unacceptable configurations" are hardware or software components that previously were determined not to be compatible with each other. **First**, Uniloc agrees a "configuration" refers to "hardware or software components." *Id*. at 6. **Second**, Uniloc agrees an "acceptable configuration" is a configuration whose components are "compatible," and that an "unacceptable configuration" is a configuration whose components are "not compatible." *Id*. **Third**, Uniloc at least partially concedes that the claim term "known" requires some previous determination when Uniloc states: "A 'known [acceptable/unacceptable] configuration' refers to a configuration that has been determined to be 'acceptable' or 'unacceptable' by the time of the 'comparing' step of the claims." *Id*. Moreover, regardless of whether Uniloc intended to concede in its brief that a previous determination is required, the specification plainly teaches that "known" configurations are ones that previously were determined, and Uniloc unequivocally argued in two different IPRs that "known" means "previously determined." Apple's Op. Br. at 10. Uniloc's opening brief fails to address, much less attempts to explain away, either of these two dispositive points. Thus, consistent with both the patent, and Uniloc's repeated IPR disclaimers to which Uniloc is bound, "known" should be construed to mean "previously determined." *Aylus*, 856 F.3d at 1362.

Uniloc argues that the Court should "decline to add" the "without requiring additional investigation" portion of Apple's construction because that limitation allegedly is not found in the patent. Uniloc Op. Br. at 8. However, that argument again improperly ignores the disclaiming arguments that Uniloc has made to the PTAB during IPR proceedings. Specifically, as discussed in Apple's opening brief, Uniloc succeeded in distinguishing the *Cole* prior art reference from the claims of the '088 patent in the -00056 IPR on the ground that the code update in *Cole* was not "known" because additional investigation of that code was required. Apple's Op. Br. at 10-12. Accordingly, the claimed lists of acceptable and unacceptable configurations cannot simply be potential matches that require additional investigation; they instead should be construed consistent with Uniloc's IPR disclaimers to be known as acceptable or unacceptable without requiring additional investigation. *Aylus*, 856 F.3d at 1362.

Moreover, as explained in Apple's opening brief, this construction also is supported by the specification, which explains that "[t]he invention *ensures* that upgrades are compatible with the configuration of a given device before they are implemented in that device." First Guaragna Decl., Ex. A ('088 patent) at 2:55-58 (emphasis added); Apple Op. Br. at 12. Uniloc's opening brief also ignores this part of the specification.

### 3. "for the electronic device"

Apple's construction ("on the specific electronic device") is required in light of Uniloc's repeated disclaiming statement to the PTAB during IPR proceedings—which Uniloc once again ignores in its opening brief—that "for the electronic device" means "specific to the electronic device in question." Apple's Op. Br. at 13. Uniloc is bound by these disclaiming statements. *Aylus*, 856 F.3d at 1362.

Moreover, Uniloc's argument that Apple's construction rewrites the claim language

6

appears to be premised upon a misreading of Apple's construction as requiring that the "determination" of whether a configuration is acceptable or unacceptable be made on the specific electronic device. *Id.* That is not what Apple's construction requires. Rather, Apple's construction requires that the components be determined [to be/not to be] compatible with each other for use on the specific electronic device. Uniloc appears to agree with this, as it states that the claim language "does require that the determination was actually made for components *on the specific electronic device*." Uniloc Op. Br. at 7 (emphasis in original); *see also id.* at 8 (stating that "each of the sets of configurations are for the device—that is, they are used for the device that will receive the 'potential upgrade configuration' if there is an appropriate match").

### B.   "at least one of a list of known acceptable configurations for the electronic device and a list of known unacceptable configurations for the electronic device"

| Term | Apple's Construction | Uniloc's Construction |
|---|---|---|
| "at least one of a list of known acceptable configurations for the electronic device and a list of known unacceptable configurations for the electronic device" | requires both a list of known acceptable configurations and a list of known unacceptable configurations | Plain and ordinary meaning |

Uniloc's argument that this claim limitation is not conjunctive necessarily fails in light of its unequivocal, disclaiming statement to the PTAB in the -00056 IPR that "the claim language requires a previously determined set of known bad configurations *and* a previously determined set of known good configurations that can be searched for a current configuration for a specific electronic device (*i.e.* "device X")." First Guaragna Decl., Ex. E, IPR2019-00056, Paper No. 6) at 7 (emphasis added)); *see also id.* at 12 ("As seen in the passage above, the claim language requires a previously determined set of known bad configurations that can be searched *and* a previously determined set of known good configurations that can be searched for a current

7

configuration of a specific electronic device (*i.e.* "device X") (emphasis added), 2-3 ("The reconfiguration manager then compares the needed and currently implemented components with previously-stored ***lists*** of known acceptable ***and*** unacceptable configurations for the electronic device.") (emphasis added), 5 ("More particularly, none of the applied reference discloses lists of *known* acceptable and *known* unacceptable configurations.") (emphasis in original).  Uniloc is bound by these disclaiming statements.  *Aylus*, 856 F.3d at 1362.

Contrary to what it told the PTAB, Uniloc now argues the claim language does not require both a list of known acceptable configurations and a list of known unacceptable configurations. Uniloc Op. Br. at 9.  However, "[t]he patentee is held to what he declares during the prosecution of his patent." *Gillespie v. Dywidag Systs. Int'l, USA*, 501 F.3d 1285, 1291 (Fed. Cir. 2007); *see also Southwall Techs., Inc., v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers."); *Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1347 (Fed. Cir. 1998) ("The public has a right to rely on such definitive statements made during prosecution.").

Uniloc also argues that dependent claims 2, 3 and 4 indicate that claim 1 does not require both a list of known acceptable configurations and a list of known unacceptable configurations. Uniloc Op. Br. at 10.  However, clear prosecution history disclaimer, such as the case here, overcomes a claim differentiation argument.  *See Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1097 (Fed. Cir. 2013) ("[W]here found, prosecution history disclaimer can overcome the presumption of claim differentiation.").

Moreover, there is nothing about dependent claims 2, 3 or 4 that somehow suggests that claim 1 encompasses performing the comparing step on only one of the two lists.  The last limitation of claim 1 recites "***generating information*** indicative of an approval or a denial of the

8

reconfiguration request *based at least in part* on the result of the comparing step." First Guaragna Decl., Ex. A ('088 patent) at 6:57-59 (emphasis added). Thus, claim 1 does not specifically require that the generation of the approval or denial result entirely from the comparing step that is performed on both lists. Claims 2 and 4 narrow the generation requirement in this regard. Specifically, claim 2 expressly provides that "if" the comparison shows the components are consistent with a known acceptable configuration, then the method generates an approval of the configuration request. *Id*. at 6:60-64. Claim 4 similarly provides "if" the comparison of the components with the list of unacceptable configurations shows that the components are consistent with a known unacceptable configuration, then the method generates a denial. *Id*. at 7:3-12. Thus, rather than somehow suggesting that claim 1 encompasses performing the comparing step only one of the two lists, claims 2 and 4 instead impose further specificity as to what causes an approval or denial to be generated after the comparison step of claim 1 is performed. Indeed, the fact that the dependent claims impose an additional step on top of what is required by claim 1 is made clear by the language of "[t]he method of claim 1 further including the step[s] of" in claims 2 and 4. *Id*. at 6:60, 7:3.

Nor does dependent claim 3 further Uniloc's argument. That claim adds an entirely new step, not present in claim 1, of "downloading the determined component" if the components are consistent with a known acceptable configuration. *Id*. at 6:65-7:2. Nothing about this added step suggests that the comparing step of claim 1 is not performed on both lists.

Uniloc also suggests that there is an embodiment in the specification that permits the use of only one of the two lists. Uniloc Op. Br. at 10. However, prosecution disclaimer controls over a contrary embodiment disclosed in the specification. *See Uship Intellectual Properties, LLC v. United States*, 714 F.3d 1311, 1316 (Fed. Cir. 2013) ("Even if the specification had disclosed an

9

embodiment where a human performed the entirety of the validation step, prosecution disclaimer could result in that embodiment not being covered by the claims."); *see also N. Am. Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335, 1345-46 (Fed. Cir. 2005).

Moreover, the specification is in fact entirely consistent with Apple's construction. Every disclosed embodiment in the patent's specification teaches that a comparison with both of the lists occurs. '088 patent at Abstract ("The reconfiguration manager then compares the needed and currently implemented components with previously-stored lists of known acceptable *and* unacceptable configurations for the electronic device") (emphasis added), 2:37-47, 3:39-63, 4:62-5:28. Figures 1 and 2 of the '088 patent, and their corresponding description, demonstrate that the comparison always occurs with both a list of known acceptable configurations and a list of known unacceptable configurations. Apple Op. Br. at 2-6, 14-15.

Uniloc cites a single passage of the specification—col. 2:41-47—as allegedly supporting its contention that the comparing step only needs to occur with one of the lists. Uniloc Op. Br. at 10. However, this passage describes what happens <u>after</u> the comparing step is performed on <u>both</u> lists. The sentence immediately preceding the passage cited by Uniloc makes this clear when it states: "The reconfiguration manager then compares the needed and currently implemented components with previously-stored lists of known acceptable and unacceptable configurations for the electronic device." First Guaragna Decl., Ex. A ('088 patent) at 2:37-41. Thus, every embodiment in the specification requires performing a comparison with both lists.

Apple's construction also is consistent with the plain meaning of this claim limitation. *See SuperGuide Corp. v. DirectTV Enterprises, Inc.*, 358 F.3d 870, 886 (Fed. Cir. 2004) ("[a] common treatise on grammar teaches that 'an article of a preposition applying to all the members of the series must either be used only before the first term or else be repeated before each term. …

10

Applying this grammatical principle here, the phrase 'at least one of' modifies each member of the list.") (citation omitted).  While certain district court cases cited by Uniloc have distinguished the grammatical principle applied in *SuperGuide* based on the particular facts at issue in those cases, the facts here align with those in *SuperGuide* and the cases following its precedent.

In the *Radware* case relied on by Uniloc, the court determined that the language "based on at least one of a number of hops … and latency" meant based on hops alone, latency alone, or both hops and latency together.  *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-2021 RMW, 2014 U.S. Dist. LEXIS 55913, at *22-23 (N.D. Cal. Apr. 18, 2014).  In making this determination, the court noted that the specification disclosed determining proximity based on "at least two attributes selected from the group consisting of latency, relative TTL, and number of hops to requester." *Id*. at 23. The court then stated: "If this phrase were interpreted as defendants suggest, the use of the conjunctive 'and' would mean that all three attributes are required.  This obviously conflicts with the phrase of at least two." *Id.* (emphases removed).  The court then concluded: "A list using 'and' is not properly construed as using 'and' in the conjunctive where other uses of 'and' in the specification suggest that the inventors used it in a disjunctive sense." *Id*.  Here, by contrast, every embodiment in the '088 patent specification requires comparison with both lists, so no such conflict exists between the plain reading of the claim and the specification.

The *3rd Eye Surveillance* case relied upon by Uniloc is likewise distinguishable.  Like the court in the *Radware* case, the court in *3rd Eye Surveillance* reviewed the patent and found that a conjunctive construction would be contrary to "the context of the patent."  *3rd Eye Surveillance, LLC v. United States*, 140 Fed. Cl. 39, 70-71 (2018). No such context is manifest in the specification of the '088 patent.

Moreover, contrary to Uniloc's suggestion that the courts have concluded that an "at least

11

one of" claim limitation cannot be read in the conjunctive if the list includes only two items, many cases have found that the grammatical principle in *SuperGuide* does apply when only two parameters appear on the list. *See LMT Mercer Group, Inc. v. Me. Ornamental, LLC*, CV 10-4615, 10-6699-FLW, 2014 U.S. Dist. LEXIS 5718, at *82 (D.N.J. Jan. 16, 2014) (construing "at least one of a coating and a physical variation" as requiring both a coating and a physical variation); *Inventio AgG v. ThyssenKrupp Elevator Ams. Corp.*, 718 F. Supp. 2d 529, 553-56 (D. Del. Jun. 14, 2010) (construing a "at least one of … and" claim limitation as being conjunctive).[2]

Uniloc also relies on the *Fujifilm* case for the proposition that *SuperGuide* does not apply when the listed items are not "categories comprised of 'many possible values' that users must choose 'at least one of' for the invention's purpose to be served." Uniloc Op. Br. at 12 (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 U.S. Dist. LEXIS 35235, at *27 (N.D. Cal. Mar. 19, 2015)). But the court in *Fujifilm* noted that there were "[s]everal factors" that distinguished the facts of that case from those in *SuperGuide*, including that the parties agreed that other instances of "at least one of" in the claims meant "one or more of the following." *Id.* at *27-28. No such fact exists here. Moreover, as discussed above, many courts have found a

---

[2] *See also IPXL Holdings, LLC v. Amazon.com, Inc.*, 333 F. Supp. 2d 513, 525-26 (E.D. Va. Aug. 25, 2004) (construing "means for storing user defined transaction information," where "transaction information" included "at least one of user defined transactions and user defined transaction parameters," as "storing at least one user defined transaction …. and storing at least one additional user defined transaction parameter"); *Auto Techs. Int'l v. BMW of N. Am.*, 01-CV-71700-DT, 2004 U.S. Dist. LEXIS 30593, at *37-49 (E.D. Mich. Mar. 31, 2004) (construing "means for mounting said housing onto at least one of a side door of the vehicle … and a side of the vehicle" as requiring that a single housing be "capable of being mounted on both a side door and on a side of the vehicle"); *Modine Mfg. Co. v. Borg-Warner, Inc.*, 12-CV-815-JPS, 2013 U.S. Dist. LEXIS 148269, at *24-26 (E.D. Wis. Oct. 15, 2013) (construing "at least one of positively locking and frictionally locking" as requiring both positively locking and frictionally locking); *Touchtunes Music Corp. v. Rowe Int'l Corp.*, 727 F. Supp. 2d 226, 239 (S.D.N.Y. Jul. 22, 2010) ("the phrase 'at least one of' allows for the inclusion of more than one").

WEST\289496199.4

list of terms in "at least one of … and" language to be a conjunctive list when the elements in the list do not correspond to categories comprised of many possible values. And, as also discussed above, each embodiment disclosed in the '088 patent conducts a comparison with both a list of acceptable configurations and a list of unacceptable configurations. Thus, under the facts of this case, the grammatical rule applied in *SuperGuide* should apply here as well.

## IV.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court adopt its proposed constructions.

Dated:  February 28, 2020                          Respectfully submitted,

By:  */s/ John M. Guaragna*
JOHN M. GUARAGNA
Texas Bar No. 24043308
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: 512.457.7125
Fax: 512.457.7001
john.guaragna@dlapiper.com

MARK FOWLER (*pro hac vice*)
Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT (*pro hac vice*)
Bar No. 209128
christine.corbett@dlapiper.com
SUMMER TORREZ (*pro hac vice*)
Bar No. 264858
summer.torrez@dlapiper.com
**DLA Piper LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

*ATTORNEYS FOR DEFENDANT APPLE INC.*

13

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed on February 28, 2020, pursuant to Local Rule CV-5(a), and has been served on all counsel whom have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

                                      */s/ John M. Guaragna*
                                      John M. Guaragna