**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

UNILOC 2017 LLC,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 6:19-CV-00532-ADA

# PLAINTIFF UNILOC 2017 LLC'S REPLY CLAIM CONSTRUCTION BRIEF

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

I. "Known [Acceptable/Unacceptable] Configurations For the Electronic Device" ..... 1

A. *O2 Micro* Does Not Require the Court to Adopt Apple's Proposed Definition ..... 1

B. The Court Should Reject Each of Apple's Limitations for this Term ..... 2

1. "Two or More" Configurations ..... 2

2. "Previously Determined . . . Without Requiring Additional Investigation" ..... 5

3. "On the Specific Electronic Device" ..... 6

II. "At Least One of a List of Known Acceptable Configurations for the Electronic Device and a List of Known Unacceptable Configurations for the Electronic Device" ..... 7

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

## Cases

*Aloft Media, LLC v. Microsoft Corp.*
No. 6:08-CV-50, 2009 U.S. Dist. LEXIS 24124 (E.D. Tex. Mar. 24, 2009) ...................... 1

*Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*
718 F. Supp. 2d 529 (D. Del. 2010) ...................................................................... 9

*O2 Micro*. *See, e.g.*, *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*
No. 2:18-cv-0041-JRG-RSP, 2019 U.S. Dist. LEXIS 64337
(E.D. Tex. Apr. 15, 2019) ...................................................................... 1, 2

*Phillips v. AWH Corp.*
415 F.3d 1303 (Fed. Cir. 2005) ...................................................................... 4

*Red River Fiber Optic Corp. v. Verizon Servs. Corp.*
No. 3-11-CV-1010-L-BD, 2012 U.S. Dist. LEXIS 117526
(N.D. Tex. Feb. 14, 2012) ...................................................................... 5

*ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations, Inc.*
No. 6:06 CV 222, 2008 U.S. Dist. LEXIS 40877 (E.D. Tex. May 21, 2008) ..................... 1

*SuperGuide v. DirectTV*
358 F.3d 870 (Fed. Cir. 2001) ...................................................................... 9

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*
No. 2:18-cv-0041-JRG-RSP, 2019 U.S. Dist. LEXIS 64337
(E.D. Tex. Apr. 15, 2019) ...................................................................... 2

*W. Union Co. v. MoneyGram Int'l, Inc.*
No. A-07-CA-372-SS, 2008 U.S. Dist. LEXIS 108129 (W.D. Tex. Nov. 6, 2008) ............ 1

Pursuant to the Court's February 26, 2020 Text Order granting the Parties' Agreed Motion to Extend Scheduling Order Deadlines, Plaintiff Uniloc 2017 LLC respectfully submits this Reply Claim Construction Brief. For the reasons below, Uniloc respectfully requests that the Court adopt Uniloc's positions and reject Apple's proposed constructions.

## I. "Known [Acceptable/Unacceptable] Configurations For the Electronic Device"

### A. *O2 Micro* Does Not Require the Court to Adopt Apple's Proposed Definition

Apple does not provide a definition for this term that is helpful to a jury. It does not define the constituent words "known," "[acceptable/unacceptable], "device," or "configurations," and did not define the entire term in a way that explains these terms for a jury. This term contains understandable words that do not require definitions for the jury.

Apple asserts that the Court provide a formal definition for this term under *O2 Micro v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008). That is incorrect. *O2 Micro* requires the Court to resolve the claim-construction disputes between the parties. 521 F.3d at 1360 ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). It does not require the Court to issue a definition for a disputed term, and courts have routinely rejected Apple's contrary argument. *E.g.*, *Aloft Media, LLC v. Microsoft Corp.*, No. 6:08-CV-50, 2009 U.S. Dist. LEXIS 24124, at *19 n.2 (E.D. Tex. Mar. 24, 2009) (collecting caselaw).

Under *O2 Micro*, "a court may decline to construe a claim term or rely on that term's ordinary meaning if the court resolves the parties' claim-scope dispute and precludes the parties from presenting jury arguments inconsistent with the court's adjudication of claim scope." *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations, Inc.*, No. 6:06-CV-222, 2008 U.S. Dist. LEXIS 40877, at *5 (E.D. Tex. May 21, 2008); *see also W. Union Co. v. MoneyGram Int'l, Inc.*, No. A-07-CA-372-SS, 2008 U.S. Dist. LEXIS 108129, at *16 (W.D. Tex. Nov. 6, 2008)

("The bottom line is that the Court's *Markman* obligation, as interpreted by *02 Micro*, is fulfilled when the Court has resolved the parties' dispute as to the scope of the claims. No further definition is necessary.") (citations omitted). That is what Uniloc requests here: that the Court reject Apple's proposed definition, prohibit Apple from arguing its proposed construction to the jury, and afford these terms their plain-and-ordinary meaning. That will discharge the Court's duty under *O2 Micro*. *See, e.g.*, *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:18-cv-0041-JRG-RSP, 2019 U.S. Dist. LEXIS 64337, at *47-48 (E.D. Tex. Apr. 15, 2019) (rejecting proposed construction, resolving the dispute between the parties, and concluding that no further construction is needed) (collecting *O2 Micro* authority).

*O2 Micro* does not require the Court to adopt Apple's proposed definition—a confusing and improperly narrow construction. As detailed in Uniloc's prior briefing and below, Apple attempts to import numerous limitations into this term. Those limitations, which include a negative limitation, are not present in the ordinary meaning of these words. Nor does the intrinsic record contain the type of clear statements required to import Apple's proposed limitations into otherwise understandable claim language. Uniloc respectfully requests that the Court reject Apple's proposed definition and decline to further construe these terms.

### B.     The Court Should Reject Each of Apple's Limitations for this Term

#### 1.     "Two or More" Configurations

Apple addresses the wrong term. The term is not "configurations" in the abstract. The term is a "list of . . . configurations," and, in ordinary English, a list of items may only have one item, such as a list of groceries, a list of tasks, or a list of terms. *E.g.*, E.D. Tex. Local Patent Rule 4-1 ("each party shall simultaneously exchange a list of claim terms, phrases, or clauses"). And, in computer science, a "list" may have no items at all, such as an empty list.

Apple does not meaningfully dispute that usage. It focuses on the parties' agreed construction of "list," asserting that the agreed construction somehow departs from the ordinary meaning of "list." But the agreed construction does not require the list to include two or more items. To the contrary, the agreed definition of list encompasses "any stored representation of information indicative of component compatibility." '088 Patent, at 4:6–8. One item within the claimed "list" is information indicative of component compatibility because it indicates that there is only one configuration that is acceptable or unacceptable for the device. A list with no items similarly meets that requirement—it indicates that there are no configurations that are acceptable or unacceptable.

The Patent further supports this view because it discloses a "set of potential upgrade configurations" that may be empty. '088 Patent, at 5:4–10; *id.* at Fig. 2, element 112 ("set empty" decision). Apple argues that the Court should disregard this part of the specification because the "set of potential upgrade configurations" is a supposedly different structure than the "list of . . . [acceptable/unacceptable] configurations." That misses the point. The two concepts use the same word "configurations" in the plural—a set of configurations and a list of configurations. That the set of configurations can include zero items shows that Apple is wrong when it asserts that the word "configurations" requires "two or more" items simply on the basis that the word "configurations" is plural. That word appears in multiple places in the Patent, and the disclosure of a "set of configurations" that contains zero items shows that Apple's position is incorrect. In addition, a "set" is also analogous to a "list" in computer science, and the Patent's disclosure of an

empty set is further evidence that each claimed "list" could be empty (such as upon declaring the list[1]), have one item, or have two or more items. It is not limited to a list with two or more items.

Apple does not address the concept of a "list" in the computer science field. Apple provides new extrinsic evidence from a general Webster's dictionary to argue that the ordinary meaning of "list" requires two or more items. This new evidence does not help Apple for a number of reasons.

First, it is untimely. Apple did not identify this evidence previously, and Uniloc respectfully requests that the Court not consider it. Second, general-purpose dictionaries tend to have limited usefulness for claim-construction purposes because those definitions may be untethered to the technical field of the invention, as disclosed in the intrinsic record. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1321–22 (Fed. Cir. 2005) (en banc) (discussing limitations of general dictionaries). Here, the Patent discloses a "set of configurations" that may be empty, contradicting Apple's position that a "list of configurations" requires two or more configurations in the list. Third, even Apple's new evidence does not require that a "list" contains two or more items. Apple's proffered dictionary defines a "list," according to Apple, as a "*series* of names, words, numbers, etc. set forth in order." Apple Resp., at 3 (quoting Webster's New World Dictionary, 1997) (emphasis Apple's). A "series" does not require two or more items, as the Patent teaches for a similar term "set." *E.g.*, '088 Patent, at 5:4–10 (disclosing an "empty" set).

Ultimately, Apple's general-purpose dictionary definition does not require the Court to restrict the term "list of configurations" to lists that contain two or more items, especially in view of the ordinary usage of a "list" structure in the computer science field—which may contain any

---

[1] *E.g.*, https://www.geeksforgeeks.org/declare-an-empty-list-in-python/ (Python); https://www.tutorialspoint.com/empty-list-in-chash (C#); https://www.geeksforgeeks.org/initializing-a-list-in-java/ (Java).

number of items, including no items—and the Patent's disclosure of an empty "set of configurations." Uniloc respectfully requests that the Court reject Apple's proposed construction.

**2. "Previously Determined . . . Without Requiring Additional Investigation"**

Apple's proposed construction of a well-understood word—"known"—does not find support in the claims or the specification. The Patent never uses the term "without requiring additional investigation" or a similar concept that would require adding Apple's negative limitation into these claims. Nor has Apple alleged any lexicography or disclaimer in the Patent or during prosecution that would warrant adding this negative limitation.

Apple's construction instead is sourced from alleged disclaimer during the *Inter Partes* Review proceedings on the '088 Patent. But nothing in Uniloc's filings refined the term "known" to include "without requiring additional investigation." Indeed, Uniloc's entire brief in the proceedings did not include the word "investigation" (or its variants)—not in the portions referenced in Apple's claim construction briefs or anywhere else. *See* Uniloc Responsive Br., at 3–6 (discussing *Inter Partes* Review history).

The only potential use of the term "investigation" comes from the Board's decision to not institute proceedings. *See id.* That statement does not amount to a disclaimer by Uniloc because it is a statement by the Board—not by Uniloc. *See id.*; *Red River Fiber Optic Corp. v. Verizon Servs. Corp.*, No. 3-11-CV-1010-L-BD, 2012 U.S. Dist. LEXIS 117526, at *52 (N.D. Tex. Feb. 14, 2012) ("[A] statement by the Board, rather than by the patentee, does not constitute a 'clear and unmistakable' disclaimer of claim scope."). And even the Board's statement was a factual finding about the *Cole* references, not a statement that would disavow claim scope of a matter of law: The Board found that the *Cole* reference disclosed "[a] further recognition step is necessary . . . to actually investigate the hardware, software, and other components of the client computer."

Dkt. 33-3, at 12. That is not a statement that disavows claim scope. Indeed, the Board construed the term "known" as "previously determined." It did not reconstrue that term further based on an alleged disclaimer. It did not add Apple's negative limitation into that construction. The term "known" is a word that a lay jury can understand. Apple's proposed construction of the term as "previously determined . . . without requiring additional investigation" will not assist the jury, is confusing, and lacks support in the intrinsic record. Uniloc respectfully requests that the Court decline to adopt Apple's proposed construction.

#### 3. "On the Specific Electronic Device"

The claims recite a "list of known [acceptable/unacceptable] configurations ***for the electronic device***." '088 Patent, claim 1. It does not require a determination to be made "on" the electronic device. Nor does it require that the "list" or the "configurations" are actually "on" the electronic device. There is no reason to replace "for" with "on."

In its response, Apple contends that its construction does not have those requirements and that Uniloc was misreading Apple's proposed construction. Apple modifies its proposed construction, replacing "for" with "for use on": Apple asserts that its construction requires that "the components be determined [to be/not to be] compatible with each other for use on the specific electronic device." Apple Resp. Br., at 7 (emphasis added). And it relies on an obvious typo in Uniloc's Opening Brief to incorrectly assert that Uniloc agrees with Apple's new proposal.[2] *Id.*

Uniloc does not agree with Apple's proposal. And the confusion between the parties on what Apple's proposed construction actually means underscores why the Court should not adopt it. There is no reason to rewrite the words "acceptable," "unacceptable," "configurations," and

[2] Uniloc's brief should have recited that the claim language "does [not] require that the determination was actually made for components ***on the specific electronic device***," as the surrounding paragraphs in the brief make clear. Uniloc Opening Br., at 7.

"for" in a way that will only confuse the jury and not assist them in deciding the factual issues in this case. And nothing in the alleged disclaimer that Apple points to warrants rewriting this term in the way Apple proposes. None of the statements replace "for" with "on" in reference to the "electronic device." At most, Uniloc referenced that the configurations are for the specific electronic device, an issue the claims already address by referencing "for ***the*** device" in these claim elements. The statements do not support Apple's convoluted construction, including now replacing "for" (a basic English word) with "for use on."

## II. "At Least One of a List of Known Acceptable Configurations for the Electronic Device and a List of Known Unacceptable Configurations for the Electronic Device"

Apple's proposed construction—requiring both lists—hinges on an alleged "unequivocal, disclaiming statement" in the *Inter Partes* Review, namely that Uniloc used the word "and" between the "list of known acceptable configurations" and the "list of known unacceptable configurations" in its Preliminary Patent Owner's Response. Apple Response Br., at 7–8. Apple omits the full record in its Response, as it did in its Opening Brief. That full record shows that, during the *Inter Partes* Review, Uniloc viewed the language as encompassing the use of only one of the two lists (or both lists)—the same position that Uniloc takes here:

- "In other words, the claim language requires that the list contain previously determined acceptable or unacceptable configurations specific to the electronic device in question. *Cole* fails to disclose either such list." Dkt. 33-6, at 7–8.
- Similar to *Cole*'s deficiencies, nothing in *Pitzel* discloses either a list of <u>*known*</u> acceptable configurations or a list of <u>*known*</u> unacceptable configurations <u>*for the electronic device*</u>, as required by the claim language. *Id.* at 11 (emphases in original)
- "In other words, the claim language requires that the list contain previously determined acceptable or unacceptable configurations specific to the electronic device in question." *Id.* at 12.

Apple also omits from its Response, as it did in its Opening Brief, that both Apple and its technical expert understood that the Patent Office viewed the claims as covering the use of only

one list—not both lists. *See, e.g.*, Dkt. 33-5, at 23–24 n. 5 (stating that the Patent Office "appears to have interpreted" this limitation as "requiring ***only one*** of a list of known acceptable configurations ***or*** a list of known unacceptable configurations." Dkt. 33-5, at 23–24 n.5 (emphases in original); *see also* Dkt. 43-3, at 33–34 n.5 (Apple's technical expert testimony). As Apple and its technical expert explained in the *Inter Partes* Review proceedings, the Patent Office's Notice of Allowance appeared to "equate an 'acceptable list' with 'one of an acceptable and an unacceptable list'"—hence not requiring both lists in order to meet the claims. Dkt. 33-5, at 24 n.5; Dkt. 43-3, at 33–34 n.5; *see also* Dkt. 43-4, at 3 (explaining, in Reasons for Allowance, that an "acceptable list" could include "one of an acceptable and an unacceptable list").

All of this evidence shows that there was no disclaimer. To the contrary, it shows that the claims do not require the use of both lists, as the Examiner, Apple, and Uniloc all previously understood. And, importantly, Apple does not allege that the prior art disclosed the use of ***one*** list and that Uniloc's statements distinguished that art on the basis that the claims require ***both*** lists. Apple's alleged disclaimers are not substantive statements to distinguish prior art on those grounds. They are instead cherry-picked uses of the word "***and***"—even though the entirety of Uniloc's briefing shows that Uniloc understood the claims to cover the use of at least one of the lists (just as Apple recognized the Patent Office understood the claims in the Notice of Allowance).

Apple's position that all of the claims require using ***both*** lists is not supported by the Patent. The parties disagree on what the specification discloses, but is undisputed that the specification does not contain the type of clear statement—lexicography or disavowal—required the limit these claims to the use of both lists. The specification thus does not mandate Apple's construction.

Apple's position also conflicts with the claims. Claim 1 recites "comparing the determined component and information specifying at least one additional component currently implemented

in the electronic device with ***at least one of a list of known acceptable configurations for the electronic device and a list of known unacceptable configurations for the electronic device***." Claim 4 recites the method of claim 1 further including the step of "comparing the determined, component and information specifying at least one additional component currently implemented in the electronic device with ***the list of known unacceptable configurations for the electronic device.***" If claim 1 required a comparison using ***both*** lists in all cases, this additional step in claim 4—comparing with the list of unacceptable configurations—would be redundant and surplusage. Claim 4 thus shows that claim 1 is not restricted to using ***both*** lists.

Apple does not address this difference between the claims. It focuses in Response on the other limitations in claim 4, specifically the "generating" step. Apple Response Br., at 8–9. That misses the point. Claim 4 contains two limitations beyond claim 1: the "comparing" step and the "generating step." Under Apple's proposed construction, the "comparing" step in claim 4 is undisputedly redundant of the "comparing" step in claim 1. That shows that Apple's construction is incorrect.

Lastly, *SuperGuide* does not apply for the reasons raised in Uniloc's prior briefing. It is undisputed that Apple's proposed construction would read "at least one of" out of the claims. And, as claim 4 reinforces, the "at least one of" language reflects an option: an unacceptable list, an acceptable list, or both—a circumstance in which courts have concluded that *SuperGuide* does not apply. Apple relies on cases that have held otherwise based on the specific intrinsic records in those cases, each of which indicated that a narrower construction was appropriate. *E.g.*, *Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 718 F. Supp. 2d 529, 555-56 (D. Del. 2010) (holding that a conjunctive construction applied where, during prosecution, the inventor amended the claims to change an "or" to an "and" in response to an indefiniteness rejection and nothing in the patent

was inconsistent with a conjunctive construction because the construction only required the apparatus be capable of both functionalities). Here, the intrinsic record shows that a broader construction applies. Apple's narrow construction conflicts with the claims themselves. And it conflicts with the prosecution history evidence that Apple and its expert pointed to in the *Inter Partes* Review proceedings. For these reasons, Uniloc respectfully requests that the Court reject Apple's construction.

## III. CONCLUSION

For the foregoing reasons, Uniloc respectfully requests that the Court enter an order adopting Uniloc's proposed constructions and rejecting the positions advanced by Apple in its constructions.

Dated: March 13, 2020

Respectfully submitted,

By:/s/Christian J. Hurt

William E. Davis, III, *Lead Attorney*
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Christian J. Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin (Of Counsel)
Texas State Bar No. 50511688
echin@bdavisfirm.com
Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

***Counsel for Plaintiff***
***Uniloc 2017, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by first class U.S. mail on this 13th day of March, 2020.

/s/ Christian J. Hurt
Christian J. Hurt