IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| UNILOC 2017 LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | § § § § § § § § § § § § | Civil Action No. 6:19-cv-532-ADA<br><br><br>PATENT CASE<br><br><br>JURY TRIAL DEMANDED |
|---|---|---|

### APPLE INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING

Apple Inc. hereby files this Opposed Motion for Leave to File Supplemental Claim Construction Briefing for the reasons set forth herein.

As set forth in Apple's Opening Claim Construction Brief (Dkt. #33), Microsoft filed a Petition for IPR on October 11, 2019, challenging claims 1-4, 6-14 and 16-21 of the '088 patent (the "-00023 IPR"). On April 14, 2020, the PTAB granted institution of the -00023 IPR and Apple filed a request to join this IPR petition. A Final Written Decision is expected on or around April 14, 2021.

On May 15, 2020, the Court held a *Markman* hearing wherein the Court construed two terms of the '088 patent. After the *Markman* hearing and order, Uniloc filed a Patent Owner Response ("POR") in the -00023 IPR. In the POR, Uniloc made important statements regarding the scope of two claim limitations in the '088 patent: (1) "comparing"/"compare"; and (2) "determined component." These claim limitations apply to all claims of the '088 patent.

In light of Uniloc's post-*Markman* hearing statements to the Patent Office regarding the scope of the asserted claims, Apple respectfully requests leave to submit a supplemental claim

1

construction brief, attached as Exhibit A hereto, and requests that the Court construe these two claim limitations consistent with Uniloc's disclaiming statements in the -00023 IPR. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) (holding that "statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be considered for claim construction and relied upon to support a finding of prosecution disclaimer"); *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 469 F.3d 1349, 1359 (Fed. Cir. 2006) (holding that a district court may engage in claim construction during various phases of litigation, not just during Markman); *Tesco Corp. v. Weatherford Int'l Inc.*, 750 F. Supp. 2d 780, 787-88 (S.D. Tex. 2010) (construing claim terms beyond those included in the Markman order).

Dated:  September 1, 2020

Respectfully submitted,

By: */s/ John M. Guaragna*
JOHN M. GUARAGNA (Bar No. 199277)
john.guaragna@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel:  512.457.7000
Fax:  512.457.7001

MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

ATTORNEYS FOR DEFENDANT
APPLE INC.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Uniloc in a good-faith effort to resolve the matter presented herein. Counsel for Uniloc opposes the relief requested herein.

*/s/ John M. Guaragna*
John M. Guaragna

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on September 1, 2020, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna
