IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Uniloc 2017 LLC | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 6:19-cv-532-ADA |
| | § | |
| Apple Inc., | § | PATENT CASE |
| | § | |
| *Defendant* | § | Jury Trial Demanded |
| | § | |
| | § | |

**PLAINTIFF UNILOC 2017 LLC'S RESPONSE IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING**

Plaintiff Uniloc 2017 LLC ("Uniloc") files its Response in Opposition to Defendant Apple Inc.'s ("Apple") Motion for Leave to File Supplemental Claim Construction Briefing.

Uniloc believes that further *Markman* proceedings and construction are not appropriate at this time. "[C]laim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (quoting *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)). Apple does not identify a technical dispute over the scope of the claims, such as a substantive claim-scope issue or a disclaimer of claim scope that would require additional construction. Nor does Apple define any technical terms that would assist the jury in determining infringement. Apple thus lacks a sufficient basis for additional claim construction. *See, e.g.*, *JumpSport, Inc. v. Acad., Ltd.*, No. 6:17-cv-414-RWS-JDL, 2018 U.S. Dist. LEXIS 146019, at *39 (E.D. Tex. Aug. 28, 2018) (declining to construe claim term where, "[w]hile Plaintiff's

construction appears to be generally accurate, it does not appear to be necessary or aid the jury in understanding the patent, or clearly resolve any dispute between the Parties regarding the scope of the claim").

Apple's position appears to be that the Court should write into a construction any statement that Uniloc makes in a brief before the Patent Trial and Appeal Board. That is not the law. Only clear definitional or disclaiming statements act to limit the plain-and-ordinary meaning of claim terms, an exacting standard. *Thorner v. Sony Comp. Ent't Am., LLC*, 669 F.3d 1362, 1365–66 (Fed. Cir. 2012). Apple does not meet that standard, especially on a motion to revisit the *Markman* proceedings. Uniloc did not request to construe the claims in its Patent Owner's Response. The statements that Apple points to largely restate and paraphrase the claim language. And the record before the Board remains open, including additional input from Uniloc (its sur-reply is due on November 12, 2020).

For these reasons, Uniloc respectfully requests that the Court deny Apple's Motion for Leave. Should the Court grant Apple's request, Uniloc requests seven (7) days to file a claim construction brief in response to Apple's Supplemental Claim Construction Brief (Dkt. 91-1).

Dated: September 8, 2020

    Respectfully Submitted,

    By: /s/*Christian Hurt*
    William E. Davis, III
    Texas State Bar No. 24047416
    bdavis@bdavisfirm.com
    Debra Coleman
    Texas State Bar No. 24059595
    dcoleman@bdavisfirm.com
    Christian Hurt
    Texas State Bar No. 24059987
    churt@bdavisfirm.com
    Edward Chin
    Texas State Bar No. 50511688

echin@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
Twilson@davisfirm.com
DAVIS FIRM PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090
F: (903) 230-9661

**Counsel for Plaintiff Uniloc 2017 LLC**

## CERTIFICATE OF SERVICE

    The undersigned certifies that on this 8th day of September, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(b)(1). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Christian Hurt*
Christian Hurt