# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Uniloc 2017 LLC | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No. 6:19-cv-532 |
| Apple Inc., | § § | PATENT CASE |
| *Defendant* | § § § § | Jury Trial Demanded |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT APPLE INC.**

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff Uniloc 2017 LLC ("Uniloc"), by its undersigned attorneys, hereby requests that Defendant Apple Inc. ("Apple" or "Defendant") answer fully in writing and under oath the following interrogatories within thirty (30) days after service hereof. Pursuant to Federal Rule of Civil Procedure 26(e), these interrogatories are continuing in nature and therefore require Defendant to furnish supplemental answers whenever Defendant obtains different or additional knowledge, information, or belief regarding its answers to these interrogatories.

**I. DEFINITIONS**

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following instructions and definitions shall apply:

1. "Apple," "Defendant," "You" and/or "Your" mean Apple Inc. and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

2.    "Uniloc" or "Plaintiff" means Plaintiff Uniloc 2017 LLC.

3.    "Accused Products" or "Accused Instrumentality" means each and every product or instrumentality identified in Plaintiff's Infringement Contentions and amendments and supplements thereto as well as all substantially similar products, and all associated computer hardware, software and digital content.  This definition includes, without limitation, Apple operating systems including macOS, iOS, iPadOS, tvOS, and watchOS versions subsequent to version 1.0 and associated servers implementing iOS/macOS/iPadOS/tvOS/watchOS update functionality, Mac desktop and notebook computers (MacBook, MacBook Pro, MacBook Air, iMac, iMac Pro, Mac Pro, Mac mini), iPad (iPad, iPad Air, iPad Pro, iPad mini), iPhone, Apple Watch, and iPod devices running said versions of macOS, iOS, iPadOS, tvOS, watchOS, the App Store and associated servers implementing App Store functionality.

4.    "Accused Functionality" refers to the functionality illustrated by Uniloc 2017 LLC in its Infringement Contentions, amendments thereto, or subsequent notices and disclosures, and any reasonably similar functionality, that is incorporated into any of Your products and services.

5.    "Asserted Patent" refers to U.S. Patent No. 6,467,088, which may also be referred to herein and during the course of this Litigation as the "'088 Patent."

6.    "And" or "or" shall be both conjunctive and disjunctive.

7.    "Any" or "each" should be understood to include and encompass "all."

8.    "Communications" means any conveyance of information from one or more persons to one or more other persons and includes, but is not limited to, oral, written, electronic, verbal, and nonverbal modes.

9.    The "Complaint" refers to the operative complaint filed by Plaintiff in the Litigation.

10. "Concerning" means relating to, referring to, describing, evidencing or constituting.

11. "Convoyed Products" means each and every product and/or service used, sold, offered for sale, or licensed in the United States by You that is intended to be used along with, in connection with, or related to the use of, any Accused Instrumentalities, Including product maintenance, training, service, and/or updates.

12. "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

13. "Document" and "Documents" shall have the broadest definition possible under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include without limitation, any and all writings, communications, correspondence, emails, drawings, graphs, charts, recordings, photographs, and images. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

14. "Electronically stored information" or "ESI" means any document that can be or has been stored in electronic form on a server, tape, electronic media such as an internal or external hard drive or any media whereby the document can be saved and be available for retrieval using any retrieval device, including a computer or server.

15. "Entity" or "Entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the U.S. or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organization.

16. "Evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

17. "Identify" when used in reference to:

(a) An individual, means to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, the history of employment of that individual;

(b) A firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation, and to identify each agent that acted for it with respect to the matters relating to the request or answer;

(c) A Document, means to state the Date, title, if any, subject matter, each author, each addressee or recipient if practicable, and otherwise a general description of the persons to whom the writing was distributed, the production number, and the type of Document, *i.e.*, publication, letter, memorandum, book, telegram, chart etc., or some other means of identifying the Document, and its present location and custodian;

(d) A Communication, means to state its Date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it;

(e) A Date, means to state the Date and set forth the basis for Your contention that the Date is responsive to the request;

(f) A product, service, or intellectual property, means to state all names and numbers related to the product, service, or intellectual property, and the owner, manufacturer, distributor, licensor, or dealer of the product, service, or intellectual property during the relevant time period and currently. For a product, provide all designations for the product, from the most specific to the

most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations;

(g) A fact or circumstance, means to state in reasonable detail all facts within Your knowledge, custody, or control, or that should be available to You based upon reasonable inquiry that form the basis of Your information, including identifying any relevant individuals, entities, Documents, Communications, Dates, and products.

(h) Prior art that is a patent, identify its number, country or origin, and Date of issue;

(i) Prior art qualifying (or that You claim and/or believe qualifies) under 35 U.S.C. § 102(b), specify the item offered for sale or publicly used or known, the Date the offer or use took place or the information became known, and the identity of the person or entity who made the use, or who made the offer and to whom it was made, or the person or entity who made the information known and to whom it was made known;

(j) Prior art qualifying (or that You claim and/or believe qualifies) under 35 U.S.C. § 102(f), provide the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived; and

(k) Prior art qualifying under 35 U.S.C. § 102(g), provide the identities of the person(s) or the entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

(l) A place or location, means state the address, city, state, country, and postal code.

18.     "Involving" is used in its broadest sense to mean without limitation including, employing, entailing, comprehending, and/or affecting.

19.     The "Lawsuit" or "Litigation" means the above-captioned lawsuit.

20. "Person" means any natural person, legal entity, or business entity, including but not limited to any corporation, partnership, proprietorship, trust, association, organization or group of persons.

21. Unless otherwise stated, "Relevant period" means the period from the date of first development of the Accused Instrumentalities through the present.

26. "Relates," "relating," "refers to," or "regarding" means any relationship of whatever kind or nature, be it direct or indirect, and includes without limitation embodying, connected with, commenting upon, responding to, showing, describing, analyzing, reflecting, supporting and constituting.

27. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

28. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

29. "Source Code" means any set of instructions, directives, commands, abstractions, expressions, or representations capable of being interpreted, compiled, or executed by a computer, whether written in any command-line interface, compiled language, interpreted language, scripting language, data/query language, or markup language.

30. The use of the term "the" shall not be construed as limiting the request.

31. Use of the singular shall also include the plural, and vice-versa.

## INTERROGATORIES

### INTERROGATORY NO. 1

For the period of date of first development of the Accused Instrumentalities to present, Identify every offering, including but not limited to each Accused Instrumentality, that has the ability to perform, relies upon, or is related to the Accused Functionalities or updating or reconfiguring applications (including operating systems) in whole or in part when combined with other offerings. The identification requested by this Interrogatory is limited to offerings that You have made, sold, offered for sale, or used in the United States, or imported into the United States, and should include, for each such offering at least (a) all known names, abbreviations, labels, designations, SKUs, part numbers, inventory numbers, or other identifiers used by You or Your customers publicly, internally, or otherwise to refer to the offering; (b) the Dates that the offering has been made, sold, offered for sale, used or imported; (c) every material variation (e.g., version) of the offering by designation and release date; and (d) the name of each entity or group that has made, sold, offered for sale, and/or imported the offering.

### INTERROGATORY NO. 2

For each offering identified in Your response to Interrogatory No. 1, describe in detail how that offering has the ability to perform or rely upon the Accused Functionalities, including the process by which applications are updated via the App Store as well as updates to the Operating System (*e.g.*, iOS, iPadOS, MacOS, tvOS, and watchOS).

**INTERROGATORY NO. 3**

For the period of date of first development of the Accused Instrumentalities to present, for each offering identified in response to Interrogatory No. 1, describe in detail all services, support, and/or subscriptions that may be provided with that offering, including all Convoyed Products that You have made, sold, offered, for sale, or used in the United States, or imported into the United States, by providing, for each such offering: (a) all known names, abbreviations, labels, designations, SKUs, part numbers inventory numbers, or other identifiers used by You or Your customers publicly, internally, or otherwise to refer to the offering; (b) the Dates that the offering has been made, sold, offered for sale, used, or imported; (c) every material variation (i.e., version) of the offering by designation and release date; and (d) the name of each entity or group that has made, sold, offered for sale, or imported the offering.

**INTERROGATORY NO. 4**

For each offering identified in response to Interrogatory Nos. 1 and 3, describe in detail the process by which each is made, sold, offered for sale, used, and imported into the United States, including Identifying any third parties involved in said activities.  Your response should Identify and describe with specificity where the components of the Accused Instrumentalities are manufactured and assembled, including, without limitation, the location at which the code providing the Accused Functionalities is loaded onto the Accused Instrumentalities, and for certain Accused Instrumentalities that are offered as software, the identity, location, and interrelationship of servers from which the software is accessed or downloaded by customers or from which

applications (including operating systems) are provided or transmitted to customers and/or end users.

### INTERROGATORY NO. 5

Identify and describe the location, job title, and job responsibility of all persons or groups responsible for the design, development, coding, sale, support, training, marketing, manufacturing assembly, distribution, and/or testing of all offerings identified in response to Interrogatory Nos. 1 and 3.

### INTERROGATORY NO. 6

Separately for each offering Identified in Your response to Interrogatory Nos. 1 and 3, state in detail all factual and legal bases for Your contention (if You do so contend) that You do not infringe, directly or indirectly, any claim of the Asserted Patent, Identifying the claim element(s) that You allege are not included in each Accused Instrumentality that You contend does not infringe and explain in detail why each such element is not included (both literally and under the doctrine of equivalents).  As part of Your response, if You disagree with any of Uniloc's infringement contentions, separately Identify any contention with which You disagree and explain in detail why You disagree and Identify the person(s) who are most knowledgeable about the facts underlying Your answer and Documents related thereto.

### INTERROGATORY NO. 7

Describe in detail each patent license agreement to which You are or have been a party, signatory, or beneficiary at any time that covers or relates to application or software updating

technology (including, without limitation, licenses for the offerings identified in response to Interrogatory Nos. 1 and 3), including without limitation: (i) the Date of the agreement; (ii) the parties to the agreement; (iii) the patent(s) involved; (iv) the product(s) covered; and (v) the amount paid and/or consideration exchanged, including any applicable royalty rate, upfront/lump-sum payments, or technology/patents transferred; and Identify all Documents reflecting the circumstances surrounding Your entry into such agreements or reflecting any Communications related to such agreements.

**INTERROGATORY NO. 8**

To the extent You contend that any non-infringing alternatives to any offering identified in Your response to Interrogatory Nos. 1 and 3 exist, describe in detail any such contention, including Identifying each alleged non-infringing alternative, describing why each alleged non-infringing alternative is technologically and economically feasible and acceptable, providing the cost to implement each alleged non-infringing alternative, Identifying the Date upon which You became aware of each alleged non-infringing alternative, describing your use, implementation, study, testing at any time of each alleged non-infringing alternative, Identifying the person or persons who are knowledge able the facts supporting Your contentions, and Identifying any Documents that support Your contentions.

**INTERROGATORY NO. 9**

Describe when and how You first learned of or acquired knowledge of the Asserted Patent, including: (a) the Date on which You first learned of or acquired knowledge or awareness of the

patent; (b) the identity of Your employee(s) who first acquired such knowledge; and (c) the manner in which such persons acquired such knowledge.

## INTERROGATORY NO. 10

Identify the minimum skills, qualifications, and criteria You contend are applicable to a person of ordinary skill in the art of the Asserted Patent, and state all legal and factual bases for Your contention.

## INTERROGATORY NO. 11

Describe in detail Your efforts to identify and avoid infringement of the Asserted Patent that relate to any offering identified in Your response to Interrogatory Nos. 1 and 3, including any attempts to design around or develop any alleged non-infringing alternatives to any such Patent (Including the Patents-in-Suit) or ceasing to make, use sell, or offer to sell in the United States or import into the United States, those offerings.

DATED: May 4, 2020

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin
Texas State Bar No. 50511688
echin@bdavisfirm.com

Ty Wilson
Texas State Bar No. 24106583
Twilson@davisfirm.com

**DAVIS FIRM, P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090
F: (903) 230-9661

**Counsel for Plaintiff Uniloc 2017 LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served via email to all counsel of record on May 4, 2020.

/s/ William E. Davis, III

William E. Davis, III