EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| Uniloc 2017 LLC | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 6:19-cv-532 |
| | § | |
| Apple Inc., | § | PATENT CASE |
| | § | |
| *Defendant* | § | Jury Trial Demanded |
| | § | |
| | § | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
TO DEFENDANT APPLE INC.**

Pursuant to Federal Rules of Civil Procedure 34, Plaintiff Uniloc 2017 LLC ("Uniloc") directs the following requests for production of documents and electronically-stored information to Defendant Apple Inc. ("Apple" or "Defendant"). Plaintiff requests that these documents and electronically-stored information be produced to the offices of Davis Firm, P.C., 213 N. Fredonia St., Suite 230, Longview, Texas 75601 or at such other place as may be mutually agreed upon by counsel, within thirty (30) days after service of these document requests.

## I. DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following instructions and definitions shall apply:

1.      "Apple," "Defendant," "You" and/or "Your" mean Apple Inc. and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

2.      "Uniloc" or "Plaintiff" means Plaintiff Uniloc 2017 LLC.

3. "Accused Products" or "Accused Instrumentality" means each and every product or instrumentality identified in Plaintiff's Infringement Contentions and amendments and supplements thereto as well as all substantially similar products, and all associated computer hardware, software and digital content. This definition includes, without limitation, Apple operating systems including macOS, iOS, ,iPadOS, tvOS, and watchOS versions subsequent to version 1.0 and associated servers implementing iOS/macOS/iPadOS/tvOS/watchOS update functionality, Mac desktop and notebook computers (MacBook, MacBook Pro, MacBook Air, iMac, iMac Pro, Mac Pro, Mac mini), iPad (iPad, iPad Air, iPad Pro, iPad mini), iPhone, Apple Watch, and iPod devices running said versions of macOS, iOS, iPadOS, tvOS, watchOS, the App Store and associated servers implementing App Store functionality.

4. "Accused Functionality" refers to the functionality illustrated by Uniloc 2017 LLC in its Infringement Contentions, amendments thereto, or subsequent notices and disclosures, and any reasonably similar functionality, that is incorporated into any of Your products and services.

5. "Asserted Patent" refers to U.S. Patent No. 6,467,088, which may also be referred to herein and during the course of this Litigation as the "'088 Patent."

6. "And" or "or" shall be both conjunctive and disjunctive.

7. "Any" or "each" should be understood to include and encompass "all."

8. "Communications" means any conveyance of information from one or more persons to one or more other persons and includes, but is not limited to, oral, written, electronic, verbal, and nonverbal modes.

9. "Concerning" means relating to, referring to, describing, evidencing or constituting.

10.    "Document" and "Documents" shall have the broadest definition possible under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include without limitation, any and all writings, communications, correspondence, emails, drawings, graphs, charts, recordings, photographs, and images.  The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

11.    "Electronically stored information" or "ESI" means any document that can be or has been stored in electronic form on a server, tape, electronic media such as an internal or external hard drive or any media whereby the document can be saved and be available for retrieval using any retrieval device, including a computer or server.

12.    "Entity" or "Entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the U.S. or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organization.

13.    "Evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

14.    "Involving" is used in its broadest sense to mean without limitation including, employing, entailing, comprehending, and/or affecting.

15.    The "Lawsuit" or "Litigation" means the above-captioned lawsuit.

16.    "Person" means any natural person, legal entity, or business entity, including but not limited to any corporation, partnership, proprietorship, trust, association, organization or group of persons.

17.     Unless otherwise stated in a Request, "Relevant period" means the period from the date of first development of the Accused Instrumentalities through the present.

18.     "Relates," "relating," "refers to," or "regarding" means any relationship of whatever kind or nature, be it direct or indirect, and includes without limitation embodying, connected with, commenting upon, responding to, showing, describing, analyzing, reflecting, supporting and constituting.

19.     References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

20.     References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

21.     The use of the term "the" shall not be construed as limiting the request.

22.     Use of the singular shall also include the plural, and vice-versa.

23.     "Convoyed Products" means each and every product and/or service used, sold, offered for sale, or licensed in the United States by You that is intended to be used along with, in connection with, or related to the use of, any Accused Instrumentalities, Including product maintenance, training, service, and/or updates.

24.     "Source Code" means any set of instructions, directives, commands, abstractions, expressions, or representations capable of being interpreted, compiled, or executed by a computer, whether written in any command-line interface, compiled language, interpreted language, scripting language, data/query language, or markup language.

## II.  INSTRUCTIONS

1.      Documents shall be produced in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

2.      All requests pertain to the entirety of the relevant period and should be updated regularly.

3.      The documents sought include all responsive documents within Defendant's possession, custody, or control that are known to Defendant or that Defendant can locate or discover through reasonably diligent efforts.

4.      This request for documents and things is continuing consistent with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas. In the event that any documents or things come into the possession or control of the defendant subsequent to the filing of the written response to this request, which documents or things fall within the scope of those requested but which were not included in the initial response, Plaintiff requests that it be notified of such documents or things, and that they be produced for inspection and copying, within seven (7) days after the receipt of such notice to Plaintiff.

5.      If Defendant objects to or otherwise refuses to produce documents in response to any portion of a document request, it shall (i) state the objection or reason for such refusal, and (ii) provide all documents called for by that portion of the document request to which it does not object or to which it does not decline to respond, as follows:

a.      If Defendant objects to a document request on the grounds that it is too broad (i.e., that Defendant believes it calls for both documents which are relevant and are

not relevant to the subject matter of the action), Defendant shall respond to that document request by providing the documents which are relevant;

b.      If Defendant objects to a document request on the grounds that to provide responsive documents would constitute an undue burden, then Defendant shall provide as many of the requested documents as can be provided without undertaking an undue burden and discuss with Plaintiff's counsel possibilities for resolving any proclaimed undue burden; and

c.      If Defendant objects to any portion of a document request on the grounds that it is vague or indefinite, then Plaintiff asks Defendant's counsel to contact Plaintiff's counsel to obtain further clarification and within seven (7) days upon receiving clarification from Plaintiff's counsel, provide its response and documents. If Defendant remains uncertain after receiving clarification, Defendant shall set forth its understanding of the allegedly vague or indefinite term and shall then provide its response and documents as based upon Defendant's stated understanding.

6.      At least as early as the filing and service of the complaint in this case, Defendant was under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiff expects that Defendant and its counsel will prevent the destruction or alteration of any documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby put Defendant on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiff's counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendant does not believe that it can reasonably comply with this instruction, Plaintiff requests that Defendant contact Plaintiff's

counsel, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

7.      Unless otherwise indicated, Plaintiff requests that Defendant produce responsive documents as follows:

a.      Documents should be provided on DVD, CD, flash memory drive, external hard drive, or cloud-based drive (e.g., DropBox). The volume of the documents will determine whether they are provided on DVD, CD, flash memory drive, external hard drive, or cloud-based drive.

b.      Paper documents should be scanned and processed to TIFF files (with load files) or searchable PDF files. If a document is available to Defendant both in paper and electronic form, Plaintiff requests that Defendant produce the requested document in electronic form, as described herein.

c.      All productions should be produced as they are ordinarily maintained, for example, organized by custodian or sources.

8.      If Defendant cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendant's inability to respond or produce documents in response to the remainder of the Requests.

9.      If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendant's possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

10.     If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited

to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

        a.      The basis for withholding such document;

        b.      A generic description of the document being withheld;

        c.      The date the information contained in the document was learned or the document created;

        d.      The identity of the individual(s) who learned the information or authored the document;

        e.      The date the document was transmitted or otherwise made available to anyone; and

        f.      The specific Request(s) to which the withheld document relates.

11.    The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

        a.      All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

        b.      Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, Internet repositories including emailed host by Internet service providers, handheld storage devices such as tablets, PDAs, mobile/cell telephones, portable hard drives, and flash memory drives;

        c.      Forensic copy or backup ESI, including archive and backup data;

d.      Network ESI, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

e.      Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;

f.      Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

12.     If Defendant objects to any of the definitions or instructions herein, please state such objection(s) in each response and indicate whether Defendant is complying with the definition or instruction in spite of the objection. If the objection goes to only part of a request, please produce all documents which do not fall within the scope of the objection.

13.     In accordance with Fed. R. Civ. P. 26(b)(5), if any information or document responsive to these requests is withheld pursuant to a claim of attorney-client privilege, work product protection, or any other common law or statutory privilege or protection, please specify the following:

a.      the basis for withholding such information or document;

b.      a generic description of the nature of the information or document being withheld in a manner that will enable Plaintiffs to assess the claim of privilege;

c.      the date the information was learned or the document created;

d.      the identity of the person(s) who learned the information or authored the document;

e.      the date the information or document was transmitted or otherwise made available to anyone; and

f. the specific discovery request(s) to which the withheld information or document relates.

14.     Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents and things relating to Uniloc.

**REQUEST NO. 2:**

All documents and things relating to U.S. Patent No. 6,467,088, whether the Asserted Patent is referenced explicitly, in substance, by inference, or otherwise.

**REQUEST NO. 3:**

All documents and things relating to the design, development, research, testing, manufacture, or use of the Accused Instrumentalities anywhere in the world.

**REQUEST NO. 4:**

All documents and things that show how the functionality identified in Uniloc's infringement contentions, including the Accused Functionality, operates.

**REQUEST NO. 5:**

Documents and things sufficient to identify each of Your affiliates, parents, subsidiaries and/or other entities that are or were involved in designing, developing, researching, testing, manufacturing, or selling any Accused Instrumentality anywhere in the world.

**REQUEST NO. 6:**

Documents (including charts) sufficient to identify Your organization and reporting structure from the date of first development of the Accused Instrumentality to the present.

**REQUEST NO. 7:**

Documents sufficient to identify the name (including internal code or project names), model number, version number, first date of commercialization or availability for sale, and end of life date for every hardware product, software product, service, or platform that has ever embodied or implemented the Accused Instrumentalities or Accused Functionality.

**REQUEST NO. 8:**

All documents and things concerning any contracts, agreements, and terms and conditions between You and any third party that makes, uses, sells/licenses, offers to sell/license, or has permission to make, use, sell/license, or offer to sell the Accused Instrumentalities.

**REQUEST NO. 9:**

All technical documents, schematics, plans, flow charts, process diagrams, specifications, data sheets, architecture and infrastructure documents, product requirement documents, reference guides, installation guides, user guides, overviews, white papers, or the like concerning the Accused Instrumentalities, Accused Functionality, and/or the updating or reconfiguring applications (including operating systems) via or by the Accused Instrumentalities.

**REQUEST NO. 10:**

All documents and things relating to any patented technology You contend is embodied in the Accused Instrumentalities or Accused Functionality.

**REQUEST NO. 11:**

All documents and things relating to the technical process of updating or reconfiguring applications (including operating systems) via or by the Accused Instrumentalities or Accused Functionality.

**REQUEST NO. 12:**

Source Code sufficient to show the structure, function, and operation of the Accused Instrumentalities and/or the Accused Functionality ("Source Code Material").

**REQUEST NO. 13:**

All documents and things necessary to show the architecture and design of the Source Code Material, including but not limited to internal wiki's and blogs.

**REQUEST NO. 14:**

All version control or change logs for the Source Code Material.

**REQUEST NO. 15:**

All packaging, instructions, manuals, and promotional materials for the Accused Instrumentalities.

**REQUEST NO. 16:**

To the extent any Accused Instrumentalities are offered by You as software rather than hardware, documents sufficient to show the locations of any servers and/or computer utilized to deliver, transmit, or provide for access or downloading the Accused Instrumentalities or applications (including operating systems) to customers and/or end users.

**REQUEST NO. 17:**

All documents and things sufficient to identify and describe the functionality of the network architecture and data flow pertaining to the Apple App Store, including the data flow between and among the servers (including but not limited to update servers, commerce servers, data servers) and networks (including but not limited to content delivery networks) related thereto.

**REQUEST NO. 18:**

From the date of first commercialization of the Accused Instrumentality to the present, all documents and things concerning Your marketing and advertising of the Accused Instrumentalities or the Accused Functionality, including all documents, bids, requests for proposal, marketing studies, promotional material, press releases, articles, presentations, videos, web pages, blog posts, brochures, demos, tutorials, case studies, solution briefs, webinar materials, television advertisements, trade show (i.e., Worldwide Developers Conference) materials,

magazine or trade journal advertisements, Internet advertising, and radio advertisements concerning said advertising and marketing.

**REQUEST NO. 19:**

All documents and things concerning your business, strategic, road maps, and marketing plans related to the Accused Instrumentalities, Accused Functionality, and/or the updating or reconfiguring applications (including operating systems) via or by the Accused Instrumentalities.

**REQUEST NO. 20:**

All training materials (including videos) provided to Your employees, contractors, representatives, app developers, distributors, partners, vendors, suppliers, customers, or retailers who have responsibilities concerning the sale and customer support (i.e., AppleCare, Genius Bar, Apple Geniuses) of the Accused Instrumentalities to the extent such training materials (including videos) relate to the sale, training, or customer support of or for the Accused Instrumentalities, the Accused Functionality, and/or the updating or reconfiguring applications (including operating systems) via or by the Accused Instrumentalities.

**REQUEST NO. 21:**

All documents that have been made available, provided, or distributed to Your app developers (i.e., via Your app developer portals such as https://developer.apple.com and appstoreconnect.apple.com, partner portals, customer portals, distributor portals, or manufacturer portals) pertaining to the Accused Instrumentalities, the Accused Functionality, and/or the updating or reconfiguring applications (including operating systems) via or by the Accused Instrumentalities.

**REQUEST NO. 22:**

All documents pertaining to the use, design, development, performance, features, benefits, deployment, implementation, training, sale/license, and offer for sale/license of the Accused Instrumentalities or the Accused Functionality by Your channel partners, app developer partners, and technology partners.

**REQUEST NO. 23:**

All documents and things concerning the commercial success, commercial performance, customer satisfaction, critiques, problems, shortcomings, challenges, technical success, technical performance, financial performance, financial impact, suitability, competitive position, and market position of the Accused Instrumentalities or products or services that compete with the Accused Instrumentalities, including but not limited to any correspondence or communication from customers regarding any product redesigns.

**REQUEST NO. 24:**

All documents and things concerning all actual or potential patent licenses (both inbound as licensee and outbound as licensor), technology license agreements, know-how license agreements, royalty agreements, settlement agreements, covenants not to sue, and the like to which You are a party or potential party and that concern or cover the Accused Instrumentality and/or Accused Functionality, including all communications, drafts, term sheets, presentations, memoranda, and the like concerning or reflecting the negotiation of such licenses, agreements, and covenants and their rates or payment terms; how those rates or payment terms were

determined; and any royalty reports or similar documents identifying the payments made or received under those licenses, agreements, and covenants.

**REQUEST NO. 25:**

All documents that You or Your expert(s) consider relevant to (i) the analysis, calculation, or determination of damages (e.g., lump sum, reasonable royalty, royalty rate, running royalty) in this Lawsuit, and/or (ii) the analysis of any *Georgia-Pacific* factor.

**REQUEST NO. 26:**

All documents that You or Your expert(s) consider relevant to apportionment of damages in this Lawsuit.

**REQUEST NO. 27:**

All documents and things that You understand or believe to support Your contentions, if any, that the Asserted Patent is invalid under any section of Title 35 of the United States Code or any other legal basis, including without limitation unpatentability under Section 101, invalidity under Sections 102–103, invalidity for indefiniteness or for lack of written description or enablement or any other basis under Section 112.

**REQUEST NO. 28:**

All documents and things concerning any alleged prior art to any Asserted Patent, including but not limited to any communications between You and any third party regarding any alleged prior art to the Asserted Patent.

**REQUEST NO. 29:**

All documents and things concerning any purported non-infringing substitutes/alternatives to the inventions, methods, systems, computer-readable media, or apparatuses claimed in the Asserted Patent, including but not limited to the identification, availability, acceptability, and cost of using or implementing any such alternatives; the specific alterations that would be made to the Accused Instrumentalities to effectuate such alternatives; the steps, costs, and time required to develop and implement each alternative; and Your efforts, if any, to research or implement any alleged non-infringing substitutes/alternatives.

**REQUEST NO. 30:**

All documents and things that refer or relate to whether any Accused Instrumentality or any product or service that uses or results from any invention claimed, disclosed, described in  the Asserted Patent: (i) satisfied one or more long-felt needs in the art; (ii) has enjoyed commercial success; (iii) has received industry acclaim or recognition; (iv) has been recognized for the significance of the contributions of the inventors of the Asserted Patent to the field of the Asserted Patent; (v) has had any person express initial skepticism about the inventions of the Asserted Patent; (vi) has had any person acknowledge the validity of the Asserted Patent; (vii) has been copied by others; (viii) has had any person incorporate the inventions of the Asserted Patent into any subsequent patent filing or device; (ix) has reflected, embodied, or been the subject of a long-felt need in the industry to obtain the inventions or claimed functionality described in the Asserted Patent; or (x) has reflected, embodied, or been the subject of any belief that a person has achieved commercial success using the inventions of the Asserted Patent.

**REQUEST NO. 31:**

All documents and things concerning the circumstances under which You first became aware of the existence of the Asserted Patent or patent application related thereto.

**REQUEST NO. 32:**

All documents and things relating to Your contention, if any, that You have not infringed the Asserted Patent.

**REQUEST NO. 33:**

All documents and things relating to Your contention, if any, that You have not willfully or deliberately infringed the Asserted Patent, including (without limitation) all documents and things relating to any and all efforts by You, upon becoming aware of the Asserted Patent, to investigate the scope of that Asserted Patent and to form a good-faith belief that the Asserted Patent was invalid, not infringed, or not enforceable.

**REQUEST NO. 34:**

All documents and things relating to all written and oral communications exchanged between You and any attorney relating to the Asserted Patent, including (without limitation) all opinions and advice of counsel on which You intend to rely relating to the infringement, validity, unenforceability, or scope of the Asserted Patent.

**REQUEST NO. 35:**

All documents and things concerning any effort or analysis by You to design or redesign the Accused Instrumentalities so as to avoid infringement of any Asserted Patent, the costs of all design-around options analyzed, the time spent on such analysis, the estimated time to market for such a design-around, whether the design-around had or has any potential compatibility issues and, if so, the options analyzed to address those issues, whether the design- around had any impact (however measured) on the performance of the systems and services, the estimated costs that such a design would have added to any product or functionality, and the identities of all persons and entities responsible for or involved in the aforementioned activities.

**REQUEST NO. 36:**

All documents and things relating to Your decision, if any, to continue to develop, make, use, sell/license, import into the United States, or offer for sale/license the Accused Instrumentalities after becoming aware of the Asserted Patent.

**REQUEST NO. 37:**

All documents and things concerning any other patent infringement lawsuit or legal proceeding in which You have been a party relating to the Accused Functionality and/or the updating or reconfiguring applications (including operating systems), including but not limited to correspondence, pleadings, transcripts, depositions, discovery materials, and any settlement agreements entered into by the parties to such lawsuits.

**REQUEST NO. 38:**

All communications with any third party concerning this Lawsuit, and all documents and things produced or made available to You by any third person or entity in connection with this lawsuit.

**REQUEST NO. 39:**

All documents concerning the use, design, implementation, performance, benefits, advantages, and importance of updating or reconfiguring applications (including operating systems) in or relating to the Accused Instrumentality or Accused Functionality.

**REQUEST NO. 40:**

All documents that describe or identify, in connection with the Accused Functionality, how applications (including operating systems) are updated or reconfigured.

**REQUEST NO. 41:**

All documents supporting or upon which you relied for your interrogatory responses in this Lawsuit.

**REQUEST NO. 42:**

For each person who is a deposition or trial witness or who has been disclosed in Your Initial Disclosures and amendments or supplements thereto in this Lawsuit, please produce:

     a.  His or her most current resume or curriculum vitae;

b.  Prior deposition transcripts in any lawsuit pertaining to any Accused Instrumentality.

c.  Documents sufficient to show the nature, history, and extent of all prior, current, or anticipated financial, legal or business relationship or interest between You and each said person, including but not limited to documents pertaining to salary and bonus history; the amount and number of units or shares of stock and stock options sold, exercised, or held; contingency or commission payments and plans; and bonus or salary payments and plans; and

d.  All contracts, employment agreements, consulting agreements, patent licenses, patent assignments, settlement agreements, confidentiality and non-disclosure agreements between You and each said person.

**REQUEST NO. 43:**

To the extent not called for by any preceding paragraph, all other documents and things relating to Your claims and defenses in this Lawsuit.

DATED: May 4, 2020

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin
Texas State Bar No. 50511688

echin@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
Twilson@davisfirm.com

**DAVIS FIRM, P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090
F: (903) 230-9661

**Counsel for Plaintiff Uniloc 2017 LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served via email to all counsel of record on May 4, 2020.

/s/ William E. Davis, III

William E. Davis, III