# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| Uniloc 2017 LLC | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No. 6:19-cv-532 |
| Apple Inc., | § § | PATENT CASE |
| *Defendant* | § § § § | Jury Trial Demanded |

**PLAINTIFF'S THIRD SET OF INTERROGATORIES
TO DEFENDANT APPLE INC. [Nos. 21-22]**

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff Uniloc 2017 LLC ("Uniloc"), by its undersigned attorneys, hereby requests that Defendant Apple Inc. ("Apple" or "Defendant") answer fully in writing and under oath the following interrogatories within thirty (30) days after service hereof. Pursuant to Federal Rule of Civil Procedure 26(e), these interrogatories are continuing in nature and therefore require Defendant to furnish supplemental answers whenever Defendant obtains different or additional knowledge, information, or belief regarding its answers to these interrogatories.

**I. DEFINITIONS**

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following instructions and definitions shall apply:

1.       "Apple," "Defendant," "You" and/or "Your" mean Apple Inc. and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

2. "Uniloc" or "Plaintiff" means Plaintiff Uniloc 2017 LLC.

3. "Accused Products" or "Accused Instrumentality" means each and every product or instrumentality identified in Plaintiff's Infringement Contentions and amendments and supplements thereto as well as all substantially similar products, and all associated computer hardware, software and digital content. This definition includes, without limitation, Apple operating systems including macOS, iOS, iPadOS, tvOS, and watchOS versions subsequent to version 1.0 and associated servers implementing iOS/macOS/iPadOS/tvOS/watchOS update functionality, Mac desktop and notebook computers (MacBook, MacBook Pro, MacBook Air, iMac, iMac Pro, Mac Pro, Mac mini), iPad (iPad, iPad Air, iPad Pro, iPad mini), iPhone, Apple Watch, Apple TV, and iPod devices running said versions of macOS, iOS, iPadOS, tvOS, watchOS, the App Store (including Mac App Store, TV App Store, and Watch App Store) and associated servers implementing App Store functionality.

4. "Accused Functionality" refers to the functionality illustrated by Uniloc 2017 LLC in its Infringement Contentions, amendments thereto, or subsequent notices and disclosures, and any reasonably similar functionality, that is incorporated into any of Your products and services.

5. "Asserted Patent" refers to U.S. Patent No. 6,467,088, which may also be referred to herein and during the course of this Litigation as the "'088 Patent."

6. "Philips Technology" means technology, products, or patents relating to software updates; app stores; touchscreen/GUI interface; standard essential patents (SEPs); mobile communication devices; portable digital music players, streaming devices; media devices; set top boxes; personal computers, including notebook/laptop computers; tablet devices; smart watches; content delivery networks; televisions, Smart Hubs, smart lighting, LED luminaries, smart sensors, mobile devices, display monitors, and media players that utilize software update technology to

install newly released firmware, drivers, or software versions; and the Philips products listed in Apple's First Notice of Unmarked Patented Articles (dated July 13, 2020; and any subsequent notices, amendments, or supplements related thereto).

7. "And" or "or" shall be both conjunctive and disjunctive.

8. "Any" or "each" should be understood to include and encompass "all."

9. "Communications" means any conveyance of information from one or more persons to one or more other persons and includes, but is not limited to, oral, written, electronic, verbal, and nonverbal modes.

10. The "Complaint" refers to the operative complaint filed by Plaintiff in the Litigation.

11. "Concerning" means relating to, referring to, describing, evidencing or constituting.

12. "Convoyed Products" means each and every product and/or service used, sold, offered for sale, or licensed in the United States by You that is intended to be used along with, in connection with, or related to the use of, any Accused Instrumentalities, Including product maintenance, training, service, and/or updates.

13. "Date" means the exact day, month and year, if ascertainable, or if not, the best approximation (including relationship to other events).

14. "Document" and "Documents" shall have the broadest definition possible under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include without limitation, any and all writings, communications, correspondence, emails, drawings, graphs, charts, recordings, photographs, and images.  The foregoing specifically includes information

stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

15. "Electronically stored information" or "ESI" means any document that can be or has been stored in electronic form on a server, tape, electronic media such as an internal or external hard drive or any media whereby the document can be saved and be available for retrieval using any retrieval device, including a computer or server.

16. "Entity" or "Entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the U.S. or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organization.

17. "Evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

18. "Identify" when used in reference to:

(a) An individual, means to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, the history of employment of that individual;

(b) A firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity, means to state its full name, present or last known address and place of incorporation or formation, and to identify each agent that acted for it with respect to the matters relating to the request or answer;

(c) A Document, means to state the Date, title, if any, subject matter, each author, each addressee or recipient if practicable, and otherwise a general description of the persons to whom

the writing was distributed, the production number, and the type of Document, *i.e.*, publication, letter, memorandum, book, telegram, chart etc., or some other means of identifying the Document, and its present location and custodian;

(d) A Communication, means to state its Date and place, the person(s) who participated in it or who were present during any part of it or who have knowledge about it;

(e) A Date, means to state the Date and set forth the basis for Your contention that the Date is responsive to the request;

(f) A product, service, or intellectual property, means to state all names and numbers related to the product, service, or intellectual property, and the owner, manufacturer, distributor, licensor, or dealer of the product, service, or intellectual property during the relevant time period and currently. For a product, provide all designations for the product, from the most specific to the most general, including any model numbers or designations, version numbers or designations, and internal numbers or designations;

(g) A fact or circumstance, means to state in reasonable detail all facts within Your knowledge, custody, or control, or that should be available to You based upon reasonable inquiry that form the basis of Your information, including identifying any relevant individuals, entities, Documents, Communications, Dates, and products.

(h) Prior art that is a patent, identify its number, country or origin, and Date of issue;

(i) Prior art qualifying (or that You claim and/or believe qualifies) under 35 U.S.C. § 102(b), specify the item offered for sale or publicly used or known, the Date the offer or use took place or the information became known, and the identity of the person or entity who made the use, or who made the offer and to whom it was made, or the person or entity who made the information known and to whom it was made known;

(j) Prior art qualifying (or that You claim and/or believe qualifies) under 35 U.S.C. § 102(f), provide the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived; and

(k) Prior art qualifying under 35 U.S.C. § 102(g), provide the identities of the person(s) or the entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

(l) A place or location, means state the address, city, state, country, and postal code.

19. "Involving" is used in its broadest sense to mean without limitation including, employing, entailing, comprehending, and/or affecting.

20. The "Lawsuit" or "Litigation" means the above-captioned lawsuit.

21. "Person" means any natural person, legal entity, or business entity, including but not limited to any corporation, partnership, proprietorship, trust, association, organization or group of persons.

22. Unless otherwise stated, "Relevant period" means the period from the date of first development of the Accused Instrumentalities through the present.

23. "Relates," "relating," "refers to," or "regarding" means any relationship of whatever kind or nature, be it direct or indirect, and includes without limitation embodying, connected with, commenting upon, responding to, showing, describing, analyzing, reflecting, supporting and constituting.

24. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

25. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

26. "Source Code" means any set of instructions, directives, commands, abstractions, expressions, or representations capable of being interpreted, compiled, or executed by a computer, whether written in any command-line interface, compiled language, interpreted language, scripting language, data/query language, or markup language.

27. The use of the term "the" shall not be construed as limiting the request.

28. Use of the singular shall also include the plural, and vice-versa.

## INTERROGATORIES

**INTERROGATORY NO. 21**

Identify and describe each agreement, offer, settlement, or transaction involving the licensing or purchase of patents between You and Philips (including but not limited to Koninklijke Philips Electronics N.V., Philips North America Corporation, Royal Philips), between You and any entity owned or co-owned by Philips (including but not limited to Intertrust Technologies or Signify Holding), or between You and any entity acting on Philips' behalf, relating to any Philips Technology; U.S. Patent No. 6,467,088 and related patent applications; the Accused Products; the Accused Functionality; any technology that You believe is technologically comparable to the '088 Patent; and any technology that You believe is relevant to a *Georgia-Pacific* analysis or an apportionment analysis in this case. In Your description of each agreement, offer, or transaction, please identify the type of agreement, offer, or transaction, license term, relevant dates, amounts paid, patents purchased or licensed, other essential terms, and the identity of the persons most knowledgeable concerning each agreement, offer, or transaction.

**INTERROGATORY NO. 22**

For each product or article listed in Apple's First Notice of Unmarked Patented Articles (and any subsequent notices, amendments, or supplements related thereto) ("Apple's Notice"), identify and describe fully the factual basis underlying Your belief and assertion that each product and article qualifies as "'patented articles' subject to 35 U.S.C. § 287"[1] and that each product and article was sold or offered for sale in the United States after the execution of the patent license or patent purchase agreements identified in Apple's Notice, and identify by Bates Number each

---

[1] Apple's First Notice of Unmarked Patented Articles, dated July 13, 2020, at 1.

document, each of "Uniloc's public statements, discovery materials, and other sources of proof,"[2] and the URL of each of the "public websites"[3] upon which Apple has relied for its beliefs and assertions pertaining to Apple's Notice.

DATED: August 21, 2020

                                      Respectfully Submitted,

                                      By: /s/ *William E. Davis, III*
                                      William E. Davis, III
                                      Texas State Bar No. 24047416
                                      bdavis@bdavisfirm.com
                                      Debra Coleman
                                      Texas State Bar No. 24059595
                                      dcoleman@bdavisfirm.com
                                      Christian Hurt
                                      Texas State Bar No. 24059987
                                      churt@bdavisfirm.com
                                      Edward Chin
                                      Texas State Bar No. 50511688
                                      echin@bdavisfirm.com
                                      Ty Wilson
                                      Texas State Bar No. 24106583
                                      Twilson@davisfirm.com

                                      **DAVIS FIRM, P.C.**
                                      213 N. Fredonia Street, Suite 230
                                      Longview, Texas 75601
                                      T: (903) 230-9090
                                      F: (903) 230-9661

                                      **Counsel for Plaintiff Uniloc 2017 LLC**

---

[2] *Id*.
[3] *Id*. at 3, 13, 19, 33, 35, 54, 56, 58, 61, 64.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served via email to all counsel of record on August 21, 2020.

*/s/ William E. Davis, III*

William E. Davis, III