EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| Uniloc 2017 LLC | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 6:19-cv-532 |
| | § | |
| Apple Inc., | § | PATENT CASE |
| | § | |
| *Defendant* | § | Jury Trial Demanded |
| | § | |
| | § | |

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT APPLE INC.**

Pursuant to Federal Rules of Civil Procedure 34, Plaintiff Uniloc 2017 LLC ("Uniloc" directs the following requests for production of documents and electronically-stored information to Defendant Apple Inc. ("Apple" or "Defendant"). Plaintiff requests that these documents and electronically-stored information be produced to the offices of Davis Firm, P.C., 213 N. Fredonia St., Suite 230, Longview, Texas 75601 or at such other place as may be mutually agreed upon by counsel, within thirty (30) days after service of these document requests.

## I. DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms and names are used, the following instructions and definitions shall apply:

1. "Apple," "Defendant," "You" and/or "Your" mean Apple Inc. and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

2. "Uniloc" or "Plaintiff" means Plaintiff Uniloc 2017 LLC.

3. "Accused Products" or "Accused Instrumentality" means each and every product or instrumentality identified in Plaintiff's Infringement Contentions and amendments and supplements thereto as well as all substantially similar products, and all associated computer hardware, software and digital content. This definition includes, without limitation, Apple operating systems including macOS, iOS, iPadOS, tvOS, and watchOS versions subsequent to version 1.0 and associated servers implementing iOS/macOS/iPadOS/tvOS/watchOS update functionality, Mac desktop and notebook computers (MacBook, MacBook Pro, MacBook Air, iMac, iMac Pro, Mac Pro, Mac mini), iPad (iPad, iPad Air, iPad Pro, iPad mini), iPhone, Apple Watch, Apple TV, and iPod devices running said versions of macOS, iOS, iPadOS, tvOS, watchOS, the App Store (including Mac App Store, TV App Store, and Watch App Store) and associated servers implementing App Store functionality.

4. "Accused Functionality" refers to the functionality illustrated by Uniloc 2017 LLC in its Infringement Contentions, amendments thereto, or subsequent notices and disclosures, and any reasonably similar functionality, that is incorporated into any of Your products and services.

5. "Asserted Patent" refers to U.S. Patent No. 6,467,088, which may also be referred to herein and during the course of this Litigation as the "'088 Patent."

6. "Philips Technology" means technology, products, or patents relating to software updates; app stores; touchscreen/GUI interface; standard essential patents (SEPs); mobile communication devices; portable digital music players, streaming devices; media devices; set top boxes; personal computers, including notebook/laptop computers; tablet devices; smart watches; content delivery networks; televisions, Smart Hubs, smart lighting, LED luminaries, smart sensors, mobile devices, display monitors, and media players that utilize software update technology to

install newly released firmware, drivers, or software versions; and the Philips products listed in Apple's First Notice of Unmarked Patented Articles

7. "And" or "or" shall be both conjunctive and disjunctive.

8. "Any" or "each" should be understood to include and encompass "all."

9. "Communications" means any conveyance of information from one or more persons to one or more other persons and includes, but is not limited to, oral, written, electronic, verbal, and nonverbal modes.

10. "Concerning" means relating to, referring to, describing, evidencing or constituting.

11. "Document" and "Documents" shall have the broadest definition possible under Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001, and shall include without limitation, any and all writings, communications, correspondence, emails, drawings, graphs, charts, recordings, photographs, and images. The foregoing specifically includes information stored electronically, whether in a computer database or otherwise, regardless of whether such documents are presently in documentary form or not.

12. "Electronically stored information" or "ESI" means any document that can be or has been stored in electronic form on a server, tape, electronic media such as an internal or external hard drive or any media whereby the document can be saved and be available for retrieval using any retrieval device, including a computer or server.

13. "Entity" or "Entities" includes natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the U.S. or any state or local government), all

departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organization.

14. "Evidencing" means proving, indicating, or being probative of the existence or nature of the subject of the document requests.

15. "Involving" is used in its broadest sense to mean without limitation including, employing, entailing, comprehending, and/or affecting.

16. The "Lawsuit" or "Litigation" means the above-captioned lawsuit.

17. "Person" means any natural person, legal entity, or business entity, including but not limited to any corporation, partnership, proprietorship, trust, association, organization or group of persons.

18. Unless otherwise stated in a Request, "Relevant period" means the period from the date of first development of the Accused Instrumentalities through the present.

19. "Relates," "relating," "refers to," or "regarding" means any relationship of whatever kind or nature, be it direct or indirect, and includes without limitation embodying, connected with, commenting upon, responding to, showing, describing, analyzing, reflecting, supporting and constituting.

20. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

21. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

22. The use of the term "the" shall not be construed as limiting the request.

23. Use of the singular shall also include the plural, and vice-versa.

24. "Convoyed Products" means each and every product and/or service used, sold, offered for sale, or licensed in the United States by You that is intended to be used along with, in connection with, or related to the use of, any Accused Instrumentalities, Including product maintenance, training, service, and/or updates.

25. "Source Code" means any set of instructions, directives, commands, abstractions, expressions, or representations capable of being interpreted, compiled, or executed by a computer, whether written in any command-line interface, compiled language, interpreted language, scripting language, data/query language, or markup language.

## II. INSTRUCTIONS

1. Documents shall be produced in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

2. All requests pertain to the entirety of the relevant period and should be updated regularly.

3. The documents sought include all responsive documents within Defendant's possession, custody, or control that are known to Defendant or that Defendant can locate or discover through reasonably diligent efforts.

4. This request for documents and things is continuing consistent with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure and the Local Rules of the Western District of Texas. In the event that any documents or things come into the possession or control of the defendant subsequent to the filing of the written response to this request, which documents or things fall within the scope of those requested but which were not included in the initial response, Plaintiff requests that it be notified of such documents or things, and that they be

produced for inspection and copying, within seven (7) days after the receipt of such notice to Plaintiff.

5. If Defendant objects to or otherwise refuses to produce documents in response to any portion of a document request, it shall (i) state the objection or reason for such refusal, and (ii) provide all documents called for by that portion of the document request to which it does not object or to which it does not decline to respond, as follows:

a. If Defendant objects to a document request on the grounds that it is too broad (i.e., that Defendant believes it calls for both documents which are relevant and are not relevant to the subject matter of the action), Defendant shall respond to that document request by providing the documents which are relevant;

b. If Defendant objects to a document request on the grounds that to provide responsive documents would constitute an undue burden, then Defendant shall provide as many of the requested documents as can be provided without undertaking an undue burden and discuss with Plaintiff's counsel possibilities for resolving any proclaimed undue burden; and

c. If Defendant objects to any portion of a document request on the grounds that it is vague or indefinite, then Plaintiff asks Defendant's counsel to contact Plaintiff's counsel to obtain further clarification and within seven (7) days upon receiving clarification from Plaintiff's counsel, provide its response and documents. If Defendant remains uncertain after receiving clarification, Defendant shall set forth its understanding of the allegedly vague or indefinite term and shall then provide its response and documents as based upon Defendant's stated understanding.

6. At least as early as the filing and service of the complaint in this case, Defendant was under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiff expects that Defendant and its counsel will prevent the destruction or alteration of any documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby put Defendant on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiff's counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendant does not believe that it can reasonably comply with this instruction, Plaintiff requests that Defendant contact Plaintiff's counsel, in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

7. Unless otherwise indicated, Plaintiff requests that Defendant produce responsive documents as follows:

a. Documents should be provided on DVD, CD, flash memory drive, external hard drive, or cloud-based drive (*e.g.,* DropBox). The volume of the documents will determine whether they are provided on DVD, CD, flash memory drive, external hard drive, or cloud-based drive.

b. Paper documents should be scanned and processed to TIFF files (with load files) or searchable PDF files. If a document is available to Defendant both in paper and electronic form, Plaintiff requests that Defendant produce the requested document in electronic form, as described herein.

c. All productions should be produced as they are ordinarily maintained, for example, organized by custodian or sources.

8. If Defendant cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendant's inability to respond or produce documents in response to the remainder of the Requests.

9. If, to Defendant's knowledge, documents responsive to one or more requests were never in Defendant's possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

10. If any responsive document was formerly in Defendant's possession, custody, or control but has been eliminated from Defendant's possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

a. The basis for withholding such document;

b. A generic description of the document being withheld;

c. The date the information contained in the document was learned or the document created;

d. The identity of the individual(s) who learned the information or authored the document;

e. The date the document was transmitted or otherwise made available to anyone; and

f. The specific Request(s) to which the withheld document relates.

11. The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication and storage, including:

a. All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

b. Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, Internet repositories including emailed host by Internet service providers, handheld storage devices such as tablets, PDAs, mobile/cell telephones, portable hard drives, and flash memory drives;

c. Forensic copy or backup ESI, including archive and backup data;

d. Network ESI, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

e. Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;

f. Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

12. If Defendant objects to any of the definitions or instructions herein, please state such objection(s) in each response and indicate whether Defendant is complying with the definition or instruction in spite of the objection. If the objection goes to only part of a request, please produce all documents which do not fall within the scope of the objection.

13. In accordance with Fed. R. Civ. P. 26(b)(5), if any information or document responsive to these requests is withheld pursuant to a claim of attorney-client privilege, work

product protection, or any other common law or statutory privilege or protection, please specify the following:

a. the basis for withholding such information or document;

b. a generic description of the nature of the information or document being withheld in a manner that will enable Plaintiffs to assess the claim of privilege;

c. the date the information was learned or the document created;

d. the identity of the person(s) who learned the information or authored the document;

e. the date the information or document was transmitted or otherwise made available to anyone; and

f. the specific discovery request(s) to which the withheld information or document relates.

14. Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendant's possession, custody, or control, or the possession, custody, or control of Defendant's agents or anybody acting on Defendant's behalf.

**DOCUMENT REQUESTS**

**REQUEST NO. 57:**

All documents relating to each agreement, offer, settlement, or transaction involving the licensing or purchase of patents between You and Philips (including but not limited to Koninklijke Philips Electronics N.V., Philips North America Corporation, Royal Philips), between You and any entity owned or co-owned by Philips (including but not limited to Intertrust Technologies or Signify Holding), or between You and any entity acting on Philips' behalf, relating to any Philips Technology; U.S. Patent No. 6,467,088 and related patent applications; the Accused Products; the Accused Functionality; any technology that You believe is technologically comparable to the '088 Patent; and any technology that You believe is relevant to a *Georgia-Pacific* analysis or an apportionment analysis in this case.

Documents responsive to this Request include, without limitation, negotiation correspondence, internal analyses of any offers or counter-offers, patent license agreements; patent licensing offers; patent purchase agreements; participation agreement for patent purchase; patent purchase offers; patent assignments; covenants not to sue; standstill agreements; settlement agreements; offers to purchase patents; investment or financing agreements; acquisition agreements; joint-venture agreements; documents identifying or describing the patents that Apple purchased or licensed to or from Philips, any entity owned or co-owned by Philips (including but not limited to Intertrust Technologies or Signify Holding), or any entity acting on Philips' behalf; documents reflecting how much money Apple has paid or received to or from Philips; documents relating to Apple receiving assurances, covenants not-to-sue, standstill agreements, indemnification, or protection from being sued for patent infringement by Philips; and presentations and correspondence related thereto that involve Philips.

**REQUEST NO. 58:**

For each of the Accused Instrumentalities, documents sufficient to show Your U.S. and worldwide number of units sold since 2007 (or, if later than 2007, since the date of first commercialization of each of the Accused Instrumentalities), on a monthly basis (or, only if not available on a monthly basis, per time period for which you keep such information in the ordinary court of Your business) and sufficient to show and describe the components and methodology that are used to calculate the number of units sold.

To the extent that You produce responsive documents in the form of spreadsheets, please produce them in native file format (*e.g.,* Microsoft Excel format).

Documents responsive to this Request include, without limitation, spreadsheets and reports generated from Apple's accounting or financial reporting databases or systems showing the requested data and the components and methodology that are used to calculate the number of units sold; internal and external presentations reflecting the requested financial data; and documents and data relied on by Apple's management when presenting the number of units sold during internal meetings, Top 100 executive retreats, and conferences (*e.g.,* WWDC), testimony by Apple employees, and documents, emails, and other evidence that Apple has produced to Congress pertaining to the App Store (*e.g.,* July 29, 2020 Hearing on "Online Platforms and Market Power: Examining the Dominance of Amazon, Apple, Facebook, and Google" before the U.S. House of Representatives, Committee on the Judiciary, Subcommittee on Antitrust, Commercial, and Administrative Law).

DATED: August 21, 2020

Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
Christian Hurt
Texas State Bar No. 24059987
churt@bdavisfirm.com
Edward Chin
Texas State Bar No. 50511688
echin@bdavisfirm.com
Ty Wilson
Texas State Bar No. 24106583
Twilson@davisfirm.com

**DAVIS FIRM, P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
T: (903) 230-9090
F: (903) 230-9661

**Counsel for Plaintiff Uniloc 2017 LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served via email to all counsel of record on August 21, 2020.

/s/ William E. Davis, III

William E. Davis, III