**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 6:19-cv-532-ADA <br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

**DECLARATION OF LARISSA S. BIFANO IN SUPPORT OF APPLE INC.'S OPPOSITION TO UNILOC'S MOTION TO STRIKE SUPPLEMENTAL INVALIDITY CONTENTIONS**

I, Larissa S. Bifano, hereby declare as follows:

1.      I am an attorney at DLA Piper LLP (US), counsel of record in this action for Defendant Apple Inc.  I am a member of the Bar of the State of Massachusetts and have been admitted *pro hac vice* to practice before this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      Prior to serving its invalidity contentions on December 18, 2019, my team diligently investigated Apple's invalidity defense, including conducting a number of prior art searches, both with the aid of at least four DLA attorneys, a technical consultant and two third-party search firms.

3.      When reviewing and analyzing the scope of relevant prior art for purposes of Apple's preliminary infringement contentions, Apple anticipated that the claims of U.S. Patent No. 6,467,088 ("the '088 patent") would be construed as requiring both a list of acceptable configurations <u>and</u> a list of unacceptable configurations for the electronic device.  As a result, Apple focused its initial prior art searching for prior art that disclosed *both* of such lists.

1

4.      The following prior art referenced identified in Apple's supplemental invalidity contentions fall within the scope of prior art that became relevant as a result of the Court's May 2020 claim construction ruling:

| Supplemental Claim Chart Service Date | Prior Art Reference | Reference Short Name |
|---|---|---|
| August 27, 2020 | U.S. Patent No. 5,867,714 | Todd |
| August 27, 2020 | U.S. Patent No. 5,155,847 | Kirouac |
| September 3, 2020 | U.K. Patent Application No. GB 2,325,766 | Sun |
| September 23, 2020 | U.S. Patent No. 5,666,293 | Metz |

5.      My team was aware of each of the Todd, Kirouac and Sun references at the time that Apple served its preliminary invalidity contentions, and in fact charted the Todd reference. With respect to the Todd reference, Apple identified and charted Todd only as a secondary reference in its preliminary invalidity contentions because it discloses only a "list of known unacceptable configurations," and did not at that time chart Todd as a primary reference because it did not disclose both lists.

6.      Apple's outside litigation team first became aware of the Metz reference after the Court's Claim Construction ruling.

7.      Apple did know that the Todd, Kirouac, Sun, or Metz references would constitute invalidating prior art at the time it served its preliminary invalidity contentions because each of these four references discloses only one of the acceptable/unacceptable lists, and not both as Apple had understood the asserted claims of the '088 patent to require when it prepared its preliminary invalidity contentions in December 2019.

8.      My team investigated a number of potential third-party prior art products, including Microsoft, Debian, APT, BSD and Red Hat, with an eye towards serving formal third-party subpoenas related to that prior art after discovery opened.  With the exception of Microsoft,

WEST\292171288.1

which Apple identified in its preliminary invalidity contentions, my team was *not aware* of any of these prior art products at the time it served its preliminary invalidity contentions in December 2019 and did not focus upon them until the Court issued its claim constructions that broadened the scope of potential prior art.

9.      Once my team obtained the relevant new material relating to these prior art products and determined that the products invalidated the asserted claims of the '088 patent, Apple promptly and seasonably served supplemental invalidity contentions as follows:

| Supplemental Claim Chart Service Date | Prior Art Reference | Reference Short Name |
|---|---|---|
| September 23, 2020 | Advanced Packaging Tool | APT |
| September 29, 2020 | Red Hat Package Manager | Red Hat |
| September 29, 2020 | NetBSD | BSD |
| October 2, 2020 | Debian Package and Debian Select | Debian |
| October 15, 2020 | Microsoft Windows 98 | Microsoft |

10.      Apple identified Microsoft Windows 98 as a potential prior art product in its preliminary invalidity contentions.  However, because discovery was stayed, Apple was unable to serve a subpoena on Microsoft until fact discovery opened.  Apple served a subpoena on Microsoft on June 29, 2020.

11.      Due to the Covid-19 pandemic, Microsoft was unable to make its source code available for inspection until the end of July 2020.  Apple inspected the source code on two different occasions – in July and September 2020.  Microsoft also produced both responsive technical documents and source code identified by Apple during the source code inspection in response to the subpoena.

12.      With respect to Debian (including APT, a derivative of Debian), BSD and Red Hat, my team identified these products as potentially invalidating prior art during May and June

WEST\292171288.1

2020.  In June 2020, Apple drafted subpoenas to be served to be served to confirm whether these products constituted invalidating prior art.

13.     In further investigating Debian/APT and BSD in attempting to identify who could be served with these subpoenas, my team determined, after hitting multiple dead ends, that there currently is no viable entity to formally subpoena.  Both the "Debian Project" and BSD are loose associations of individuals who collectively created a free operating system called Debian and NetBSD, respectively.

14.     My team pivoted to pursuing informal discovery through further investigation and ultimately was able to connect with individual developers of both Debian/APT and BSD, who directed us to the relevant repositories.  Such direction by relevant developers was critical since the BSD website contains nearly *four* million lines of code relating to multiple different projects and the Debian/APT website contains over 50,000 lines of source code for over 25 different projects.

15.     Regarding Red Hat, Apple put Uniloc on notice that Red Hat may be relevant to invalidity of the '088 patent in supplemental initial disclosures served in July 2020.

16.     Apple diligently investigated the Red Hat prior art products and scoured through over *three* million lines of source code relating to over seventy different editions to identify the relevant information.

17.     Apple served a supplemental invalidity chart for PCT Application No. WO 97/30549 ("MacInnis") in early September 2020.  While Apple had already served an invalidity chart for the MacInnis reference with its December 2019 preliminary invalidity contentions, it became clear during fact discovery that Uniloc was focusing on the server side (rather than the client side) of Apple's accused products.  As a result, Apple supplemented its already disclosed

chart relating to MacInnis to also address the fact that it disclosed the server-side focus of the asserted claims.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 4th day of November, 2020, in Boston, Massachusetts.

*/s/ Larissa S. Bifano*
Larissa S. Bifano

5